William Dreher (*pro hac vice*)
Derek W. Loeser (*pro hac vice*)
Cari C. Laufenberg (*pro hac vice* forthcoming)
Benjamin Gould (SBN 250630)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
(206) 623-1900
wdreher@kellerrohrback.com
dloeser@kellerrohrback.com
claufenberg@kellerrohrback.com
bgould@kellerrohrback.com

Matthew Butterick (SBN 250953)
BUTTERICK LAW PC
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butticklaw.com

Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
(713) 653-7802
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
rnath@susmangodfrey.com

*Additional Counsel Listed in Signature Block*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

GRADY HENDRIX & JENNIFER ROBERSON,

*Individual and Representative Plaintiffs*,

v.

APPLE INC.,

*Defendant*.

No. 4:25-cv-07558-YGR
No. 4:25-cv-08695-YGR
No. 4:25-cv-09090-YGR

**NOTICE OF MOTION, MOTION FOR, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF, ENTRY OF PRE-TRIAL ORDER APPOINTING INTERIM CO-LEAD COUNSEL**

Hearing: December 30th at 2:00 PM

*(Caption continued on next page)*

No. 4:25-cv-07558-YGR
No. 4:25-cv-08695-YGR
No. 4:25-cv-09090-YGR

MOTION FOR
APPOINTMENT OF
INTERIM CO-LEAD
COUNSEL

1  SUSANA MARTINEZ-CONDE, STEPHEN L.
2  MACKNIK,

3      *Individual and Representative Plaintiffs*,

4      v.

5  APPLE INC.,

6                    *Defendant.*

7  TASHA ALEXANDER, An Individual on Behalf
8  of Herself and All Others Similarly Situated,

9                    *Plaintiff*,

10     v.

11 APPLE INC., a California Corporation, CRAIG
12 FEDERIGHI, an individual, and JOHN
   GIANNANDREA, an individual,

13               *Defendants.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
   No. 4:25-cv-07558-YGR
   No. 4:25-cv-08695-YGR
   No. 4:25-cv-09090-YGR

                        MOTION FOR
                  APPOINTMENT OF
              INTERIM CO-LEAD
                      COUNSEL

# Table of Contents

I.     INTRODUCTION ..................................................................................................1

II.    BACKGROUND ...................................................................................................3

III.   LEGAL STANDARD ...........................................................................................4

IV.    ARGUMENT ........................................................................................................5

    A.    The Court Should Appoint Rule 23(g) Interim Co-Lead Counsel to
        Promote Efficiency and Protect Proposed Class Members' Interests.......5

    B.    Proposed Interim Co-Lead Counsel Satisfy Rule 23(g)..........................6

        1.    Proposed Interim Co-Lead Counsel Have Unmatched Experience
                Handling Class and Complex Litigation.....................................6

        2.    Proposed Interim Co-Lead Counsel Have Substantial Knowledge
                of the Applicable Law. ...............................................................14

        3.    Proposed Interim Co-Lead Counsel Have Committed and Will
                Continue to Commit the Resources Necessary to Prosecute this
                Litigation Effectively.................................................................15

        4.    Proposed Interim Co-Lead Counsel Worked Extensively to
                Identify, Investigate, and Advance the Class Claims in This
                Action. .......................................................................................16

V.     CONCLUSION ...................................................................................................17

MOTION FOR
APPOINTMENT OF
INTERIM CO-LEAD
COUNSEL

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*37 Besen Parkway, LLC v. John Hancock Life Ins. Co. (U.S.A.)*,
    No. 15-cv-9924 (S.D.N.Y.)................................................................11

*In Re: 21st Century Oncology Customer Data Sec. Breach Litig.*,
    No. 16-md-2737 (M.D. Fla.).............................................................10

*Akins v. Facebook, Inc.*,
    2025 WL 484621 (9th Cir. Feb. 13, 2025) ........................................9

*Andersen v. Stability AI*,
    No. 3:23-cv-00201 (N.D. Cal.) .........................................................14

*Anibal Rodriguez. v. Google LLC*,
    No. 3:20-cv-04688 (N.D. Cal.) ...................................................10, 11

*In re Animation Workers Antitrust Litig.*,
    No. 14-cv-4062 (N.D. Cal.) ..............................................................11

*In re Apple Inc. S'holder Derivative Litig.*,
    2020 WL 3507426 (N.D. Cal. June 29, 2020) (Gonzalez Rogers, J.).....................5

*In re Automotive Parts Antitrust Litig.*,
    No. 12-md-02311 (E.D. Mich.)...................................................10, 11

*In re AXA Equitable Life Ins. Co. COI Litig.*,
    No. 1:16-cv-00740 (S.D.N.Y.)....................................................11, 13

*Bartz v. Anthropic*,
    No. 3:24-cv-05417 (N.D. Cal.) .......................................6, 11, 13, 14

*Bartz v. Anthropic PBC*,
    787 F. Supp. 3d 1007 (N.D. Cal. 2025)..............................................7

*Cappello v. Franciscan All., Inc.*,
    No. 3:16-cv-00290, 2017 WL 781609 (N.D. Ind. Feb. 28, 2017) .........................15

*In re Chrysler-Dodge-Jeep EcoDiesel*,
    MDL No. 19-md-2777 (N.D. Cal.) ...................................................7

MOTION FOR
APPOINTMENT OF
INTERIM CO-LEAD
COUNSEL

*City of Seattle v. Monsanto Co.*,
  2:16-cv-00107-RAJ (W.D. Wash.) .................................................................8

*In re Corrugated Container Antitrust Litig.*,
  77-md-00310 (S.D. Tex.) .........................................................................10

*In re Data Breach Sec. Litig. Against Brightline, Inc.*,
  2023 WL 6131609 (N.D. Cal. Sept. 18, 2023) .................................................5

*Doe v. GitHub*,
  No. 4:22-cv-06823 (N.D. Cal.) ...................................................................14

*In re EpiPen ERISA Litig.*,
  17-md-02802 (D. Minn.) ..........................................................................10

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*,
  No. 18-md-02843 (N.D. Cal.) ...........................................................*passim*

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
  No. 2:13-cv-05693 (C.D. Cal.) ...................................................................11

*Gamboa v. Ford Motor Co.*,
  381 F. Supp. 3d 853 (E.D. Mich. 2019) ..........................................................5

*In re Google Generative AI Copyright Litig.*,
  No. 5:23-cv-03440 (N.D. Cal.) ...................................................................14

*In re 23andMe, Inc. Customer Data Security Breach Litig.*, No. 23-md-03098 ...........................2

