Joseph R. Saveri (State Bar No. 130064)
Christopher K.L. Young (State Bar No. 318371)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            cyoung@saverilawfirm.com

*Attorneys for Plaintiffs in the Martinez-Conde Action*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| GRADY HENDRIX and JENNIFER ROBERSON, *Individual and Representative Plaintiffs*, v. APPLE INC., *Defendant.* | Case Nos. 4:25-cv-07558-YGR<br>4:25-cv-08695-YGR<br>4:25-cv-09090-YGR<br><br>**NOTICE OF MOTION AND MOTION; APPLICATION OF CHRISTOPHER K.L. YOUNG OF THE JOSEPH SAVERI LAW FIRM, LLP FOR APPOINTMENT AS INTERIM CLASS COUNSEL PURSUANT TO UNDER FED R. CIV. P. 23(g)(3)**<br><br>Judge: Honorable Yvonne Gonzales Rogers<br>Date: December 30, 2025<br>Time: 2:00 p.m.<br>Location: Courtroom 1, 4th Floor |
| SUSANA MARTINEZ-CONDE and STEPHEN L. MACKNIK, *Individual and Representative Plaintiffs*, v. APPLE INC., *Defendant.* | |
| TASHA ALEXANDER, *Individual and Representative Plaintiff*, v. APPLE INC., et al *Defendants.* | |

Case No. 4:25-cv-07558-YGR
NOTICE OF MOTION AND MOTION; APPLICATION OF CHRISTOPHER K.L. YOUNG OF THE JOSEPH SAVERI LAW FIRM, LLP FOR APPOINTMENT AS INTERIM CLASS COUNSEL

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ..................................................................................................................2

II. ARGUMENT .........................................................................................................................4

    A. JSLF Has Done the Most to Advance the Litigation. .....................................................4

        1. JSLF's investigation and the allegations in the *Martinez-Conde* complaint have done the most to advance the litigation............................................................4

        2. JSLF's investigation and experience is reflected in the class definition in the *Martinez-Conde* Complaint ........................................................................................6

    B. Christoper K.L. Young and the Joseph Saveri Law Firm Have the Class Action Experience and Copyright Knowledge Required to Effectively Prosecute this Consolidated Action............................................................................................................6

    C. JSLF Has the Most Knowledge of and Experience in AI Copyright Law.....................10

    D. JSLF Will Dedicate Ample Resources to Prosecute this Consolidated Action Effectively and Efficiently............................................................................................. 11

    E. JSLF Has Demonstrated the Ability to Coordinate and Work Cooperatively with the Other Firms Involved .......................................................................................................12

III. CONCLUSION ................................................................................................................... 13

Case No. 4:25-cv-07558-YGR          i

NOTICE OF MOTION AND MOTION; APPLICATION OF CHRISTOPHER K.L. YOUNG OF THE JOSEPH SAVERI LAW FIRM, LLP FOR APPOINTMENT AS INTERIM CLASS COUNSEL

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on December 30, 2025, at 2:00 p.m., before the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California, Courtroom 1, 4th Floor, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612, Plaintiffs will, and hereby do, move the Court for an Order appointing Christopher K. L. Young and the Joseph Saveri Law Firm, LLP ("JSLF") as Interim Class Counsel.

Plaintiffs respectfully submit that the Court should appoint Christopher K.L. Young and JSLF as Interim Lead Class Counsel, as he and JSLF satisfy the requirements under Federal Rule of Civil Procedure 23(g) and shall fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(4). Mr. Young and JSLF have done significant work investigating pretrial claims in the actions, have knowledge of the applicable law, and possess sufficient resources to represent the best interests of the Class. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv).

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities in Support of the Motion, and the concurrently filed Declaration of Christopher K.L. Young as well as the exhibits thereto.

