William Dreher (*pro hac vice*)
Derek W. Loeser (*pro hac vice*)
Cari C. Laufenberg (*pro hac vice* pending)
Benjamin Gould (SBN 250630)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
(206) 623-1900
wdreher@kellerrohrback.com
dloeser@kellerrohrback.com
claufenberg@kellerrohrback.com
bgould@kellerrohrback.com

Matthew Butterick (SBN 250953)
BUTTERICK LAW PC
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@buttoricklaw.com

*Additional Counsel Listed in Signature Block*

Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
(713) 653-7802
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
rnath@susmangodfrey.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| GRADY HENDRIX & JENNIFER ROBERSON, *Individual and Representative Plaintiffs*, v. APPLE INC., *Defendant*. | No. 4:25-cv-07558-YGR No. 4:25-cv-08695-YGR No. 4:25-cv-09090-YGR **RESPONSE TO MOTIONS FOR INTERIM LEADERSHIP** Hearing: December 30th at 2:00 PM |
| SUSANA MARTINEZ-CONDE, STEPHEN L. MACKNIK *Individual and Representative Plaintiffs*, v. APPLE INC., *Defendant*. | |

TASHA ALEXANDER, An Individual on Behalf of Herself and All Others Similarly Situated,

*Plaintiff*,

v.

APPLE INC., a California Corporation, CRAIG FEDERIGHI, an individual, and JOHN GIANNANDREA, an individual,

*Defendants*.

## I.    INTRODUCTION

Counsel for the *Hendrix* Plaintiffs—led by William Dreher of Keller Rohrback and Rohit Nath of Susman Godfrey, and supported by additional counsel from their firms with extensive leadership experience—are best suited to represent the interests of the putative class. Keller Rohrback and co-counsel Matthew Butterick were the first to file suit against Apple to hold it accountable for pirating the works of authors like Plaintiffs and Class Members. Mr. Butterick has played a critical role in developing the first wave of artificial intelligence ("AI") related copyright cases. And Susman Godfrey brings an unmatched AI-litigation track record. They are lead counsel in the highly consequential *OpenAI* litigation, in which the firm recently defeated several motions to dismiss and strike the pleadings. Susman Godfrey has also successfully navigated an AI class-action suit (in *Anthropic*) to preliminary approval of a historic $1.5 billion settlement. By contrast, none of the competing leadership teams have, in a generative-AI case, successfully certified a class, defeated a fair-use defense at summary judgment, or reached a settlement. On top of that, Keller Rohrback and Susman Godfrey are two of the premier plaintiff-side litigation firms in the country, with the resources and personnel necessary to advance this litigation quickly and efficiently.

In short, counsel for the *Hendrix* Plaintiffs possess a track record in AI class-actions specifically, and plaintiff-side class actions generally, that affords unique advantages in representing

this class. Even if competing leadership teams could demonstrate similar experience and skill, that the *Hendrix* action was first-filed—and that the *Martinez-Conde* and *Alexander* complaints[1] track it in substance—would be the "objective tie-breaker." *In re Sandisk SSDs Litig.*, 2023 WL 10367607, at *1 (N.D. Cal. Dec. 4, 2023).

In their leadership motions, counsel for the *Martinez-Conde* Plaintiffs and *Alexander* Plaintiffs focus on identifying distinctions between their complaints and the *Hendrix* complaint. But their additions to the first-filed *Hendrix* complaint are limited and nonessential, only underscoring the extent to which other plaintiffs' counsel relied on the *Hendrix* complaint. The other plaintiffs' counsel also tout their pre-filing research or post-filing coordination. These efforts do not outstrip those of the *Hendrix* counsel; even if they did, any differences at this early stage in the litigation would be trivial.

Together, the *Hendrix* counsel have the skill, experience, and resources to effectively represent the Class and advance this case.

