JOSEPH W. COTCHETT (SBN 36324)
BRIAN DANITZ (SBN 247403)
GIA JUNG (340160)
CAROLINE YUEN (SBN 354388)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcom Road
Burlingame, CA 94010
T: (650) 697-6000
jcotchett@cpmlegal.com
bdanitz@cpmlegal.com
gjung@cpmlegal.com
cyuen@cpmlegal.com

LESLEY E. WEAVER (SBN 191305)
ANNE K. DAVIS (SBN 267090)
JOSHUA D. SAMRA (SBN 313050)
**BLEICHMAR FONT & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
T: (410) 445-4003
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

KARIN B. SWOPE (*pro hac vice*)
THOMAS E. LOESER (SBN 202724)
ANDREW FULLER (*pro hac vice* forthcoming)
JACOB ALHADEFF (*pro hac vice* forthcoming)
**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Ave., Ste. 1610
Seattle, WA 98101
T: (206) 802-1272
F: (206) 299-4184
kswope@cpmlegal.com
tloeser@cpmlegal.com
afuller@cpmlegal.com
jalhadeff@cpmlegal.com

*Counsel for Plaintiff Tasha Alexander*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| GRADY HENDRIX, JENNIFER ROBERSON, SUSANA MARTINEZ-CONDE, STEPHEN L. MACKNIK, and TASHA ALEXANDER,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>APPLE INC., CRAIG FEDERIGHI, and JOHN GIANNANDREA,<br><br>Defendants. | Case No. 4:25-cv-07558-YGR<br><br>**PLAINTIFF TASHA ALEXANDER'S RESPONSE IN OPPOSITION TO PLAINTIFFS GRADY HENDRIX AND JENNIFER ROBERSON'S MOTION FOR LEADERSHIP AND PLAINTIFFS SUSANA MARTINEZ-CONDE AND STEPHEN L. MACKNIK'S MOTION FOR LEADERSHIP**<br><br>**FED. R. CIV. P. 23(g); Civil L.R. 7-11**<br><br>Judge:   Hon. Yvonne Gonzalez Rogers<br>Date:    December 30, 2025<br>Time:    2:00 p.m.<br>Courtroom: 1, Fourth Floor |

RESPONSE TO MOTIONS TO APPOINT INTERIM LEAD COUNSEL
CASE NO. 4:25-cv-07558-YGR

<mark>
Case 4:25-cv-07558-YGR   Document 62   Filed 12/05/25   Page 2 of 11
</mark>

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT .................................................................................................................1

    A. Ms. Swope and Ms. Davis Are the Strongest Candidates for Interim Co-Lead Counsel. ...........................................................................................................1

        1. Ms. Swope and Ms. Davis Have Advanced the Case and the Interests of the Class. ...................................................................................................1

        2. Ms. Swope and Ms. Davis Present the Best Balance Between a Rising Star and Proven Hand, and They Offer a Proven Record of Working Well Together and With Others for Extraordinary Results. ........................3

        3. Ms. Swope and Ms. Davis Have Extensive Expertise in the Applicable Law. .............................................................................................................5

        4. Proposed Interim Counsel Will Commit Ample Resources to Prosecute the Cases Efficiently. ..............................................................5

        5. Proposed Interim Counsel Are Committed to Diversity and Inclusion. .....6

        6. Ms. Swope and Ms. Davis Have a Proven Record of Working Cooperatively With Others. .......................................................................6

III. CONCLUSION ...............................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ekin v. Amazon Servs., LLC*,
  No. C14-0244-JCC, 2014 WL 12028588 (W.D. Wash. May 28, 2014) .....................................1

*In re Robinhood Outage Litig.*,
  No. 20-cv-01626-JD, 2020 WL 7330596 (N.D. Cal. July 14, 2020) ........................................6

*In re Stubhub Refund Litig.*,
  No. 20-md-02951-HSG, 2020 WL 8669823 (N.D. Cal. Nov. 18, 2020) ..................................6