*Jabbari v. Farmer*,
  965 F.3d 1001 (9th Cir. 2020) .....................................................................9

*Jabbari v. Farmer*,
  No. 18-16213, 2020 WL 4048683 (9th Cir. July 20, 2020) .....................................9

*Jabbari v. Wells Fargo*,
  No. 3:15-cv-02159 (N.D. Cal.) .....................................................................9

*James, et al. v. PacifiCorp, et al.*,
  No. 20CV33885 (Or. Cir. Ct., Multnomah Cnty.) .............................................7

*In Re Juul Labs, Inc., Mktg., Sales Pracs., and Prods. Liab. Litig.*,
  19-md-02913 (N.D. Cal.) ......................................................................6, 7, 8

*Kadrey v. Meta*,
  No. 3:23-cv-03417 (N.D. Cal.) ...................................................................14

No. 4:25-cv-07558-YGR
No. 4:25-cv-08695-YGR
No. 4:25-cv-09090-YGR

MOTION FOR
APPOINTMENT OF
INTERIM CO-LEAD
COUNSEL

*Kadrey v. Meta Platforms, Inc.*,
788 F. Supp. 3d 1026 (N.D. Cal. 2025) ................................................................. 7, 14

*Leifer v. Live Nation Entertainment, Inc.*,
No. 24-cv-03994 (S.D.N.Y.), ECF No. 48 ................................................................ 16

*In re Libor-based Fin. Instruments Antitrust Litig.*,
No. 11-md-02262 (S.D.N.Y.) ...................................................................................... 11

*Melissa Ferrick. v. Spotify USA Inc.*,
No. 1:16-cv-08412 (S.D.N.Y.) ..................................................................................... 11

*In re Meta Pixel Healthcare Litig.*,
2022 WL 18399978 (N.D. Cal. Dec. 21, 2022) ....................................................... 17

*In re Microsoft Browser Extension Litig.*,
No. 2:25-cv-00088 (W.D. Wash.) ................................................................................ 9

*MN v. MultiCare Health Sys., Inc.*,
541 P.3d 346 (Wash. 2024) ......................................................................................... 10

*In re Mosaic LLM Litig.*,
No. 3:24-cv-01451 ................................................................................................. 13, 14

*In re Mun. Derivatives Antitrust Litig.*,
252 F.R.D. 184 (S.D.N.Y. 2008) .................................................................................. 4

*In re National College Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*,
No. 4:14-md-02541 ...................................................................................................... 11

*Nazemian v. Nvidia*,
No. 4:24-cv-01454 ................................................................................................. 13, 14

*In Re OpenAI, Inc., Copyright Infringement Litig.*,
No. 1:25-md-03143 (S.D.N.Y.) ................................................................. 3, 11, 13, 14

*In re Oral Phenylephrine Mktg. and Sales Pracs. Litig.*,
23-md-3089 (E.D.N.Y.) ............................................................................................... 10

*In re Sandisk SSDS Litig.*,
2023 WL 10367607 (N.D. Cal. Dec. 4, 2023) ......................................................... 17

*In re Seagate Tech. LLC Litig.*,
2016 WL 3401989 (N.D. Cal. June 21, 2016) ......................................................... 4, 5

*In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*,
No. 4:22-md-03047 (N.D. Cal.) (Gonzalez Rogers, J.) ........................................... 2, 7

No. 4:25-cv-07558-YGR
No. 4:25-cv-08695-YGR
No. 4:25-cv-09090-YGR

MOTION FOR
APPOINTMENT OF
INTERIM CO-LEAD
COUNSEL

*State of Oregon v. Monsanto Co.*,
 18-cv-00540 (Or. Cir. Ct., Multnomah Cnty.) ..........................................................8

*In Re: T-Mobile 2022 Customer Data Sec. Breach Litig.*,
 No. 23-md-03073 (W.D. Mo.) .................................................................................9

*In Re: T-Mobile Customer Data Sec. Breach Litig.*,
 No. 21-md-03019 (W.D. Mo.) ...............................................................................10

*In re TikTok, Inc., Minor Privacy Litigation*,
 MDL No. 3144 (C.D. Cal.) ..........................................................................8, 9, 14

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*,
 15-md-2672 (N.D. Cal.) ...........................................................................................7

*In re Wells Fargo COVID Forbearance Settlement Litig.*,
 No. 2:24-cv-01026 (S.D. Ohio) ...............................................................................9

**Other Authorities**

Federal Rule of Civil Procedure 23...........................................................................*passim*

Justin A. Nelson, Rohit D. Nath & J. Craig Smyser, "Poisoning the WeLL(M): Pirated
 Data, Large Language Models, and Copyright," 109 *The Advocate: Texas State Bar
 Litigation Section Report* 31 (Winter 2024) .........................................................12

Manual for Complex Litigation (Fourth) § 21.11 (2004)..............................................4

No. 4:25-cv-07558-YGR
No. 4:25-cv-08695-YGR
No. 4:25-cv-09090-YGR

MOTION FOR
APPOINTMENT OF
INTERIM CO-LEAD
COUNSEL

<u>**NOTICE OF MOTION AND MOTION**</u>

**TO ALL PARTIES AND COUNSEL OF RECORD:**

Please take notice that on December 30th, at 2:00 PM, before the Honorable Yvonne Gonzalez Rogers in Courtroom 1 of the U.S. District Court for the Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, Plaintiffs Grady Hendrix and Jennifer Roberson, on behalf of themselves and the putative class, respectfully move the Court for entry of an order appointing Will Dreher from Keller Rohrback L.L.P. and Rohit Nath from Susman Godfrey LLP ("Proposed Interim Co-Lead Counsel") as interim co-lead counsel under Federal Rule of Civil Procedure 23(g)(3).

This Motion is based on the Memorandum of Points and Authorities, the Declarations of Will Dreher and Rohit Nath submitted in support, and the papers and pleadings filed in this action.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

Plaintiffs Grady Hendrix and Jennifer Roberson (the "*Hendrix* Plaintiffs") filed the instant action alleging that Defendant Apple, Inc. ("Apple") committed copyright infringement by copying Plaintiffs' and class members' protected works from pirated or otherwise unlicensed sources and using them to train its large language models, a type of generative artificial intelligence. *See* Compl., ECF No. 1.[1] About a month later, plaintiffs Susana Martinez-Conde and Stephen L. Macknik (the "*Martinez-Conde* plaintiffs") filed another complaint in this District. *See* Case No. 4:25-cv-08695-YGR, ECF No. 1. Subsequently, plaintiff Tasha Alexander filed a third complaint. *See* Case No. 4:25-cv-09090-YGR, ECF No. 1. The core allegations of these later-filed complaints track those of the *Hendrix* Complaint. This Court ultimately entered a stipulated order consolidating the three cases and setting a briefing schedule for a class leadership motion. ECF No. 42.