## I. INTRODUCTION

The Class's interests in this complex litigation will best be served by appointing one counsel who has been at the forefront of generative-artificial intelligence ("AI") litigation as Interim Class Counsel. Plaintiffs Martinez-Conde and Macknik propose Christopher K.L. Young, together with the Joseph Saveri Law Firm, LLP ("JSLF"), as Interim Class Counsel. Mr. Young is one of the preeminent leaders in generative-AI litigation and is a pioneer in this important emerging area of law. Few attorneys, if any, can boast of greater experience in this developing field of law. Few firms have done as much as JSLF to advance the development of the law in this emerging area of litigation, while fostering and developing strong collaborative relationships with and among co-counsel, including nearly all of the firms involved here.

JSLF, under the leadership of Mr. Young and firm founder Joseph R. Saveri, was the first law firm to file class claims under the Copyright Act on behalf of owners of registered copyrighted works, including those challenging the use of the illicit Books3 dataset at issue here. Messrs. Young and Saveri along with lawyers from JSLF were also the first to litigate these claims successfully past the motion to dismiss phase. JSLF attorneys under the direction of Messrs. Young and Saveri have advanced the state-of-the-art prosecution of these novel cases. In addition to more generalized litigation management and related tasks, Mr. Young has performed leading roles, taking the depositions of more than a dozen engineers, executives, and other high-level employees in generative-AI cases, as well as developing expert testimony. That expertise has already borne fruit here: the *Martinez-Conde* Complaint contains the most detailed allegations regarding the sources of the infringing material acquired, and the *Martinez-Conde* class definition is crafted to address the full scope of the infringing conduct at issue. Among the firms that have filed related cases, few possess the combined wealth of experience in generative-AI litigation, proven track record, and unique combination of credentials of JSLF. JSLF is best positioned to advance this case most efficiently to summary judgment, through class certification, and ultimately to

trial.[1] The appointment of Mr. Young and JSLF as Interim Class Counsel will ensure that Plaintiffs speak with one voice, while bringing to bear JSLF's unique experience and qualifications in this nascent area of law, enabling the efficient and effective prosecution of this case through resolution.

Both Mr. Young and JSLF possess the unique combination of credentials and proven track records necessary to promote the Class's best interests and advance this litigation in accordance with Rules 1 and 23 of the Federal Rules of Civil Procedure. This experience is critical to managing this complex litigation. It is no secret that the outcome of this litigation will in large part center around questions of fair use in the context of a new and emerging technology. There can be no dispute that JSLF is among the few firms with the practical experience to address these complex legal and factual issues. JSLF will be able to litigate this class action most efficiently, minimizing burdens on judicial resources. For example, the nuances and differences in the allegations in the complaint and class definition in *Susana Martinez-Conde and Stephen Macknik v. Apple Inc.*, No. 4:25-cv-08695-YGR, (N.D. Cal.), ECF No. 1, as discussed below, demonstrate JSLF's established expertise and that this litigation will advance fastest and most efficiently with JSLF at the helm. Plaintiffs respectfully move the Court to appoint JSLF partner Christopher K.L. Young and JSLF as Interim Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

All of the plaintiffs' firms involved seem to agree that this litigation is complex, warranting the participation and contribution of multiple, qualified law firms. Should the Court determine a leadership structure comprised of multiple firms is appropriate here, Mr. Young and JSLF—consistent with JSLF's core principle of fostering collaborative relationships between counsel for the Class's best interests—stand ready and willing to serve, whether as Interim Co-Class Counsel, in a committee, as liaison counsel, or in any other capacity the Court deems appropriate. Indeed, Mr. Young and JSLF have