## II.    ARGUMENT

**A.    Counsel for the *Hendrix* Plaintiffs have done the most to advance this litigation.**

Under Rule 23(g)(1)(A)(i), the *Hendrix* counsel have done the most "work . . . in identifying or investigating potential claims in [this] action." Fed. R. Civ. P. 23(g)(1)(A)(i). The *Hendrix* counsel researched, drafted, and filed the first complaint alleging copyright violations by Apple. That complaint became the template for the later-filed *Martinez-Conde* complaint, which contains large swaths of identical allegations, as well as the *Alexander* complaint, which tracks the *Hendrix* complaint's core allegations. The distinctions between complaints that the *Martinez-Conde* counsel

---

[1] The "*Hendrix* Complaint" refers to Case No. 25-cv-07558-YGR, ECF No. 1. The "*Martinez-Conde* Complaint" refers to Case No. 25-cv-08695-YGR, ECF No. 1. The "*Alexander* Complaint" refers to Case No. 25-cv-09090-YGR, ECF No. 1. All other docket citations are to the consolidated *Hendrix* docket, unless otherwise indicated.

and the *Alexander* counsel cite, and the ways each counsel asserts they have advanced the case to date, are not significant.

        **1.    The *Martinez-Conde* complaint is not materially different from the *Hendrix* complaint.**

For the most part, the *Martinez-Conde* complaint copies verbatim, or makes minimal alterations to, significant portions of the *Hendrix* complaint. *Compare, e.g.*, *Martinez-Conde* Compl. ¶¶ 40-42, 46, 49-58, 59-86, *with Hendrix* Compl. ¶¶ 26-29, 32-41, 42-69. And while the *Martinez-Conde* counsel cite three distinctions between the *Martinez-Conde* and *Hendrix* complaints, none materially advances the case.

First, the *Martinez-Conde* counsel state their complaint "identifies other training datasets Apple acquired and used," including one named "RefinedWeb." ECF No. 60 at 5 (*Martinez-Conde* Mot.). But the paragraph cited by the *Martinez-Conde* counsel for that point just refers to the same list of datasets (including RefinedWeb) as does the *Hendrix* complaint, cites the same source for that list, and even copies many of the same relevant sentences from the *Hendrix* complaint verbatim. *Compare Martinez-Conde* Compl. ¶ 42, *with Hendrix* Compl. ¶¶ 28-29 & table.

The *Martinez-Conde* counsel next argue that their complaint distinguishes itself by specifying "multiple acts of infringement" through "all important requisite stages of the training process." *Martinez-Conde* Mot. at 5. But the *Hendrix* complaint likewise alleges "numerous separate infringing uses of Plaintiffs' and Class Members' works" throughout the training process. *Hendrix* Compl. ¶ 71. Indeed, several of the very paragraphs that the *Martinez-Conde* counsel cite as "reflect[ing] the experience and knowledge of [*Martinez-Conde* counsel]," *Martinez-Conde* Mot. at 5, in fact closely track substantially similar, and often identical, allegations from the *Hendrix* complaint. *Compare Martinez-Conde* Compl. ¶¶ 83, 88, 102, *with Hendrix* Compl. ¶¶ 66, 71, 84. Two others simply describe how LLMs are trained, allegations that are also asserted generally in the *Hendrix* complaint.

*See Martinez-Conde* Compl. ¶¶ 8, 34; *Hendrix* Compl. ¶¶ 21-25, 57-58 (describing training on and processing of datasets), ¶ 71 (alleging multiple infringing uses in the training process).

Finally, the *Martinez-Conde* counsel tout their narrower class definition. *Martinez-Conde* Mot. at 6. But any difference between the definitions is marginal at this stage. Both definitions require that works be copyrighted and registered, *compare Hendrix* Compl. ¶ 72, *with Martinez-Conde* Compl. ¶ 89, and both definitions "make clear that the challenged conduct includes all phases of the training or development of the at-issue models," *Martinez-Conde* Mot. at 6; *see Hendrix* Compl. ¶¶ 71-72.

### 2.  The *Alexander* complaint is not different from the *Hendrix* complaint in ways that materially benefit the case.

The *Alexander* complaint's key allegations largely track the sequence and substance of those in the *Hendrix* complaint. *Compare Hendrix* Compl. ¶¶ 26-51, 53-69, *with Alexander* Compl. ¶¶ 67-74, 76-78, 80-82, 84-95, 100-01, 104-15.