*Napoleon v. Amazon.com, Inc.*,
  No. 2:24-cv-186-BJR, 2024 WL 3652873 (W.D. Wash. Aug. 5, 2024) ...................................2

*Pecznick v. Amazon.com, Inc.*,
  No. 2:22-cv-00743-TL, 2022 WL 4483123 (W.D. Wash. Sep. 27, 2022) ................................1

**Rules**

Fed. R. Civ. P. 23(g) ................................................................................................1, 2, 3, 5

## I. INTRODUCTION

Karin B. Swope and Anne K. Davis respectfully seek appointment as co-lead counsel for this consolidated matter. Under the governing Rule 23(g)(a) factors—the work counsel has done; experience; knowledge of the law; and resources to be applied to this matter—all applicants are qualified, experienced lawyers who have played significant roles in leading cases to good resolution. Ms. Swope and Ms. Davis stand out, however, because they *personally* performed the investigation and drafting of the complaint here; they *personally* have engaged in the negotiations with other counsel to advance the case; they *personally* are imbued with decision-making authority to lead this case; and they *personally* have the background and intellectual property experience to lead this case. They aren't figureheads—they are empowered by their firms to lead this case and ask the Court for the opportunity to further develop their skills in leadership roles.

## II. ARGUMENT

### A. Ms. Swope and Ms. Davis Are the Strongest Candidates for Interim Co-Lead Counsel.

Each factor under Rule 23(g) (1)(A) supports Ms. Swope's and Ms. Davis's appointment as Interim Co-Lead Counsel in this matter.

#### 1. Ms. Swope and Ms. Davis Have Advanced the Case and the Interests of the Class.

Ms. Swope and Ms. Davis have spent substantial time and resources advancing the interests of the Class. *See Ekin v. Amazon Servs., LLC*, No. C14-0244-JCC, 2014 WL 12028588, at *4 (W.D. Wash. May 28, 2014). Of the three complaints in this matter, Ms. Alexander's complaint is the strongest, a factor that supports their appointment. *See Pecznick v. Amazon.com, Inc.*, No. 2:22-cv-00743-TL, 2022 WL 4483123, at *5 (W.D. Wash. Sep. 27, 2022). Ms. Alexander is the only plaintiff whose Complaint seeks to hold Craig Federighi and John Giannandrea accountable for their leading roles in causing Apple to blatantly infringe Class Members' copyrights. Craig Federighi is Apple's Senior Vice President of Software Engineering at Apple. He oversees Apple's AI strategy including Apple Intelligence. Complaint, *Alexander v. Apple Inc., et al.*, No. 4:25-cv-09090-YGR (N.D. Cal. filed Oct. 22, 2025) [ECF No. 1] ("Alexander Compl.") ¶¶ 23, 96, 96 n.63. John Giannandrea is Apple's Senior Vice President of

1  Machine Learning and AI Strategy. Mr. Giannandrea was also personally involved in the training
2  of Apple's AI models and the company's decision to use and exploit the copyrighted works in
3  question. *Id.* ¶¶ 24, 96, 96 n.63. Ms. Alexander's inclusion of Mr. Federighi and Mr. Giannandrea
4  not only potentially increases the Class's recovery, but also sends an important deterrent message
5  to leaders in the AI community that authors will not allow individuals to evade or escape personal
6  accountability for encouraging, promoting, or facilitating unlawful copyright violations. The
7  inclusion of Mr. Federighi and Mr. Giannandrea reflects the leadership of Ms. Swope and Ms.
8  Davis and their experience and expertise in intellectual property matters.