Rule 23(g) empowers the Court to appoint interim leadership when necessary to protect the interest of putative class members and to promote the orderly and efficient resolution of the dispute. Such an appointment is appropriate—and likely essential—here to prevent conflicting decisions and duplicative effort among counsel in the three consolidated cases.

---

[1] All ECF citations are to the *Hendrix* docket, No. 4:25-cv-07558-YGR, unless otherwise noted.

Proposed Interim Co-Lead Counsel are best suited to serve as interim lead counsel. Keller Rohrback filed the first-filed action, and has partnered with Susman Godfrey, which has been at the forefront of AI copyright litigation nationwide. Susman Godfrey has been appointed lead counsel (through partner Justin Nelson) in the *OpenAI/Microsoft* MDL and served as co-lead counsel in the Anthropic AI class action, where the court preliminarily approved a $1.5 billion settlement. The firms and co-counsel Matthew Butterick, of Butterick Law PC, collectively bring unique expertise in litigating and leading class actions and copyright cases, including claims of copyright infringement related to the training of large language models. *See* Declaration of Rohit Nath ("Nath Decl."); Declaration of Will Dreher ("Dreher Decl."). The firms' proposed team in this case is experienced, skilled, and nimble, possesses sufficient resources to represent the class, and will efficiently move the case to a successful conclusion.

Keller Rohrback has served as court-appointed lead counsel or in leadership positions in dozens of complex cases and class actions, including many in this District. *See* Dreher Decl. ¶ 2, 6-7. To name a few recent examples, Keller Rohrback served as co-lead counsel in *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, No. 18-md-02843 (N.D. Cal.) ("*In re Facebook*"), which resulted in a $725 million settlement, the largest civil privacy class action settlement in the United States, and in *In re 23andMe, Inc. Customer Data Security Breach Litig.*, No. 23-md-03098, (N.D. Cal.). *Id.* And Keller Rohrback served on the Plaintiffs' Steering Committee in *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, No. 4:22-md-03047 (N.D. Cal.) (Gonzalez Rogers, J.) ("*In re Social Media*"). *Id.* The team on this case includes Derek W. Loeser and Cari C. Laufenberg, who have each been appointed lead or co-lead counsel in complex class actions in this District and across the country on multiple occasions, along with other accomplished attorneys who will provide critical support. *Id.* Keller Rohrback's experience prosecuting class actions raising novel substantive and procedural questions, often involving the practices of large technology companies, will be of significant value to the Class and the Court.

Susman Godfrey has decades of experience successfully litigating complex and class actions, and the firm has recovered billions of dollars for the plaintiffs and class members they have represented. The team includes partner Justin A. Nelson, who has led Susman Godfrey's practice in AI copyright

class actions. Mr. Nelson serves as sole lead counsel in *In Re OpenAI, Inc., Copyright Infringement Litig.*, No. 1:25-md-03143 (S.D.N.Y.). Nath Decl. ¶¶ 5, 16. Mr. Nelson also serves as an adviser on the American Law Institute's Principles of the Law, Civil Liability for Artificial Intelligence, and served as lead counsel for Dominion Voting Systems in its landmark defamation lawsuit that resulted in a $787.5 million settlement.

Finally, co-counsel Matthew Butterick has been a principal architect in the first wave of generative-AI litigation and currently serves as co-counsel in seven other nationwide class-action copyright infringement suits brought against companies that utilize large language models.

While the Keller Rohrback and Susman Godfrey teams in this case include several of the nation's leading class action lawyers, the firms also strongly believe in providing leadership opportunities to younger partners. The firms therefore propose that Keller Rohrback partner Will Dreher and Susman Godfrey partner Rohit Nath, backed by the extensive experience and expertise of their teams in this case, serve as interim co-lead counsel. Their qualifications are described in further detail below.

## II.    BACKGROUND

Plaintiffs Grady Hendrix and Jennifer Roberson are authors who own registered copyrights in their works. *See* Compl. ¶¶ 12–13. They allege that Apple downloaded, scraped, or otherwise copied their works without their consent or permission, by accessing datasets of pirated works like Books3, which was sourced from the online shadow library Bibliotik. They further allege that Apple used those materials to train its large language models, collectively referred to by Apple as "Apple Intelligence." *See id.* ¶¶ 17, 21, 26–41. Apple has already profited from this piracy: its value increased by $200 billion the day after Apple Intelligence was announced, and analysts project that Apple Intelligence may contribute trillions more to the company's market capitalization. *Id.* ¶¶ 17, 65. But Apple has not compensated Plaintiffs and Class members for its use of their pirated works. *Id.* ¶ 64.

On September 5, 2025, the *Hendrix* Plaintiffs filed their Complaint. On October 9 and 22, respectively, the *Martinez-Conde* and *Alexander* complaints were filed. This Court entered orders relating each of those cases to the first-filed *Hendrix* action. *See* ECF Nos. 37, 40. On November 14, this Court entered an order granting the Parties' proposed stipulation consolidating the three cases, vacating case management conferences, setting a briefing schedule for leadership motions, and setting

deadlines for interim lead counsel to file a consolidated complaint and for Defendants to respond. ECF No. 42.

## III.    LEGAL STANDARD

When multiple related cases are pending, "the selection and activity of class counsel are often critically important to the successful handling of a class action." Fed. R. Civ. P. 23(g), Advisory Committee Notes (2003) (hereinafter "Rule 23(g) Committee Notes"). Under Rule 23(g)(3), a court has discretion to appoint interim counsel "to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The commentary recognizes that "although precertification work is ordinarily handled by the lawyer who filed the action, '[i]n some cases...there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate.'" *In re Seagate Tech. LLC Litig.*, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016) (quoting Rule 23(g) Committee Notes). Likewise, designating interim counsel is appropriate "where doing so would achieve 'greater efficiency and clarity[.]'" *Id.* at *2 (quoting Rule 23(g) Committee Notes) (quoting *In re Nest Labs Litig.*, 2014 WL 12878556, at *2 (N.D. Cal. Aug. 18, 2014)). Designating interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11 (2004).