---

[1] *See, e.g., Doe 1 v. GitHub, Inc.*, No. 4:22-cv-06823 (N.D. Cal.) (initial complaint filed Nov. 3, 2022); *Andersen v. Stability AI Ltd.*, No. 3:23-cv-00201-WHO (N.D. Cal.) (initial complaint filed January 12, 2023); *Kadrey, et al. v. Meta Platforms, Inc.* No. 3:23-cv-03417-VC (N.D. Cal.) (initial complaint filed July 7, 2023); *In re Google Generative AI Copyright Litig.*, No. 3:23-cv-03440-EKL (N.D. Cal.); *Nazemian v. NVIDIA Corp.*, No. 4:24-cv-01454 (N.D. Cal.) (initial complaint filed Mar. 8, 2024); *Tanzer et al. v. Salesforce, Inc.* 3:25-cv-08862)(initial complaint filed October 15, 2025). In one such case, JSLF has been appointed interim lead counsel. *See In Re Mosaic LLM Litig.*, 3:24-cv-01451-CRB (N.D. Cal) (initial complaint filed Mar. 8, 2024).

already demonstrated these principles through the established collegial working relationships they have fostered with nearly all the firms involved here.

## II.   ARGUMENT

Rule 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3). Rule 23(g) requires that courts consider four key factors in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Each of the factors supports the appointment of Christopher K.L. Young and JSLF as Interim Class Counsel to prosecute the consolidated action.

### A.   JSLF Has Done the Most to Advance the Litigation.

#### 1.   JSLF's investigation and the allegations in the *Martinez-Conde* complaint have done the most to advance the litigation

The *Martinez-Conde* Complaint was filed on October 9, 2025, a little over a month after the first-filed *Hendrix* Complaint. The *Alexander* Complaint was the third filed case, on October 22, 2025. No case is materially more advanced than the others. But JSLF's investigation was the most rigorous and thorough, and JSLF has done the most to meaningfully advance this litigation at the pleadings stage. Fed. R. Civ. P. 23(g)(1)(A)(i).

Attorneys at JSLF began investigating Apple's infringing conduct before August 2024, including Apple's use of Books3. Young Decl. ¶ 21. JSLF's thorough investigation brings to bear its hard-earned experience gained from other similar AI cases with comparable factual and legal issues. This experience is shown throughout the allegations in the Complaint, including by articulating the most appropriate class definition.

For example, the scope of infringed works addressed by the *Martinez-Conde* Complaint is not

only the broadest, but also the most particular and specific. Plaintiffs allege that Apple not only copied and used the "Books3" dataset and scraped the public internet using "Applebot," but that it likely used other unauthorized sources of books. *See Martinez-Conde* Complaint ("Compl.") ¶ 6. Similarly, *Martinez-Conde* identifies other training datasets Apple acquired and used to develop the AI models at-issue, (like "RefinedWeb") that likely contain Class works. Compl., ¶¶ 42,43. These allegations, in conjunction with JSLF's experience, will obviate the need for hundreds of attorney hours of litigation regarding the proper scope of discovery into the provenance and sources of Apple's unauthorized copies.

Similarly, the *Martinez-Conde* Complaint carefully specifies the many infringing *uses* made by Apple of the unauthorized copies of Plaintiffs' and class members' copyrighted books. The Complaint makes clear that not only did Apple make copies for storage in central databases and for developing AI models, but that Apple used these copies for testing models, all important requisite stages of the training process. Compl., ¶¶ 1, 9, 88. Additionally, the *Martinez-Conde* Complaint identifies these uses with specificity, and details multiple acts of infringement under both 17 U.S.C. §§ 106(1) and (2). As the *Martinez-Conde* Complaint makes clear, each unauthorized use during the training of the models—from the acquisition of data, through the processes through which that data is incorporated, sampled, and tested in order to produce a productized model—is an infringement challenged by Plaintiffs. Compl., ¶¶ 8, 10, 34, 83, 102. Again, such allegations reflect the experience and knowledge of JSLF, not only of the law and relevant facts in this case, but also the technological details of the training and development of the types of large-language and image models at issue in this litigation. That knowledge will bring efficiency to, and meaningfully advance, the case when it comes to the scope of discovery, developing evidence in support of class certification, plaintiffs' affirmative case, and addressing affirmative defenses, including fair use.