Any distinctions between the *Alexander* and *Hendrix* complaints do not appear helpful to the class. First, the *Alexander* counsel stress that they added allegations against individual defendants Craig Federighi and John Giannandrea. *Alexander* Compl. ¶¶ 23-24; ECF No. 59 at 5, 7 (*Alexander* Mot.). But Apple has the resources to satisfy any judgment, so additional (possibly indemnified) individual defendants do not help there. One defendant named in the *Alexander* complaint also recently announced his retirement from Apple, so injunctive relief against him would be inoperable. *See John Giannandrea to Retire from Apple*, APPLE NEWSROOM (Dec. 1, 2025), https://www.apple.com/newsroom/2025/12/john-giannandrea-to-retire-from-apple/. Even if the *Alexander* counsel could later augment the complaint's few allegations regarding these individuals, their addition does not meaningfully alter the theory of the case or relief for the class.

Second, the *Alexander* counsel pled that Apple's infringement was not fair use, which they say indicates they "took the care to anticipate a likely defense." *Alexander* Compl. ¶¶ 116-129; *Alexander*

Mot. at 8. But fair use is an "affirmative defense" to copyright infringement, and so the burden to develop and prove it rests with Apple. *Monge v. Maya Mags., Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012). Moreover, the fair-use question in this case is novel and highly "fact dependent," not suitable for adjudication before robust development of the factual record. *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1035 (N.D. Cal. 2025). For those reasons, it is unnecessary to include "allegations to counter the Fair Use defense" in the complaint, much less a fair-use legal argument of the type contained in the *Alexander* complaint. *Alexander* Mot. at 6; *Alexander* Compl. ¶¶ 116-129.[2]

### 3.    Neither counsel identifies ways in which they have materially advanced the case.

The *Martinez-Conde* counsel say that they have been investigating Apple's conduct since "before August 2024" and that they spent "hundreds of hours of extensive investigation of the AI industry's practices" and "hundreds of hours of extensive legal and factual research regarding Plaintiffs' claims under federal copyright law." *Martinez-Conde* Mot. at 4-6. But counsel cannot show that their many hours benefited the class, given the substantial identity between their later-filed complaint and that of *Hendrix*.

The *Alexander* counsel argue that they advanced the case by emailing other counsel and drafting a stipulation to consolidate. *Alexander* Mot. at 3, 8. The *Hendrix* counsel could have similarly pointed to, for instance, their earlier circulation of the first proposed consolidation stipulation after the *Alexander* counsel entered the case. But in the *Hendrix* counsel's view, which counsel emailed others

---

[2] *Alexander* counsel also assert that the "Fair Use doctrine is very frequently the centerpiece of motions to dismiss in copyright matters." *Alexander* Mot. at 8. That has not been *Hendrix* counsel's experience in AI copyright cases. More broadly, "courts rarely analyze fair use on a 12(b)(6) motion" given the "narrow inquiry at th[at] stage and limited access to all potentially relevant and material facts." *Browne v. McCain*, 611 F. Supp. 2d 1073, 1078 (C.D. Cal. 2009); *see also Moebius v. HB USA Holdings, Inc*., 2021 WL 9747624, at *3 (C.D. Cal. July 16, 2021) ("[R]esolution of a fair use issue at the motion to dismiss stage is 'unusual.'" (quoting *Leadsinger, Inc. v. BMG Music Pub*., 512 F.3d 522, 530 (9th Cir. 2008))).

first about consolidation or scheduling is, respectfully, not a relevant indication of which counsel is best positioned to vigorously prosecute a multi-year complex litigation on behalf of the class.

**B.    The *Hendrix* counsel have the most relevant experience and knowledge of the claims asserted in this action, and the greatest resources to commit to the litigation.**

Under the remaining Rule 23(g)(1)(A) factors, counsel for the *Hendrix* Plaintiffs have a decided advantage. Susman Godfrey is one of the only firms in the country to have brought an AI-copyright case through class certification to a speedy and successful resolution for the class. *See Andrea Bartz et al v. Anthropic PBC*, No. 3:24-cv-05417 (N.D. Cal) at ECF No. 231 (summary judgment), ECF No. 244 (order certifying class), ECF No. 437 (order granting preliminary settlement approval). Mr. Nath of Susman Godfrey argued the critical summary judgment issues that set the stage for that settlement. ECF No. 57 at 6, 12-13 (*Hendrix* Mot.); ECF No. 57-5 at 3-7. More recently, the court credited Susman Godfrey's and its co-counsel's efforts to "blow the whistle" and stop a third party's misleading marketing and unethical conduct toward class members. Nath Decl., Ex. A. (November 25, 2025 Hearing Transcript in *Bartz v. Anthropic*, 3:24-cv-05417-WHA (N.D. Cal.)).