9     The Alexander Complaint reflects another substantial contribution by addressing the Fair
10 Use defense proactively, which is very frequently the centerpiece of motions to dismiss in
11 copyright matters and provides important additional factual allegations that form the basis of
12 Plaintiffs' roadmap for discovery. Adding these allegations in the complaint was an important
13 strategic move that substantially advances the case for purposes of discovery and overcoming a
14 motion to dismiss. Ms. Alexander's Complaint contemplates the defense and raises additional
15 allegations designed to defeat it whereas the other complaints do not. *See* Alexander Compl.
16 ¶¶ 116–29. The Rule 23(g)(1)(A)(I) factor thus strongly supports the appointment of CPM and
17 BFA because Ms. Alexander filed a stronger complaint than the other Plaintiffs. And although
18 Keller Rohrback's clients filed their complaint before Ms. Alexander, the order of filing is not a
19 significant factor in the appointment of leadership. *See Napoleon v. Amazon.com, Inc.*, No. 2:24-
20 cv-186-BJR, 2024 WL 3652873, at *3 (W.D. Wash. Aug. 5, 2024) ("Being the first to the file
21 bears no relationship to the quality of representation a law firm will provide, which is the Court's
22 primary concern.").

23    Finally, Ms. Swope and Ms. Davis have shown care and attention to this matter through
24 their leadership in moving this litigation forward. They negotiated amongst all the parties and
25 drafted the stipulation to consolidate the plaintiffs' cases and to set a unified briefing schedule on
26 interim counsel leadership motions and motions to dismiss. They also closely coordinated with
27 co-plaintiffs' counsel and opposing counsel in reaching an accord on the final stipulation, which
28 took multiple rounds of negotiations.

RESPONSE TO MOTIONS TO APPOINT INTERIM LEAD COUNSEL – 2
CASE NO. 4:25-cv-07558-YGR

In contrast to Ms. Swope and Ms. Davis, Mr. Nath of Susman Godfrey has played no role in this case to date. The attorneys at Susman Godfrey are immensely talented and have worked extremely well with CPM and BFA in the past, and Ms. Swope and Ms. Davis would be proud to partner with them here. That being said, the fact remains that Susman Godfrey did not prepare a complaint in this matter and played no role in organizing Plaintiffs' and Apple's agreement on the proposed stipulated order consolidating this matter and setting a unified briefing schedule. In an apparent attempt to bolster their leadership application, Keller Rohrback brought in Susman Godfrey to join their existing slate of Keller Rohrback and Butterick Law at the eleventh hour. The firm Susman Godfrey and its attorneys appeared in this case for the first time—and on behalf of Keller Rohrback's clients—on November 20, 2025, the day before they filed a motion to be appointed as interim co-lead counsel. *See* ECF Nos. 48–52 (pro hac vice applications and notice of appearance from Susman Godfrey counsel). Considering this, Susman Godfrey has not shown the same level of care and attention to this matter as the other firms and the Rule 23(g)(1)(A)(i) factor—"the work counsel has done in identifying or investigating potential claims in the action"—supports Ms. Swope's and Ms. Davis's appointment in this matter.

> **2.      Ms. Swope and Ms. Davis Present the Best Balance Between a Rising Star and Proven Hand, and They Offer a Proven Record of Working Well Together and With Others for Extraordinary Results.**

The Rule 23(g)(1)(A)(ii) factor—"counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"—strongly supports the appointment of Ms. Swope and Ms. Davis.

Among the proposed counsel, Ms. Swope and Ms. Davis present the best balance between providing a rising star in the class action bar with her first leadership appointment and appointing an established hand with decades of expertise in intellectual property. Although Ms. Davis has achieved extraordinary results on behalf of her firm's clients in class litigation and is a rising leader in the class action bar, *see* Alexander Motion for Appointment of Interim Co-Lead Counsel [ECF No. 59] (the "Motion") at 12–13, Ms. Davis has not yet had an appointment as co-lead for a class.