When appointing interim lead counsel, the court must evaluate whether the proposed counsel will fairly and adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(g)(2), (4). In so doing, the court "must consider":

> (i)    the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii)  counsel's knowledge of the applicable law; and
>
> (iv)   the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); *see In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) ("When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)."). The focus in appointing interim

class counsel should be the best interests of the parties and the Court. The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see, e.g.*, *In re Apple Inc. S'holder Derivative Litig.*, 2020 WL 3507426, at *1 (N.D. Cal. June 29, 2020) (Gonzalez Rogers, J.) (identifying "who will 'best serve the interest of the plaintiffs,'" "[c]ounsel's experience," and the "work performed by counsel in pursuing the claims in the action" as among the relevant considerations in selecting lead counsel).

## IV.    ARGUMENT

### A.    The Court Should Appoint Rule 23(g) Interim Co-Lead Counsel to Promote Efficiency and Protect Proposed Class Members' Interests.

Appointing interim lead counsel is not only appropriate but essential in this case, because it is "necessary to protect the interests of the putative class." *In re Seagate Tech. LLC Litig.*, 2016 WL 3401989, at *3. Early motions, discovery, and class coordination present numerous make-or-break strategic decisions for these plaintiffs and the class they represent. Proposed Interim Co-Lead Counsel's recent experience in the Anthropic AI case speaks to the potentially dispositive impact of a single, coherent, effective strategy pursued in the early stages of copyright infringement actions involving the training of large language models.

"District courts . . . regularly appoint lead counsel in complex consolidated suits" like this one. *In re Apple Inc. S'holder Derivative Litig.*, 2020 WL 3507426 at *1. Designating interim lead counsel is "particularly appropriate when a number of lawyers have filed related 'copycat' actions," *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019), or when there "[t]here is evidenced rivalry between the firms given[ ]competing [leadership] motions, . . . a consolidated complaint has yet to be filed, [and] there is 'uncertainty as to their respective roles' in this litigation." *In re Data Breach Sec. Litig. Against Brightline, Inc.*, 2023 WL 6131609, at *2 (N.D. Cal. Sept. 18, 2023); *see also In re Seagate Tech. LLC Litig,* 2016 WL 3401989, at *3 (appointing interim class counsel appropriate when there are "competing lawsuits or firms"). Just such a situation exists here. After the *Hendrix* action was filed, the *Martinez-Conde* plaintiffs and the *Alexander* plaintiff filed complaints raising similar allegations. Without a clear leadership structure to assign work and resolve disagreements on tactics and overall strategy, litigating the case by consensus across three competing sets of counsel would at

1   best be inefficient. At worst, it could lead different counsel to take inconsistent positions or adopt
2   conflicting approaches.

3        Finally, designation of interim lead counsel would eliminate redundant filings in the
4   precertification phase, thereby streamlining the prosecution of this action.

5   **B.    Proposed Interim Co-Lead Counsel Satisfy Rule 23(g).**

6        Plaintiffs respectfully submit that the proposed team of Keller Rohrback and Susman Godfrey
7   lawyers, led by Keller Rohrback partner Will Dreher and Susman Godfrey partner Rohit Nath, are best
8   suited to serve as interim co-lead counsel. The Keller Rohrback attorneys have invested significant
9   time and resources investigating and preparing the claims in this case, have litigated large, complex,
10  and legally novel class actions for decades, and have substantial trial experience. The Susman Godfrey
11  team includes some of the only lawyers to have successfully litigated an AI copyright infringement
12  class action to a favorable resolution: a settlement valued at approximately $1.5 billion in *Bartz v.*
13  *Anthropic*, No. 3:24-cv-05417 (N.D. Cal.), subject to court approval. That settlement was announced
14  on September 2, 2025. The proposed leadership team also includes Matthew Butterick of Butterick
15  Law PC—who has substantial subject-matter expertise in the area—in a supporting role. Together,
16  these attributes make Proposed Interim Co-Lead Counsel uniquely qualified to lead this action.

17       **1.    Proposed Interim Co-Lead Counsel Have Unmatched Experience Handling Class
             and Complex Litigation.**

18       The second Rule 23(g)(1) factor, "counsel's experience in handling class actions, other complex
19  litigation, and the types of claims asserted in the action," Fed. R. Civ. P. 23(g)(1)(A)(ii), favors
20  appointing Proposed Interim Co-Lead Counsel. Keller Rohrback and Susman Godfrey are among the
21  most successful and highly regarded complex and class action firms in the country, and they possess
22  unique experience litigating in emerging and unsettled areas of law.

23            **a.    Keller Rohrback's Qualifications and Experience**

24       Keller Rohrback represents plaintiffs in large-scale, complex cases involving corporate
25  wrongdoing, and has recovered over $94.9 billion for its clients to date. Courts in this District have
26  appointed Keller Rohrback attorneys to leadership positions in numerous cases, including *In re*
27  *Facebook* (Co-Lead Counsel); *In re23andMe* (Co-Lead counsel); *In Re Juul Labs, Inc., Mktg., Sales*

28

*Pracs., and Prods. Liab. Litig.*, 19-md-02913 (N.D. Cal.) ("*In re Juul Labs*") (Co-Lead Counsel); *In re Social Media* (Plaintiffs' Steering Committee); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*, 15-md-2672 (N.D. Cal.) (Plaintiffs' Steering Committee); and *In re Chrysler-Dodge-Jeep EcoDiesel*, MDL No. 19-md-2777 (N.D. Cal.) (Plaintiffs' Steering Committee).

Equally important is that the "types of claims" asserted in this action are novel. Fed. R. Civ. P. 23(g)(1)(A)(ii). Courts within this District have disagreed on the legal framework that should govern copyright-infringement claims asserted against a company that used pirated copies of works to train its AI model. *Compare Bartz v. Anthropic PBC*, 787 F. Supp. 3d 1007, 1025 (N.D. Cal. 2025), *with Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1046-47 (N.D. Cal. 2025). The case will thus require not only the experience needed to efficiently prosecute a large class action before, during, and after trial, but also the ability to successfully litigate cases that are on the cutting-edge of both technology and the law.

As a firm, Keller Rohrback routinely works on novel and complex cases that break new ground. These have included:

1.  *In re Facebook*. Keller Rohrback served as co-lead counsel in this matter stemming from the Facebook/Cambridge Analytica scandal. The *Facebook* case was an enormous undertaking against a social media company with unlimited litigation resources. After over four years of hard-fought litigation that required dozens of motions, over 50 depositions, and significant monetary sanctions against the defendant for discovery abuse, the parties reached a $725 million settlement, approved October 11, 2023, and affirmed by the Ninth Circuit on February 13, 2025. The settlement is the largest civil privacy class action settlement in the United States and the most Facebook has paid to resolve a class action. The case broke new ground in privacy law and consumer standing.