JSLF performed substantial work investigating the merits of Plaintiffs' claims, including hundreds of hours of extensive investigation of the AI industry's practices with respect to the unauthorized use of copyrighted works in training data; investigations to analyze and make a preliminary assessment of the damages and the viability of Plaintiffs' claims; and hundreds of hours of extensive

legal and factual research regarding Plaintiffs' claims under federal copyright law. In addition to JSLF's investigation of the facts regarding Apple's generative-AI technologies and related commercial products, the Complaint reflects the legal theories developed by JSLF and honed through experience. JSLF has experts on retainer regarding neural networks, artificial intelligence, piracy, economics, and the market for high-quality AI training data, and those expert resources will be brought to bear here.

2. **JSLF's investigation and experience is reflected in the class definition in the *Martinez-Conde* Complaint**

The efficiencies to be realized as a result of JSLF's experience in AI copyright law are further demonstrated by the class definition set forth in the *Martinez-Conde* Complaint. Compl., ¶ 89. The class definition in the *Martinez-Conde* Complaint is carefully crafted to head off anticipated attacks deployed in similar cases, serving the dual purpose of narrowing future issues while properly defining the contours of the litigation. For example, the class definition in the *Martinez-Conde* Complaint includes the important objective requirement that all copyrights must have been registered with the United States Copyright Office within five years of the work's publication and before being used by Apple or within three months of publication. *Id.*; *see* 17 U.S.C. § 410. Additionally, the *Martinez-Conde* Complaint's class definition makes clear that the challenged conduct includes all phases of the training or development of the at-issue models, including acquisition of data for development, all of which are necessary aspects of building AI models. This refinement eliminates ambiguities that have unfortunately disrupted other litigations and will therefore serve to further streamline this litigation. JSLF's experience and skill in this area of the law is plainly reflected in the refinement of the pleaded class definition.

B. **Christoper K.L. Young and the Joseph Saveri Law Firm Have the Class Action Experience and Copyright Knowledge Required to Effectively Prosecute this Consolidated Action.**

*Christopher K.L. Young.* JSLF Partner Christopher K.L. Young built his career litigating cutting-edge cases on the frontiers of copyright law and other domains of law. Few attorneys have as extensive experience in generative-AI litigation as Mr. Young. Mr. Young is one of the chief architects of the legal arguments that successfully demonstrated the plausibility of raising direct infringement claims

on behalf of copyright claimants for the use of their works to develop generative-AI models.[2] Young Decl. ¶ 2. Since then, Mr. Young has led several generative-AI cases, pioneering legal theories in this still-developing and unsettled area. For example, Mr. Young has taken the depositions of approximately a dozen fact witnesses in generative-AI copyright cases, ranging from highly-technical depositions of engineers to high-level executives, including some of the authors of seminal industry research papers. Young Decl. ¶ 2. Mr. Young has deposed and defended multiple experts, producing critical evidence in highly technical and sophisticated domains. Young Decl. ¶ 2. It is very likely that no single attorney has taken more depositions in generative-AI cases than Mr. Young.

Mr. Young has already been recognized for his accomplishments in the complex litigation bar, despite having only graduated from the UCLA School of Law in 2017. Mr. Young's successful advocacy on behalf of his and JSLF's clients has resulted in significant awards and numerous accolades, including his being recognized as a 2025 "Rising Star" by Law360, a "Next Generation Partner" by the Legal 500, a member of the "40 Under 40" list by the California *Daily Journal*, and a "Rising Star of the Plaintiffs Bar" in the *National Law Journal*'s Elite Trial Lawyer Awards, among others. Mr. Young has earned a reputation for being a tenacious advocate during all phases of litigation, serving as a core member of the trial team in several groundbreaking cases, while adhering to the highest ethical standards with respect to his duties to the tribunal as well as to opposing counsel.[3] Young Decl. ¶¶ 9, 11.