Justin A. Nelson of Susman Godfrey, who is on the litigation team here, has been appointed as interim lead counsel in the consolidated AI-copyright case *In Re OpenAI Copyright Litigation*, No. 1:25-md-03143 (S.D.N.Y.), May 30, 2025, ECF No. 83. Under his leadership, the firm recently defeated OpenAI's motion to dismiss the class's output-based infringement claims. *Id.*, ECF No. 701. Co-Counsel Matthew Butterick has been a central figure in developing the theory behind AI copyright infringement cases. *Hendrix* Mot. at 14-15; ECF No. 57-4 at Exhibit B. Indeed, the *Martinez-Conde* counsel have described Mr. Butterick as the "architect" of their AI-copyright cases. *In Re OpenAI Copyright Litigation*, ECF No. 74-1 at 17. Keller Rohrback, which has recently broken new ground in litigation against major technology companies, has already expended significant time and effort advancing this case, including by retaining experts across multiple disciplines. *Hendrix* Mot. at 10, 16-17; ECF No. 57-2 at 2-3. Keller Rohrback and Susman Godfrey are both large, well-resourced firms

that are prepared to absorb the costs of this case and litigate it fully and aggressively. *Hendrix* Mot. at 15-16.

The *Martinez-Conde* counsel highlight that they have filed at least eight AI cases, including one against Salesforce five days after filing in this case. *Martinez-Conde* Mot. at 2-3 & n. 1. But Susman Godfrey has as much experience in AI cases as any firm in the country, including success at the summary judgment, class certification, and, pending final approval, settlement stage. Moreover, what matters are not just the number of AI cases counsel have filed, but the resources, time, and attention counsel can commit to this case in particular—and this case is currently Keller Rohrback's sole focus in the AI space. Fed. R. Civ. P. 23(g)(1)(A)(iv).

### III.    CONCLUSION

The Court should appoint William Dreher of Keller Rohrback and Rohit Nath of Susman Godfrey as interim co-lead counsel in this matter. Keller Rohrback, with the assistance of co-counsel Matthew Butterick, has done more to advance this case than any other firm, and Susman Godfrey and Mr. Butterick bring unmatched subject matter expertise. Together, the *Hendrix* counsel have superior capacity to efficiently prosecute this action, develop and master a highly technical factual record, handle novel legal questions in innovative ways, and diligently work toward a favorable resolution for the class.

DATED this 5th day of December, 2025.


KELLER ROHRBACK L.L.P.

By *s/ William Dreher*
William K. Dreher, *Pro Hac Vice*
Benjamin Gould (SBN 250630)

Derek W. Loeser, *Pro Hac Vice*
Cari C. Laufenberg, *Pro Hac Vice* pending
Chris N. Ryder, *Pro Hac Vice*
Elizabeth W. Tarbell, *Pro Hac Vice*
Samuel Rubinstein, *Pro Hac Vice*
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
(206) 623-1900
Fax (206) 623-3384
bgould@kellerrohrback.com
wdreher@kellerrohrback.com
dloeser@kellerrohrback.com
cryder@kellerrohrback.com
claufenberg@kellerrohrback.com
etarbell@kellerrohrback.com
srubinstein@kellerrohrback.com

SUSMAN GODFREY L.L.P.

By *s/ Rohit D. Nath*
Rohit D. Nath (SBN 316062)
Justin A. Nelson, *Pro Hac Vice*
Alejandra C. Salinas, *Pro Hac Vice*
Jordan Connors, *Pro Hac Vice*
Eleanor Runde, *Pro Hac Vice*
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
rnath@susmangodfrey.com
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
jconnors@susmangodfrey.com
erunde@susmangodfrey.com

BUTTERICK LAW PC

By *s/ Matthew Butterick*
Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
mb@butericklaw.com

Attorneys for Plaintiffs