Only Ms. Alexander's motion proposes a co-lead (not other individuals at a firm) with decades of expertise in intellectual property. As the Motion discusses, Ms. Swope has been an Adjunct Professor of copyright and intellectual property for almost two decades and has 32 years of experience litigating intellectual property matters, including copyright, trade secrets, patent, and trademarks cases. She is also the only proposed co-lead with experience as co-lead counsel in a class action. Ms. Swope currently serves as interim co-lead counsel in *In Re: Shale Oil Antitrust Litigation*, No. 1:24-md-03119-MLG-LF (D.N.M.) and served by individual appointment to the Executive Committee in *In re Apple Device Performance Litigation*, No. 18-md-2827-EJD (N.D. Cal.). Ms. Swope also has extensive experience litigating a class action against Apple. *See* Motion at 11 (discussing Ms. Swope's experience in *In re Apple Device Performance Litigation* (appointed Offensive Discovery and ESI Coordinator on the Executive Committee) and *Landsheft v. Apple Inc.*, No. 5:25-cv-02668-NW (N.D. Cal.) (works as an attorney on the case with appointed co-lead counsel at CPM)).

Further, Ms. Swope and Ms. Davis have a proven track record of success working together. Ms. Swope and Ms. Davis worked efficiently and effectively in the *In re Google RTB Consumer Privacy Litigation*, No. 21-cv-02155 (N.D. Cal.) case, and would do the same here. In contrast, it is unclear whether Mr. Dreher, Mr. Nath, and Mr. Butterick have worked together previously. Their motion does not address it.

Ms. Swope and Ms. Davis have also worked extremely well with counsel at Susman Godfrey, Keller Rohrback, and the Saveri Law Firm. In fact, prior to opening the Seattle office of CPM, Ms. Swope worked at and was a partner at Keller Rohrback for 14 years. Since joining CPM, Ms. Swope is currently partnering with Keller Rohrback in the consumer class action case *Mundle, et al. v. Doxo, Inc., et al.*, No. 2:24-cv-00893-TSZ (W.D. Wash).

Ms. Davis also has extensive experience working with Keller Rohrback and the Saveri Law Firm. Ms. Davis worked alongside Keller Rohrback in litigating *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, arising out of the Cambridge Analytica scandal, which resulted in a $725 million settlement. Ms. Davis also currently works closely with Mr. Young and the Saveri Law Firm in the *In re Google Generative AI Copyright Litigation* (N.D. Cal.) matter,

RESPONSE TO MOTIONS TO APPOINT INTERIM LEAD COUNSEL – 4
CASE NO. 4:25-cv-07558-YGR

which concerns a similar claim against Google for violation of copyright protections based on similar facts.

### 3. Ms. Swope and Ms. Davis Have Extensive Expertise in the Applicable Law.

As Ms. Alexander's Motion discusses, her proposed slate has deep expertise in intellectual property matters. *See* Motion at 8–16. Ms. Swope has litigated groundbreaking intellectual property cases for 32 years and educated the next generation of lawyers on copyright and intellectual property law for almost two decades. Ms. Swope also has extensive experience litigating against Apple specifically, and understands its systems, organization, and litigation practices. *See* Motion at 11 (discussing Ms. Swope's experience in *In re Apple Device Performance Litigation*—appointed Offensive Discovery and ESI Coordinator on the Executive Committee—and an attorney for co-lead in *Landsheft v. Apple Inc.*, No. 5:25-cv-02668-NW (N.D. Cal.)). As mentioned, Ms. Davis is currently litigating *In re Google Generative AI Copyright Litigation* (N.D. Cal.), and Ms. Lesley Weaver, the Partner-in-Charge of BFA's California office and the head of BFA's Antitrust and Consumer Litigation Team, is currently co-lead counsel in that matter. No other applicants for co-lead have the *personal* depth or breadth of this type of litigation experience against Apple or applicable intellectual property experience.