2.  *James, et al. v. PacifiCorp, et al.*, No. 20CV33885 (Or. Cir. Ct., Multnomah Cnty.). Keller Rohrback was part of a trio of firms that pursued a wildfire case, arising out of a utility's recklessness during the Oregon Labor Day 2025 wildfires, as a class action rather than a mass tort action. As part of the case, the firm obtained the first-ever jury verdict and individual damages trials on liability in a wildfire case against a utility, resetting the damages benchmarks for utility-sparked

wildfire settlements across the country. To date, Keller Rohrback and its co-lead counsel have obtained judgments totaling over $550 million.

3.    *In re TikTok, Inc., Minor Privacy Litigation*, MDL No. 3144 (C.D. Cal.) ("*In re TikTok*"). Keller Rohrback serves as co-lead counsel in cutting-edge multidistrict litigation arising from TikTok's alleged collection of private information from children under the age of 13 in violation of the Children's Online Privacy Protection Act ("COPPA"). The complaint, which was recently upheld by Judge Wu in a motion-to-dismiss order, asserts privacy violations and related tort and statutory claims premised on COPPA.

4.    *In Re Juul Labs.* Keller Rohrback brought novel public nuisance claims on behalf of school districts and local governments involving e-cigarettes, resulting in a $255 million settlement against Defendant Juul Labs, Inc. and $45.5 million settlement against Defendant Altria.

5.    *City of Seattle v. Monsanto Co.*, 2:16-cv-00107-RAJ (W.D. Wash.); *State of Oregon v. Monsanto Co.*, 18-cv-00540 (Or. Cir. Ct., Multnomah Cnty.). While many firms have participated in some fashion in litigation resulting from polychlorinated biphenyls (PCB) pollution, Keller Rohrback has obtained the largest single-city settlement for PCB pollution ($160 million on behalf of the City of Seattle) and the largest single-state settlement for PCB pollution (nearly $700 million on behalf of Oregon) because, in each of those cases, it aggressively pushed the case toward trial.

The firm proposes that Keller Rohrback partner Will Dreher be appointed as interim co-lead counsel. Mr. Dreher is a former federal prosecutor with significant federal trial experience. After clerking for Justice Elena Kagan at the United States Supreme Court and then-Judge Brett Kavanaugh at the U.S. Court of Appeals for the District of Columbia Circuit, Mr. Dreher litigated commercial and energy litigation matters at Jenner & Block LLP in Washington, D.C. *See* Dreher Decl. ¶ 4. While later serving as a federal prosecutor in the United States Attorney's Office for the Western District of Washington, Mr. Dreher was the District's Civil Rights Coordinator and was detailed for three years to investigate and prosecute cases arising out of the January 6, 2021 breach of the United States Capitol Building. *Id.* He has taught appellate practice as an affiliate professor at the University of Washington School of Law. *Id.* Since joining the firm in 2024, Mr. Dreher has served as co-lead trial counsel in a public nuisance and negligence suit brought by a state attorney general's office against the e-cigarette manufacturer Juul

Labs, Inc., and as lead counsel in a wildfire-related damages trial that resulted in $56 million verdict. *Id.* Mr. Dreher has worked on other complex litigations at various stages, including as co-lead counsel in an upcoming federal trial on a novel ERISA fiduciary-breach theory, as co-lead partner on a mass-tort wildfire suit brought by the firm, and in helping to manage active environmental and antitrust investigations. *Id.*

Mr. Dreher has the support of a team of Keller Rohrback attorneys with significant experience both in leading MDLs and in litigating and ultimately trying cases in federal court. The most experienced members of the Keller Rohrback team are senior partners Derek Loeser, who helps manage Keller Rohrback as a member of the firm's Executive Committee, and Cari Laufenberg, who each maintain national practices prosecuting class action and large-scale individual cases, where each frequently serves in leadership roles.

Mr. Loeser has extensive leadership experience in complex class actions. Recent high-profile complex and class cases in which Mr. Loeser was appointed or served as lead or co-lead counsel include *In re TikTok* (interim co-lead counsel), *In re Facebook* (co-lead counsel), *Jabbari v. Wells Fargo*, No. 3:15-cv-02159 (N.D. Cal.) (lead and class counsel), *In re Wells Fargo COVID Forbearance Settlement Litig.*, No. 2:24-cv-01026 (S.D. Ohio) (co-lead counsel), and *In re Microsoft Browser Extension Litig.*, No. 2:25-cv-00088 (W.D. Wash.) (interim co-lead counsel). Mr. Loeser also has extensive experience successfully arguing dispositive motions and appeals in state and federal court. *See Akins v. Facebook, Inc.*, 2025 WL 484621 (9th Cir. Feb. 13, 2025); *Jabbari v. Farmer,* 965 F.3d 1001, 1004 (9th Cir. 2020); *Jabbari v. Farmer,* No. 18-16213, 2020 WL 4048683 (9th Cir. July 20, 2020). He also has substantial trial experience, both as a trial attorney for the Civil Rights Division of the U.S. Department of Justice and in private practice. *See* Dreher Decl. ¶ 6.

Ms. Laufenberg likewise has decades of experience litigating complex class action actions against some of the largest technology and communications companies in the world. *See* Dreher Decl. ¶ 7. She has also served as lead or co-lead counsel in highly technical litigations involving, like this case, sophisticated technology companies and large swaths of data. *Id.* Recently, she has served as co-lead counsel in large-scale data breach cases, including *In re 23andMe* (co-lead counsel), *In Re: T-Mobile 2022 Customer Data Sec. Breach Litig.*, No. 23-md-03073 (W.D. Mo.) (co-lead counsel), and

*In Re: 21st Century Oncology Customer Data Sec. Breach Litig.*, No. 16-md-2737 (M.D. Fla.) (co-lead counsel). *Id.* In serving as co-lead counsel or supporting co-lead counsel, Ms. Laufenberg has helped favorably resolve sizable MDLs, including *In Re: T-Mobile Customer Data Sec. Breach Litig.*, No. 21-md-03019 (W.D. Mo.) ($350 million settlement) and *In Re: 21st Century Oncology Customer Data Sec. Breach Litig. Id.* Ms. Laufenberg has also served in leadership positions in other prominent consumer class actions, including as Interim Lead Class Counsel in *In re EpiPen ERISA Litig.*, 17-md-02802 (D. Minn.) and on the Plaintiffs' Steering Committee in *In re Oral Phenylephrine Mktg. and Sales Pracs. Litig.*, 23-md-3089 (E.D.N.Y.). *Id.*