In addition to his legal work, Mr. Young also spends considerable time focusing on mentorship in both the legal and his local Bay Area community. He serves in leadership positions in various bar organizations, including the Antitrust Section of the American Bar Association, the California Lawyers Association, and the Asian American Bar Association of the Greater Bay Area. He is regularly invited to give lectures or to participate in panels with respect to issues involving AI. Additionally, he frequently serves as a panelist or moderator in events focusing on developing skills for early-career lawyers or law

---

[2] *E.g.*, *Andersen v. Stability AI, Ltd.*, 700 F. Supp. 3d 853, 863-64 (N.D. Cal. Oct. 30, 2023) (first case denying a motion to dismiss direct infringement claims in generative-AI case).

[3] *E.g.*, *Le v. Zuffa*, No. 15-cv-01045 (D. Nev.); *In re Capacitors Antitrust Litig.*, No. 17-md-02801 (N.D. Cal.).

students. Mr. Young also volunteers his time to local organizations, including volunteering as an essay-reviewer for students applying to colleges. Young Decl. ¶ 12.

As a firm, JSLF has tried numerous class actions and other complex cases. Young Decl. ¶ 4. Representative examples of JSLF's recent appointments as lead counsel in cases involving a range of subject matter include: *In re Mosaic LLM Litigation*, 3:24-cv-01451-CRB (N.D. Cal.) (involving artificial intelligence products); *In re Capacitors Antitrust Litig.*, No. 17-md-02801-JD (N.D. Cal.); *In re Restasis Antitrust Litig.*, MDL No. 02819 (NG) (LB) (E.D.N.Y); *In re High-Tech Employee Antitrust Litig.*, No. 5:11-cv-02509 (N.D. Cal.); *In re Cipro Cases I and II*, JCCP Nos. 4154 and 4220 (San Diego Cnty. Sup. Ct.); *In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, No. 1:21-cv-00305 (E.D. Ill.); *In re: Visa Debit Card Antitrust Litigation*, No. 1:24-cv-07435-JGK (S.D.N.Y.); *Jones v. Varsity Brands, LLC*, No. 2:20-cv-02892-SHL (W.D. Tenn.); and *Le v. Zuffa, LLC* d/b/a/ *Ultimate Fighting Championship*, No. 2:15-cv-01045-RFB (D. Nev.). Young Decl. ¶ 4. Many of the cases were groundbreaking in their own right and represented record settlements at the time. JSLF's work has resulted in the successful resolution of many actions, both before and after trial. To date, JSLF attorneys have generated over $5 billion for their clients. JSLF also has extensive experience trying complex cases and has the experience, ability, and will take this litigation to trial. *See* Young Decl. ¶¶ 5–6. Additional information about JSLF's trial experience can be found in its firm resume. *See* Young Decl. Ex. A.

**Joseph R. Saveri.** Mr. Young is joined by Joseph R. Saveri, JSLF's Founder. Mr. Saveri has 35 years of experience in class actions and other complex litigation, including leading dozens of multidistrict and other class actions. Young Decl. ¶¶ 13–14. Mr. Saveri is one of the most accomplished and respected attorneys in the country.[4] He was included in Lawdragon's inaugural list of Leading AI & Legal Tech Advisors and named by the California *Daily Journal* as one of the Top Artificial Intelligence Lawyers in California in 2024. As a result of his advocacy in AI-related cases, Mr. Saveri has also been featured in 2024 by the *Daily Journal* as a Top Intellectual Property Lawyer. This month, *Law360*

---

[4] For example, David Balto, former policy director at the FTC described Mr. Saveri as the "Michael Jordan of plaintiffs' antitrust." *See* Melissa Lipman, *Lieff Cabraser Antitrust Chief to Launch Own Firm*, LAW360 (May 1, 2012), *available at* https://www.law360.com/articles/335937/lieff-cabraser-antitrust-chief-to-launch-own-firm.