### 4. Proposed Interim Counsel Will Commit Ample Resources to Prosecute the Cases Efficiently.

Ms. Swope and Ms. Davis have the resources needed to prosecute this action in the best interests of the proposed class. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). They have the support of a blockbuster team of attorneys, including Joe Cotchett, one of the most highly-regarded trial lawyers in the nation, and Lesley Weaver, one of California's most accomplished class action litigators with a record of groundbreaking results against tech companies, and named by The National Law Journal as one of just ten Elite Women in the Plaintiffs' Bar nationally. *See* Motion at 10–15, 13–16. Additionally, Ms. Swope and Ms. Davis have the time and resources to commit personally to this case. Ms. Swope is currently appointed to only one other co-lead appointment,

RESPONSE TO MOTIONS TO APPOINT INTERIM LEAD COUNSEL – 5
CASE NO. 4:25-cv-07558-YGR

*In Re: Shale Oil Antitrust Litigation*, No. 1:24-md-03119-MLG-LF (D.N.M.), and Ms. Davis is currently not personally appointed lead in a class action case.[1]

### 5. Proposed Interim Counsel Are Committed to Diversity and Inclusion.

While not a factor identified by Fed. R. Civ. P. 23(g), diversity among proposed leadership has and should be considered by the Court. *See, e.g.*, *In re Robinhood Outage Litig.*, No. 20-cv-01626-JD, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020); *In re Stubhub Refund Litig.*, No. 20-md-02951-HSG, 2020 WL 8669823, at *1 (N.D. Cal. Nov. 18, 2020). Only CPM and BFA propose a leadership team that achieves these goals.

### 6. Ms. Swope and Ms. Davis Have a Proven Record of Working Cooperatively With Others.

Ms. Swope and Ms. Davis have worked extremely well with other counsel, including counsel at Keller Rohrback, Susman Godfrey, and the Saveri Law Firm, for years. *See supra* at § II.A(2). And they have already done so in this matter, as evidenced by their leadership in obtaining an agreed stipulation on consolidation and leadership briefing.

## III. CONCLUSION

Plaintiff Alexander respectfully requests that the Court appoint Karin B. Swope of Cotchett, Pitre & McCarthy, LLP and Anne K. Davis of Bleichmar Fonti & Auld LLP as Interim Co-Lead Counsel. In the alternative, Ms. Alexander proposes that her counsel be appointed with other lawyers whose cases have been consolidated with the *Alexander* case, in any arrangement the Court deems necessary.

Dated: December 5, 2025                    **COTCHETT, PITRE & MCCARTHY, LLP**

                                           By: */s/ Karin B. Swope*
                                           KARIN B. SWOPE (*pro hac vice*)
                                           THOMAS E. LOESER (SBN 202724)
                                           ANDREW FULLER (*pro hac vice* forthcoming)
                                           JACOB ALHADEFF (*pro hac vice* forthcoming)
                                           **COTCHETT, PITRE & McCARTHY, LLP**

---

[1] Should the Court wish to include all the firms' expertise, Ms. Swope and Ms. Davis are amenable to serving as co-leads with other firms being appointed to an executive committee.

RESPONSE TO MOTIONS TO APPOINT INTERIM LEAD COUNSEL – 6
CASE NO. 4:25-cv-07558-YGR

1809 7th Ave., Ste. 1610
Seattle, WA 98101
T: (206) 778-2123
F: (206) 299-4184
kswope@cpmlegal.com
tloeser@cpmlegal.com
afuller@cpmlegal.com
jalhadeff@cpmlegal.com

JOSEPH W. COTCHETT (SBN 36324)
BRIAN DANITZ (SBN 247403)
GIA JUNG (SBN 340160)
CAROLINE YUEN (SBN 354388)
840 Malcom Road
Burlingame, CA 94010
T: (650) 697-6000
F: (650) 697-0577
jcotchett@cpmlegal.com
bdanitz@cpmlegal.com
giung@cpmlegal.com
cyuen@cpmlegal.com

**BLEICHMAR FONT & AULD LLP**

By: */s/ Anne K. Davis*
LESLEY E. WEAVER (SBN 191305)
ANNE K. DAVIS (SBN 267090)
JOSHUA D. SAMRA (SBN 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
T: (410) 445-4003
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

*Counsel for Plaintiff Tasha Alexander*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Anne K. Davis, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of December, 2025, at Pacifica, California.

*/s/ Anne K. Davis*
Anne K. Davis