Keller Rohrback has already devoted significant staff and resources to this case, each of whom has been actively involved in the litigation to date. The team includes Ben Gould, a Keller Rohrback partner who combines day-to-day involvement in the firm's motion practice and discovery efforts with extensive appellate experience. Some of his most recent successes include *In re Facebook*, where he helped shape and pursue the class's novel legal theories, and *MN v. MultiCare Health Sys., Inc.*, 541 P.3d 346 (Wash. 2024), a class action in which the court largely adopted the legal test he advocated in briefs and at oral argument. Also included are associate attorneys Chris Ryder, Sam Rubinstein, and Elizabeth Tarbell, who have assisted in drafting the complaint, interviewing potential expert witnesses, and handling discovery obligations. Collectively, the Keller Rohrback team is devoted to this case and to ensuring that the class is ably and effectively represented.

### b.    Susman Godfrey's Qualifications and Experience

For nearly 40 years, Susman Godfrey has been winning trials on both sides of the docket. Susman follows in the footsteps of founder Steve Susman, who in 1980 obtained the then-largest class action verdict in history.[2] In the years since, the firm's class action work has resulted in plaintiffs' verdicts totaling billions of dollars. In 2024, Susman Godfrey was recognized as Law360's Class Action Group of the Year. Its groundbreaking class resolutions include a $425 million jury verdict for a class of millions of plaintiffs in *Anibal Rodriguez. v. Google LLC*, No. 3:20-cv-04688 (N.D. Cal.); $1.2 billion to date in settlements in *In re Automotive Parts Antitrust Litig.*, No. 12-md-02311 (E.D.

---

[2] *In re Corrugated Container Antitrust Litig.*, 77-md-00310 (S.D. Tex.) ($500 million in settlements).

Mich.), for a class of end payor plaintiffs; and $780 million in settlements for plaintiffs in *In re Libor-based Fin. Instruments Antitrust Litig.*, No. 11-md-02262 (S.D.N.Y.).

Susman Godfrey is not just a proven winner of class actions, but also a responsible and experienced steward of them. It was appointed as co-lead class counsel in the *Automotive Parts Antitrust* and *Libor-based Fin. Instrument Antitrust* litigations and the *Rodriguez* action. The firm also served as lead counsel in *In re AXA Equitable Life Ins. Co. COI Litig.*, No. 1:16-cv-740 (S.D.N.Y.), securing a more than $300 million cash settlement, and sole interim class counsel in *37 Besen Parkway, LLC v. John Hancock Life Ins. Co. (U.S.A.)*, No. 15-cv-9924 (S.D.N.Y.), which resulted in a $91.25 million all-cash settlement. Courts in this District recently have appointed Susman Godfrey as lead counsel in multiple actions, including *In Re Accellion, Inc. Data Breach Litig.*, 5:21-cv-01155, and *In re National College Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, No. 4:14-md-02541. The firm was also appointed co-lead counsel in *In re Animation Workers Antitrust Litig.*, No. 14-cv-4062 (N.D. Cal.), in which it secured more than $168 million in settlements for a class of animation industry employees.

The firm has been a champion of authors' rights and has achieved outstanding results for class plaintiffs in actions alleging copyright infringement. In addition to the firm's recent settlement with Anthropic, Susman Godfrey has for years litigated successfully on behalf of classes of copyright owners, achieving a settlement valued at $112 million on behalf of a class of composition owners in *Melissa Ferrick. v. Spotify USA Inc.*, No. 1:16-cv-08412 (S.D.N.Y.), and securing $25.5 million and additional royalties in *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 2:13-cv-05693 (C.D. Cal.).

The most senior member of the Susman Godfrey team is Justin A. Nelson. Mr. Nelson is a Susman Godfrey partner and has practiced law for more than twenty years, litigating complex cases in state and federal courts throughout the United States. Mr. Nelson has been appointed Interim Co-Lead Class Counsel in the multi-district litigation against OpenAI and Microsoft. *In Re OpenAI, Inc., Copyright Infringement Litig.*, No. 1:25-md-03143 (S.D.N.Y). Additionally, he has led the Susman Godfrey team in numerous lawsuits asserting copyright infringement claims against artificial intelligence companies that have copied enormous numbers of copyrighted works without permission, including *Bartz v. Anthropic PBC*, No. 3:24-cv-05417, in the Northern District of California before the

Honorable Judge William Alsup. In the action against Anthropic, Mr. Nelson served as co-lead counsel. He presented class plaintiffs' portion of the technology tutorial on January 30, 2025, argued class plaintiffs' motion for class certification on May 15, 2025, and argued the preliminary approval motions. Nath Decl. ¶ 16. A final approval hearing is scheduled for April 2026. Mr. Nelson and Mr. Nath recently co-wrote an article that lays out and develops one of the key infringement theories related to piracy. See Justin A. Nelson, Rohit D. Nath & J. Craig Smyser, "Poisoning the WeLL(M): Pirated Data, Large Language Models, and Copyright," 109 *The Advocate: Texas State Bar Litigation Section Report* 31 (Winter 2024).

Mr. Nelson is a member of Susman Godfrey's Executive Committee and a former law clerk to the Honorable Sandra Day O'Connor of the United States Supreme Court and to the Honorable J. Harvie Wilkinson III of the United States Court of Appeals for the Fourth Circuit. He has served as an adjunct professor at the University of Texas School of Law. He routinely represents clients in high-stakes and complex litigation, including helping secure a nine-figure settlement against a large rental car company for a group of people who alleged they had been falsely arrested—a set of cases that spanned multiple courts and jurisdictions, including bankruptcy court. In recent years, he has served at the forefront of artificial intelligence litigation. He was recently named Adviser to the American Law Institute's Principles of the Law, Civil Liability for Artificial Intelligence.

In 2023, he represented Dominion Voting Systems against Fox News in helping secure the landmark $787.5 million settlement arising from the latter's defamatory news coverage claiming that Dominion's voting machines were responsible for massive voter fraud during the 2020 U.S. presidential election. Nath Decl. ¶ 16. The settlement is believed to be the largest defamation settlement in history. The Court in *Dominion v. Fox* publicly noted that "this is the best lawyering I've had, ever." *Id.* In 2024, Mr. Nelson was nominated for Litigator of the Year by *American Lawyer*. He has been named as one of the leading 500 litigators and plaintiff financial lawyers in America by Lawdragon. He has also been repeatedly recognized, among other awards and recognitions, as American Lawyer's Litigator of the Week and a Benchmark Litigation, Litigation Star.