recognized him as one of its prestigious "Titans of the Plaintiffs Bar." Young Decl. ¶ 14. In addition, Mr. Saveri has developed a reputation as one of the nation's leading attorneys specializing in antitrust law and class actions. Mr. Saveri is rated an AV preeminent by LexisNexis Martindale-Hubbell and has consistently been ranked a "Band 1" (highest-ranking) attorney by Chambers USA in its "Antitrust: Mostly Plaintiff" and "Antitrust: Plaintiff" categories for many years. Young Decl. ¶ 14. Mr. Saveri also served as a Northern District Lawyers Representative. He was part of the group that authored the Northern District E-Discovery (ESI) guidelines. *See* https://cand.uscourts.gov/rules-forms-fees/northern-district-guidelines/e-discovery-esi-guidelines-model-stipulated-orders. Mr. Saveri will serve as a senior partner overseeing this litigation and performing major litigation tasks as required, including trial.

In addition to Messrs. Young and Saveri, the JSLF team includes other key members, each of whom has amassed acclaim in their own right. JSLF's litigation team here includes attorneys Alexandra Fernandez, Holden Benon and Louis Kessler, as well as the entire JSLF professional staff:

***Alexandra Fernandez.*** Ms. Fernandez is counsel at JSLF and has 18 years of experience in complex commercial litigation, including multi-district cases and class actions. Ms. Fernandez has been recognized as a Rising Star (Super Lawyers) by her colleagues in both states. Over the course of her career, she has managed all phases of civil litigation, including discovery, summary judgment, trial, appeal and settlement. Ms. Fernandez has tried many jury cases to verdict, obtaining numerous favorable verdicts as lead counsel and second chair in both state and federal courts, and has prepared over a dozen additional matters for trial before playing a vital role in negotiating successful resolutions. Ms. Fernandez is currently representing artists in a copyright class-action lawsuit against generative-AI companies Stability AI, Inc., Stability AI Ltd., Midjourney, Inc., Runway AI, Inc., and DeviantArt, Inc. in *Andersen, et al. v. Stability AI, Inc., et al.,* No. 3:23-cv-00201-WHO (N.D. Cal.). Young Decl. ¶ 15.

***Holden Benon.*** Mr. Benon is a senior associate at JSLF. He was an associate at an AmLaw100 law firm in San Francisco where he obtained significant experience representing plaintiffs and defendants in federal district and appellate courts. Over the past seven years, his practice has focused on intellectual property enforcement and insurance coverage litigation. Among his various

accomplishments, Mr. Benon successfully litigated a plaintiff-side copyright infringement matter he brought to his firm as a second-year associate. He has devoted the last two years of his practice to generative-AI litigation.  Mr. Benon has spoken at The Sedona Conference regarding artificial intelligence discovery, as well as several insurance trade association events regarding insurance and artificial intelligence. This year, Super Lawyers named Mr. Benon a "Rising Star" and Best Lawyers selected him as "One to Watch." Young Decl. ¶ 16.

*Louis Kessler.* Mr. Kessler is a graduate of the University of Chicago Law School and has over two decades of experience in complex class action litigation and appeals. His breadth of experience includes major antitrust, securities fraud, and consumer fraud class actions and, more recently, generative-AI copyright cases. Mr. Kessler has served as counsel for copyright owners at JSLF in AI copyright cases since their inception, including on *Doe 1 v. GitHub, Inc*., No. 4:22-cv-06823-JST (N.D. Cal.); *Andersen v. Stability AI Ltd*., No. 3:23-cv-00201-WHO (N.D. Cal.); and *In re Google Generative AI Copyright Litig.*, No. 5:23-cv-03440-EKL (N.D. Cal.). Young Decl. ¶ 17.