Like Keller Rohrback, Susman Godfrey is committed to giving younger lawyers important opportunities, and to that end proposes Rohit Nath to serve as lead. Mr. Nath played a leading role in

*Bartz v. Anthropic*, where he argued in opposition to Anthropic's motion for summary judgment. He and his co-lead counsel were named Litigators of the Week by Law.com for this result. Mr. Nath also played a leading role in *In re AXA Equitable Life Ins. Co. COI Litig.*, No. 1:16-cv-00740 (S.D.N.Y.), where Susman Godrey as class counsel secured a including a $307.5 million settlement for a class of life insurance policyholders targeted with a cost of insurance rate increase. Mr. Nath plays a key role in other AI copyright actions, including *In Re OpenAI, Inc., Copyright Infringement Litig.,* No. 1:25-md-03143 (S.D.N.Y.), *Nazemian v. Nvidia*, No. 4:24-cv-01454, and *In re Mosaic LLM Litig.*, No. 3:24-cv-01451.

In recognition of his achievements, Mr. Nath has been named a California Lawyer of the Year (Daily Journal), a Rising Star of the Plaintiffs Bar (NLJ), and a Top Intellectual Property Lawyer (Daily Journal). Nath Decl. ¶ 15 & Ex. D at 13. Prior to joining Susman Godrey, Mr. Nath worked as a trial attorney at the U.S. Department of Justice and as a law clerk for Judge Alex Kozinski (Ret.) on the U.S. Court of Appeals for the Ninth Circuit.

The Susman Godfrey team is also led by partners Alejandra C. Salinas and Jordan Connors, each of whom have a long track record of success in commercial litigation generally and AI litigation specifically. Their recent wins include a $32 million settlement on behalf of a class of telescope purchasers (Ms. Salinas) and a more than $600 million settlement for victims of the Flint water crisis (Mr. Connors). Nath Decl. ¶¶ 17-18.

In addition, the Susman Godfrey team includes associate Eleanor Runde, a former law clerk to the Hon. M. Margaret McKeown of the U.S. Court of Appeals for the Ninth Circuit. Nath Decl. ¶¶ 19. Before law school, Ms. Runde served as a researcher to Henry Kissinger and co-wrote with him *Genesis: Artificial Intelligence, Hope, and the Human Spirit*.

### c.    Matthew Butterick's Qualifications and Experience

Matthew Butterick is a lawyer, author, typographic designer, and software programmer whose multidisciplinary expertise has positioned him at the forefront of legal challenges to generative AI. Mr. Butterick holds a visual-studies degree from Harvard University and a law degree from UCLA. He is the nation's leading authority on typography and the law. Like millions of other artists and writers, Mr. Butterick's work was used as training data for commercial AI models without his consent.

As a result, Mr. Butterick became a principal architect of the first wave of generative-AI litigation. In addition to *Hendrix v. Apple*, Mr. Butterick serves as co-counsel for plaintiffs in seven other AI cases: *Doe v. GitHub*, No. 4:22-cv-06823 (N.D. Cal.); *Andersen v. Stability AI*, No. 3:23-cv-00201 (N.D. Cal.); *In Re OpenAI, Inc., Copyright Infringement Litig.*, No. 1:25-md-03143 (S.D.N.Y.); *Kadrey v. Meta*, No. 3:23-cv-03417 (N.D. Cal.); *Nazemian v. NVIDIA*, No. 4:24-cv-01454 (N.D. Cal.); *O'Nan v. Databricks*, No. 3:24-cv-01451 (N.D. Cal.); and *In re Google Generative AI Copyright Litig.*, No. 5:23-cv-03440 (N.D. Cal.).

### 2. Proposed Interim Co-Lead Counsel Have Substantial Knowledge of the Applicable Law.

The third factor under Rule 23(g)(1) turns on counsel's knowledge of applicable law in the case. Fed. R. Civ. P. 23(g)(1)(A)(iii).

For the reasons discussed above, it is unlikely any group of lawyers in the country has more experience litigating AI copyright cases than Proposed Interim Co-Lead Counsel. Mr. Nath and Mr. Nelson, as well as Ms. Salinas and Mr. Connors, recently secured a groundbreaking $1.5 billion settlement, which if approved will be the largest copyright settlement in history, in the *Bartz* AI copyright litigation. Mr. Nelson has been appointed as sole lead counsel in the *OpenAI* litigation, MDL No. 3143 (S.D.N.Y.). Mr. Butterick has a wealth of experience in litigating against similarly situated generative AI companies, representing plaintiffs in seven different AI copyright infringement cases. And the Keller Rohrback team has a track record of vigorously litigating novel, complex class action cases against technology companies, including *In re TikTok* and *In re Facebook*, in which the firm helped achieve the largest privacy settlement in history.

This is a unique case where the law is emerging and underdeveloped, meaning that it will be essential for class counsel to have experience litigating novel claims and AI copyright claims specifically, even more so than experience with run-of-the-mill copyright infringement. As Judge Chabbria recognized, "no previous case answers the question whether [defendant's] copying was fair use." *Kadrey*, 788 F. Supp. 3d at 1059. The Keller Rohrback and Susman Godfrey team includes a balanced pairing of lawyers experienced in successfully advancing novel legal claims with some of the most experienced AI copyright lawyers in the nation, and the only lawyers who have obtained a

1  successful resolution for plaintiffs in such a case. In addition to carefully researching the emerging AI

2  copyright caselaw prior to filing this action, the Keller Rohrback and Susman Godfrey teams continue

3  to monitor other AI copyright cases as they progress to stay on top of developments in this emerging

4  area.

5          **3.      Proposed Interim Co-Lead Counsel Have Committed and Will Continue to Commit the Resources Necessary to Prosecute this Litigation Effectively.**

6          The fourth 23(g)(1) factor, which concerns the resources that counsel will commit to the case,

7  Fed. R. Civ. P. 23(g)(1)(A)(iv), also strongly supports appointing Proposed Interim Co-Lead Counsel.

8  Proposed Interim Co-Lead Counsel have the resources needed to prosecute this action in the best

9  interests of the proposed class. Together, the firms are ably staffed with attorneys and support to

10  litigate this case to success. They routinely advance the costs of litigation and are not using litigation

11  funders for this case. They have repeatedly demonstrated their ability and willingness to dedicate

12  substantial resources to pursuing class claims and will do so again here.