### C. JSLF Has the Most Knowledge of and Experience in AI Copyright Law.

JSLF and its lawyers have and continue to devote a significant portion of their practice to litigating artificial intelligence copyright class action suits, which present class claims and underlying facts similar to those involved here. The firm has prosecuted a number of generative-AI cases. These include cases involving text-based large language models,[5] as well as cases involving image-based diffusion models, or hybrid multimodal models.[6] JSLF lawyers, including Messrs. Young and Saveri, were among the first to file these cases including those challenging the use of the illicit Books3 dataset at issue here, and were among the first to successfully litigate important milestones in generative-AI litigation, including with respect to Rule 12 motion practice.[7] JSLF attorneys have also negotiated and

---

[5] *See Doe 1 v. GitHub, Inc*, No. 4:22-cv-06823-JST (N.D. Cal.); *In re OpenAI ChatGPT Litigation*, No. 25-md-03143 (S.D.N.Y.); *In re Mosaic LLM Litigation*, No. 3:24-cv-01451-CRB (N.D. Cal.); *Kadrey, et al. v. Meta Platforms, Inc.*, No. 23-cs-03417-VC (N.D. Cal.); *Nazemian, et al. v. Nvidia Corp.*, No. 4:24-cv-01454-JST (N.D. Cal.).

[6] *See Andersen v. Stability AI Ltd*., No. 3:23-cv-00201-WHO (N.D. Cal.); *In re Google Generative AI Copyright Litigation*, No. 5:23-cv-03440-EKL (N.D. Cal.).

[7] *See Andersen v. Stability AI Ltd.*, 744 F. Supp. 3d 956, 969 (N.D. Cal. 2024)

litigated protocols for the production or inspection of key technical evidence, including source code and training data. JSLF attorneys also have negotiated and litigated protective orders stemming from this District's model orders that were designed for patent cases, which were not originally contemplated for cases of this sophistication nor for class cases. JSLF's familiarity with the developing legal landscape and case law in this area is unparalleled and will be indispensable to advancing the class claims efficiently and effectively in this litigation. Indeed, as mentioned above, that experience has already borne fruit here as the *Martinez-Conde* Complaint contains specific allegations that advance the litigation by focusing issues, while the class definition clears, at the outset, ambiguities that have been known to arise in other cases.

### D.     JSLF Will Dedicate Ample Resources to Prosecute this Consolidated Action Effectively and Efficiently.

As demonstrated by the thousands of hours and out-of-pocket costs expended to date across the generative-AI actions JSLF is actively prosecuting, Messrs. Young and Saveri, and JSLF have the attorney and financial resources needed to prosecute this action in the best interests of the proposed class. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). JSLF is ably staffed with attorneys, investigators, paralegals and professional staff required to successfully prosecute this case. In addition to Messrs. Young and Saveri, JSLF partners Ronnie Spiegel, Cadio Zirpoli and David Seidel will lend their significant expertise to this litigation and well as the numerous, devoted younger lawyers, document-review attorneys, paralegals, and in-house professional staff and investigators at JSLF.

JSLF is committed to litigating the case efficiently and economically. JSLF has the unique advantage of its broad experience leading similar complex cases. JSLF will institute regular timekeeping and reporting to ensure that work is performed in an efficient manner and to ensure that all professional time associated with this consolidated action is of the highest quality, without duplication or inefficiency (*See* Young Decl. Ex. C). Finally, JSLF is entirely self-funded, with no litigation funder arrangements or similar obligations, nor does JSLF intend to form such arrangements. JSLF can independently finance this litigation through trial, as evidenced by JSLF investing almost $9 million in costs to take the *Capacitors* litigation to trial—twice. *See* Young Decl. ¶ 20 n.5. Indeed, JSLF has already committed

human and financial resources toward the prosecution of this case by engaging and consulting with experts to help plan for necessary discovery and strategy to achieve the best possible results for the Class.

JSLF maintains its home office in San Francisco, California, in the district where Apple is headquartered and where most, if not all, of the depositions of Apple witnesses are likely to occur in the future. JSLF also maintains an office in New York City, where JSLF's continuing investigation has revealed is proximate to other potential sources of relevant information to be obtained from Apple.