13          Keller Rohrback possesses and consistently devotes the resources and personnel necessary to

14  vigorously pursue complex cases. Keller Rohrback has more than 70 attorneys across six offices,

15  supported by a team of more than 85 staff. Dreher Decl. ¶ 2; *see also Cappello v. Franciscan All., Inc.*,

16  No. 3:16-cv-00290, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017) (recognizing Keller Rohrback as

17  a "big and powerful plaintiffs' firm[] with resources to absorb the costs of litigation no matter the

18  outcome"). Further, among Keller Rohrback's attorneys are accountants, economists, computer

19  technology experts, former U.S. Justice Department prosecuting attorneys, and regulatory experts. *See*

20  Dreher Decl. ¶ 2 & Ex. A. Keller Rohrback's personnel, financial resources, and varied experience will

21  come to bear in this case, which is likely to require extensive discovery and motion practice to drive

22  this case to trial.

23          Susman Godfrey has support staff, document review attorneys, and in-house e-discovery/trial-

24  technology professionals to assist in litigating this matter effectively and efficiently. It possesses the

25  resources both human and financial to prosecute this case to completion. If appointed Interim Co-Lead

26  Class Counsel, Susman Godfrey is ready and able to devote all necessary resources to the case,

27  including the millions of dollars it will likely cost to retain top-tier experts and manage discovery

28

vendors and platforms. At the same time, the firm is committed to litigating this case both efficiently and economically. It has the distinct advantage of being among the few firms in the nation leading several similar actions against generative AI companies. Susman Godfrey will leverage its experience in these similar cases to streamline the litigation for the class's benefit.

Susman Godfrey is well-versed in using case management strategies to efficiently focus litigation, including appropriate staffing of all litigation tasks to those lead attorneys and firm(s) best suited to the particular task(s) at hand, regular meetings to ensure that assigned work tasks are being attended to, well-executed, and completed with efficiency, and implementation of strict time-keeping and expense billing protocols to ensure that all professional time associated with this consolidated action is of the highest quality.

Together, the firms employ hundreds of talented attorneys, including in California, the center of gravity of this case. Their deep benches allow them to litigate even the most complex cases without support from other firms. Susman Godfrey and Keller Rohrback have repeatedly demonstrated their ability to achieve excellent results by forming tightly integrated partnerships with other leanly staffed firms. Classes substantially benefit from a small, unified leadership team that can design an effective strategy, push the case forward quickly, and keep costs low. *See, e.g.*, *Leifer v. Live Nation Entertainment, Inc.*, No. 24-cv-03994 (S.D.N.Y.), ECF No. 48 (declining to appoint executive committee because it "can lead to substantially increased costs and unnecessary duplication of efforts") (cleaned up). The firms have already begun collaborating on strategy in this case, and they are confident in their ability to cooperate for the benefit of the class.

### 4.    Proposed Interim Co-Lead Counsel Worked Extensively to Identify, Investigate, and Advance the Class Claims in This Action.

Proposed Interim Co-Lead Counsel have diligently worked up this action since its inception. Before filing the *Hendrix* complaint, Keller Rohrback, along with Matthew Butterick, conducted an in-depth factual investigation into Apple's alleged infringement, including reviewing Apple's model cards, scanning news articles for relevant comments about Apple's AI training process, and analyzing datasets of pirated works at issue. Dreher Decl. ¶ 10. Proposed Interim Co-Lead Counsel have taken steps to

gather evidence, prepare for discovery, and identify and retain expert witnesses in the fields of economics and computer science. *Id.*

The *Hendrix* complaint was the first-filed action. The "first-to-file factor may be considered an 'objective tie-breaker' in appointing lead counsel . . . ." *In re Meta Pixel Healthcare Litig.*, 2022 WL 18399978, at *2 (N.D. Cal. Dec. 21, 2022) (Rule 23(g)(1)(A) factors favor the first-filed group when that group "has done the most work to identify and investigate the potential claims" and has already taken steps towards preservation and production of expert reports); *see also In re Sandisk SSDS Litig.*, 2023 WL 10367607, at *1 (N.D. Cal. Dec. 4, 2023) ("the Court considers the first-filed case as an objective tie-breaker."). The meaningful work and investigation that Proposed Interim Co-Lead Counsel has undertaken to date weigh in favor of appointing them as interim co-lead counsel under Rule 23(g)(3).

## V.    CONCLUSION

The motion to appoint interim class counsel should be granted, appointing Will Dreher from Keller Rohrback LLP and Rohit Nath from Susman Godfrey LLP as interim co-lead counsel.


DATED this 21st day of November, 2025.

KELLER ROHRBACK L.L.P.

By *s/ William Dreher*
     William K. Dreher, *Pro Hac Vice*
     Benjamin Gould (SBN 250630)
     Derek W. Loeser, *Pro Hac Vice*
     Cari C. Laufenberg, *Pro Hac Vice* forthcoming
     Chris N. Ryder, *Pro Hac Vice*
     Elizabeth W. Tarbell, *Pro Hac Vice*
     Samuel Rubinstein, *Pro Hac Vice*
     1201 Third Avenue, Suite 3400
     Seattle, WA 98101-3268
     (206) 623-1900
     Fax (206) 623-3384
     bgould@kellerrohrback.com
     wdreher@kellerrohrback.com
     dloeser@kellerrohrback.com
     cryder@kellerrohrback.com
     claufenberg@kellerrohrback.com
     etarbell@kellerrohrback.com
     srubinstein@kellerrohrback.com

SUSMAN GODFREY L.L.P.

By *s/ Rohit D. Nath*
     Rohit D. Nath (SBN 316062)
     Justin A. Nelson, *Pro Hac Vice*
     Alejandra C. Salinas, *Pro Hac Vice*
     Jordan Connors, *Pro Hac Vice*
     Eleanor Runde, *Pro Hac Vice*
     1900 Avenue of the Stars, Suite 1400
     Los Angeles, CA 90067
     (310) 789-3100
     rnath@susmangodfrey.com
     jnelson@susmangodfrey.com
     asalinas@susmangodfrey.com
     jconnors@susmangodfrey.com
     erunde@susmangodfrey.com

BUTTERICK LAW PC

By *s/ Matthew Butterick*
     Matthew Butterick (SBN 250953)
     1920 Hillhurst Avenue, #406
     Los Angeles, CA 90027
     mb@butterricklaw.com

Attorneys for Plaintiffs