### E. JSLF Has Demonstrated the Ability to Coordinate and Work Cooperatively with the Other Firms Involved

The *Martinez-Conde* Plaintiffs and JSLF have cooperated with defense counsel and other plaintiffs' counsel and sought to, and agreed to, organize and consolidate actions against Apple before this Court and indeed, were among the first to begin efforts to coordinate the parallel cases. JSLF has consistently embraced opportunities to collaborate and divide labor with the other firms involved in this case in other matters in order to achieve the best outcomes for its clients. JSLF has partnered with Mr. Butterick, counsel for the *Hendrix* Plaintiffs, in *Doe 1 v. GitHub, Inc.*, *Andersen v. Stability AI Ltd.*, *Kadrey v. Meta*, *In re OpenAI ChatGPT Litig.,* and *In re Mosaic LLM Litig.,*. Mr. Saveri is co-lead counsel with Lesley Weaver of Bleichmar Fonti & Auld LLP in *In re Google Generative AI Copyright Litig*. JSLF has also partnered with Susman Godfrey LLP in *In re OpenAI ChatGPT Litig., In re Mosaic LLM Litig.,* as well as the consolidated *Nazemian v. NVIDIA* copyright litigation. JSLF has worked closely with the attorneys of Cotchett, Pitre & McCarthy, LLP over the years, including in large and important cases such as *In re Capacitors Antitrust Litig.*, which was pending in this District before Judge Donato.

Whether Mr. Young and JSLF are appointed Class Counsel, as chair or a member of a leadership committee, or as liaison counsel, Mr. Young and JSLF will continue to work cooperatively with the other law firms representing plaintiffs in this matter, consistent with its conduct to date. JSLF's commitment to collegiality is not merely one of expedience, but instead a core tenet of the firm. JSLF's established relationships and history of effective collaboration with the other firms involved in this and other complex class actions position JSLF to foster consensus, delegate tasks judiciously, and maintain

seamless communication among all plaintiffs' counsel. JSLF will leverage its expertise and ability to promote consensus to present a consolidated class plaintiffs' unified position on all pretrial matters.

JSLF's strategic location and established infrastructure allow the firm to coordinate closely with all parties and efficiently manage discovery, depositions, and expert analysis. JSLF's leadership and deep bench of attorneys, paralegals, and professional staff, combined with the firms' substantial financial resources and demonstrated ability to independently fund large-scale litigation, ensures that JSLF will vigorously prosecute this action through its resolution. Indeed, JSLF has already invested many hours and out-of-pocket costs, reflecting the firm's unwavering commitment to the class.[8]

### III.   CONCLUSION

For the foregoing reasons, JSLF and Christopher K.L. Young satisfy the criteria set forth in Rule 23(g). The *Martinez-Conde* Plaintiffs respectfully request the Court appoint Christopher K.L. Young and JSLF as Interim Class Counsel for the consolidated Class.

---

[8] JSLF is well familiar with the Northern District of California's Professional Conduct Guidelines. *See* Civ. L.R. 11.4.

| | |
|---|---|
| Dated: November 21, 2025 | Respectfully Submitted, |
| | JOSEPH SAVERI LAW FIRM, LLP |
| | By:     */s/ Christopher K.L. Young*<br>           Christopher K.L. Young |

Joseph R. Saveri (State Bar No. 130064)
Christopher K.L. Young (State Bar No. 318371)
Alexandra Fernandez (State Bar No. 330518)
Holden Benon (State Bar No.325847)
Louis Kessler (State Bar No.243703)
Avery Wolff (*pro hac vice* anticipated)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
            cyoung@saverilawfirm.com
            afernandez@saverilawfirm.com
            hbenon@saverilawfirm.com
            lkessler@saverilawfirm.com
            awolff@saverilawfirm.com

*Attorneys for Plaintiffs in the Martinez-Conde Action*