Christopher K.L. Young (State Bar No. 318371)
Joseph R. Saveri (State Bar No. 130064)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940
Email:          cyoung@saverilawfirm.com
                     jsaveri@saverilawfirm.com

*Attorneys for Plaintiffs in the Martinez-Conde Action*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| GRADY HENDRIX and JENNIFER ROBERSON,<br><br>*Individual and Representative Plaintiffs,*<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant.* | Case Nos. 4:25-cv-07558-YGR<br>4:25-cv-08695-YGR<br>4:25-cv-09090-YGR<br><br>**RESPONSE IN FURTHER SUPPORT OF THE APPLICATION OF CHRISTOPHER K.L. YOUNG OF THE JOSEPH SAVERI LAW FIRM, LLP FOR APPOINTMENT AS INTERIM CLASS COUNSEL PURSUANT TO FED R. CIV. P. 23(g)(3)** |
| SUSANA MARTINEZ-CONDE and STEPHEN L. MACKNIK,<br><br>*Individual and Representative Plaintiffs,*<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant.* | |
| TASHA ALEXANDER,<br><br>*Individual and Representative Plaintiff,*<br><br>v.<br><br>APPLE INC., *et al.*,<br><br>*Defendants.* | |

## TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. Christopher K.L. Young and JSLF Will Represent the Class's Best Interests if Appointed Interim Class Counsel. ........................................................................... 2

    B. JSLF has a Proven Track Record of Effective Collaboration and Cooperation with Other Counsel in this Action. ................................................................................. 5

    C. This Complex Litigation is Amenable to Appointing Interim Co-Class Counsel, and Christopher K.L. Young and JSLF are Prepared to Serve as Co-Class Counsel. ................................................................................................................. 6

III. CONCLUSION ................................................................................................................... 7

Case No. 4:25-cv-07558-YGR                  i

RESPONSE IN FURTHER SUPPORT OF THE APPLICATION OF CHRISTOPHER K.L. YOUNG OF THE JOSEPH SAVERI LAW FIRM, LLP FOR APPOINTMENT AS INTERIM CLASS COUNSEL PURSUANT TO FED R. CIV. P. 23(g)(3)

## I. INTRODUCTION

As detailed in the *Martinez-Conde* Plaintiffs' Application of Christopher K.L. Young of the Joseph Saveri Law Firm, LLP for Appointment as Interim Class Counsel Pursuant to Federal Rule of Civil Procedure 23(g)(3) (ECF No. 60, "the Application"), Mr. Young and the Joseph Saveri Law Firm ("JSLF") are uniquely qualified to lead this litigation as Interim Class Counsel, whether jointly or individually, and will do so efficiently and effectively, consistent with the mandates of Rules 1 and 23 of the Federal Rules of Civil Procedure. Few firms possess as much experience and knowledge with respect to generative-AI litigation as JSLF. Moreover, only one other firm vying for leadership here, Susman Godfrey LLP, has a comparable breadth of experience litigating generative-AI cases.

Experience has shown that these cases are complex and benefit from the collaboration of multiple firms. Indeed, the proposals from the *Hendrix* and *Alexander* Plaintiffs acknowledge as much. Mr. Young and JSLF agree that the complexity of this case merits an inclusive joint leadership structure, consisting of multiple firms acting in concert as Interim Class Counsel. Accordingly, appointing one firm representing each of the filed complaints as joint Interim Class Counsel, with Mr. Young and JSLF serving on behalf of the *Martinez-Conde* Plaintiffs, and one firm representing the *Hendrix* and *Alexander* Plaintiffs respectively, will best serve the interests of the Class. Should the Court ultimately decide to implement such a structure, Mr. Young and JSLF are prepared to serve as joint Interim Class Counsel or in a committee of the same. Given the experience of applicants, a coordinated multi-firm structure would remain simple and would align with the needs of this case to ensure that the Class's interests are best represented. This is in line with leadership structures in other cases of similar complexity.[1]

In the alternative, the Court should appoint Mr. Young and JSLF as sole Interim Class Counsel. Mr. Young and JSLF bring unparalleled experience and success in class actions and other complex litigation. Integral to this success is the firm's unmatched collegiality and record of successful collaboration, organizing cases with teams of co-counsel as well as with adversaries. Accordingly,

---

[1] *See, e.g.*, *In re Qualcomm Antitrust Litig.*, 2017 WL 2222531, at *1 (N.D. Cal. May 15, 2017) (appointing three-firm Plaintiffs' Steering Committee); *see also In re Lithium Ion Batteries Antitrust Litig.*, 2020 WL 7264559, at *21 (N.D. Cal. Dec. 10, 2020) ("[T]he Court determined that a tripartite leadership structure was the more reasonable approach for this litigation given its size and complexity.").

appointing Mr. Young and JSLF as sole Interim Class Counsel would also serve the best interests of the Plaintiffs and the Class, advance the case quickly and efficiently, ease the burden on the Court in managing this litigation, and allow for the effective allocation of responsibilities among co-counsel.[2]

The *Martinez-Conde* Plaintiffs hereby respectfully submit that the Court appoint Christopher K.L. Young and JSLF as Interim Class Counsel, either jointly or individually, or to serve in any other capacity the Court deems appropriate.

## II.     ARGUMENT

Appointing Christopher K.L. Young and JSLF as Interim Class Counsel will serve the best interests of the Class and permit this litigation to proceed fairly and most efficiently. Each of the firms vying to be appointed Interim Class Counsel has impressive qualifications, but no other firm has the distinct combination of experience and attributes of JSLF and Mr. Young. Nothing better exemplifies this fact that it was Mr. Young and JSLF who were the first to file cases protecting the rights of authors and artists against exploitation from generative-AI companies. As fully set forth in the Application, each of the factors prescribed by Federal Rule of Civil Procedure 23(g) supports the appointment of Christopher K.L. Young and JSLF as Interim Class Counsel. The *Martinez-Conde* Plaintiffs offer the following as additional support for the appointment of JSLF as Interim Class Counsel.

### A.     Christopher K.L. Young and JSLF Will Represent the Class's Best Interests if Appointed Interim Class Counsel.

Paramount among the factors courts consider when determining Interim Class Counsel is whether they would "fairly and adequately represent the interests of the class."[3] The *Martinez-Conde*

---

[2] *See In re Apple Inc. S'holder Derivative Litig.*, 2020 WL 3507426, at *1 (N.D. Cal. June 29, 2020); *cf. Nazemian v. NVIDIA Corp.*, WL 2259005, at *1 (N.D. Cal. Aug. 7, 2025) (explaining appointment of interim class counsel particularly suited to complex actions where responsibilities need clarification).

[3] *In re Cal. Bail Bond Antitrust Litig.*, 2019 WL 13561540, at *2 (N.D. Cal. June 3, 2019) (citing Fed. R. Civ. P. 23(g)(4)); *see also In re Apple Inc. S'holder Derivative Litig.*, 2020 WL 3507426, at *1 ("[T]he Court is mindful that the guiding principle is who will best serve the interest of the plaintiffs.")(internal quotation marks and citation omitted). The standard by which Interim Class Counsel prior to certification and Class Counsel for a certified class is the same pursuant to Federal Rule of Civil Procedure 23(g). *See Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, 2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017).

Plaintiffs submit to the Court that the Class's best interests will be served by appointing Christopher K.L. Young and JSLF as Interim Class Counsel for the following reasons:

*First*, JSLF has done the most to substantively advance the case through its initial stages. As noted, none of the cases are significantly advanced. While the *Martinez-Conde* Complaint was the second-filed, the firm's investigation and application of its legal theories are distinguishing. The *Hendrix* Plaintiffs cannot and do not dispute that JSLF initiated the investigation into Apple's AI models in their own response. And while the *Hendrix* Plaintiffs were the first in the race to the courthouse, the *Martinez-Conde* Plaintiffs took the added time to develop the allegations further and in more detail. The *Martinez-Conde* Complaint reflects the most sophisticated understanding of the technology at issue and consequently articulates the most coherent factual allegations and appropriately tailored class definition.[4] While the complaints share some allegations, there are important differences. To take just one example, the *Martinez-Conde* Complaint is the only pleading to allege that each unauthorized copy made of a Class members' creative work, and each of Apple's derivative uses of that copy, is a discrete infringement under the Copyright Act. *See* Compl. ¶¶ 8, 10, 34, 83, 102.[5] The attention to detail in crafting the *Martinez-Conde* Complaint exemplifies the careful lawyering and experience that Mr. Young and JSLF will employ as Interim Class Counsel.[6]

*Second*, Mr. Young and JSLF have unique knowledge of copyright law, generative-AI technology, and the most experience in this young and growing area of copyright law. Together, they have decades of experience in leading and successfully resolving complex class litigation in this District and in federal and state courts throughout the United States. As a result, JSLF is uniquely equipped to prosecute this action nimbly and effectively, and will focus this litigation, streamline discovery and motion practice, choose and retain experts expeditiously, and prepare for trial—all in the interests of maximizing justice and judicial economy.

---

[4] *See* Application of Christopher K.L. Young of the Joseph Saveri Law Firm, LLP for Appointment as Interim Class Counsel, ECF No. 60 at 4.

[5] *Martinez-Conde et al. v. Apple Inc.*, No. 4:25-cv-08695-YGR, (N.D. Cal.), ECF No. 1, Complaint.

[6] *See, e.g., Bayol v. Health-Ade LLC*, 2018 WL 11434525, at *1 (N.D. Cal. Aug. 23, 2018) (finding that identification of most claims in complaint weighs in favor of appointment as interim class counsel).

Furthermore, the fact remains that JSLF was the first firm to file a lawsuit under the Copyright Act on behalf of a class of copyright owners whose works were improperly copied and processed for use as training data in the development of generative-AI models.[7] Since then, many plaintiffs and firms have followed suit. But JSLF originated these cases and the firm's commitment to authors and artists has only deepened. JSLF and Mr. Young have continued to bring copyright actions challenging a number of well-resourced technology companies developing generative-AI products on the backs of the artists and authors.[8] Indeed, Mr. Young and firm founder Joseph R. Saveri successfully advanced the legal theories that were the first to survive a motion to dismiss in these cases.[9] And they were the first to initiate the investigation into Apple's infringing AI training practices. Mr. Young has extensive experience taking the depositions of both fact and expert witnesses in these cases and he will be ably supported by JSLF attorneys whose practice is centered on litigating this emergent area of the law. Accordingly, JSLF and Mr. Young have the requisite knowledge of copyright law as applied to generative-AI systems as well as the litigation experience to best advance the interests of the Class.

*Finally*, JSLF, with Messrs. Young and Saveri at the helm, will dedicate the firm's ample resources to prosecuting this litigation. This is not a hypothetical or conjectural commitment. JSLF continues to demonstrate its ability to fund these lawsuits and its capacity to staff them by virtue of the many thousands of attorney hours and out-of-pocket costs committed to date in the firm's other generative-AI cases. JSLF is staffed with an outstanding team of attorneys, investigators, paralegals and professional staff that continues to grow, and is necessary to advance this case successfully through dispositive motions, discovery, class certification, and trial. Moreover, drawing from this exceptional team of professionals, Mr. Young and the JSLF leadership team are committed to providing meaningful

---

[7] *See Andersen v. Stability AI Ltd.*, No. 3:23-cv-00201-WHO (N.D. Cal. filed Jan. 12, 2023).

[8] *See Doe 1 v. GitHub, Inc.*, No. 4:22-cv-06823 (N.D. Cal. filed Nov. 3, 2022); *Andersen v. Stability AI Ltd.*, No. 3:23-cv-00201-WHO (N.D. Cal. filed January 12, 2023); *Kadrey, v. Meta Platforms, Inc.* No. 3:23-cv-03417-VC (N.D. Cal. filed July 7, 2023); *In re Google Generative AI Copyright Litig.*, No. 3:23-cv-03440-EKL (N.D. Cal. filed July 13, 2023); *Nazemian v. NVIDIA Corp.*, No. 4:24-cv-01454 (N.D. Cal. filed Mar. 8, 2024); *Tanzer et al. v. Salesforce, Inc.* 3:25-cv-08862 (N.D. Cal. filed October 15, 2025). In one such case, JSLF has been appointed Interim Lead Counsel. *See In Re Mosaic LLM Litig.*, 3:24-cv-01451-CRB (N.D. Cal filed Mar. 8, 2024).

[9] *See Andersen v. Stability AI, Ltd.*, 700 F. Supp. 3d 853, 863–64 (N.D. Cal. 2023) (first case denying a motion to dismiss direct infringement claims in generative-AI case)

opportunities to attorneys from diverse and underrepresented backgrounds throughout this litigation, including junior attorneys.[10] In fact, Mr. Young himself is a product of this commitment to developing the next generation of advocates. JSLF firmly believes that the most effective method of developing young lawyers is through substantive experience and will continue to act on this belief here.

### B. JSLF has a Proven Track Record of Effective Collaboration and Cooperation with Other Counsel in this Action.

Christopher K.L. Young and JSLF have a proven track record of collaborating and cooperating with the other firms representing plaintiffs in this action. These are not mere relationships of convenience. Rather, working well in concert with co-counsel is a core tenet of JSLF's approach to litigation and meaningful cooperation across plaintiffs' firms is a guiding principle for JSLF. This commitment and practice will be critical to the case at bar. Given this, JSLF will excel in a joint leadership structure made up of one firm from each filed complaint, no matter which other firms they may be.

As explained in the Application, JSLF has worked collaboratively—and successfully—with nearly all of the firms that have submitted competing applications and will happily do so again here. In particular, JSLF's working relationship with Susman Godfrey, co-counsel for the *Hendrix* Plaintiffs, has been highly collaborative and positive, and the two firms have worked closely together in numerous other cases.[11] This longstanding collaborative relationship is further relevant here as only Susman Godfrey can match JSLF's experience in generative-AI cases, having notably reached a landmark and significant settlement in *Bartz, et al. v. Anthropic PBC*.[12] JSLF and Mr. Young therefore intend to continue this productive record of collaboration and submit that their commitment to collegiality will in

---

[10] While diversity in experience and background is not a formal factor under Federal Rule of Civil Procedure 23(g), many courts in this District have stressed its importance. *See In re Meta Pixel Healthcare Litig.*, 2022 WL 18399978, at *4 (N.D. Cal. Dec. 21, 2022) ("Diversity is also a factor that I weigh carefully, as do my colleagues in this District and across the nation."); *In re StubHub Refund Litig.*, 2020 WL 8669823, at *1 (N.D. Cal. Sept. 9, 2020)

[11] *See In re OpenAI ChatGPT Litig.*, No. 25-md-03143 (S.D.N.Y.); *In re Mosaic LLM Litig.*, No. 3:24-cv-01451-CRB (N.D. Cal.); *Nazemian v. NVIDIA Corp.*, No. 4:24-cv-01454 (N.D. Cal.).

[12] *See Bartz v. Anthropic PBC*, 2025 WL 2961371, at *8 (N.D. Cal. Oct. 17, 2025) (granting preliminary approval of settlement fund $1.5 billion).

turn serve to advance this litigation.[13] Mr. Young and JSLF, as Interim Class Counsel, will foster consensus, delegate tasks equitably and efficiently, and maintain productive communication among counsel by virtue of their longstanding relationships. Mr. Young and JSLF will thus ensure that plaintiffs' counsel, on behalf of the Class, operates in a coordinated, unified direction.

### C. This Complex Litigation is Amenable to Appointing Interim Co-Class Counsel, and Christopher K.L. Young and JSLF are Prepared to Serve as Co-Class Counsel.

Finally, JSLF and Mr. Young reemphasize where, as here, a case presents highly complex claims and defenses, courts regularly find it appropriate to appoint joint Interim Class Counsel or create a steering or executive committee of plaintiffs' counsel.[14] Indeed, Mr. Young and JSLF have experienced this themselves litigating other generative-AI cases. The *Martinez-Conde* Plaintiffs thus propose a leadership structure that includes one firm to represent each of the initially filed complaints. A joint leadership structure will maximize the diversity of ideas and strategies, and the resulting legal team is much more likely to be greater than the sum of its parts. Creating a committee drawn from a single firm behind each initial pleading would effectively, and fairly, serve the interests of the Class and ensure that the prosecution of this action is undertaken with the utmost sophistication and care.[15] Should the Court find that such a structure is appropriate here, Mr. Young and JSLF would welcome the opportunity to serve as Co-Lead Interim Class Counsel, in a committee, as liaison counsel, or in any other capacity the Court deems appropriate. Co-plaintiffs' counsel likewise seem agreeable to a leadership-sharing arrangement.[16]

---

[13] *See Bartling v. Apple Inc.*, 2018 WL 4804735, at *2 (N.D. Cal. Apr. 27, 2018) (determining that the firms' ability to cooperate and work well together supports appointment as Co-Lead Interim Class Counsel).

[14] *See, e.g.*, *In re Lithium Ion Batteries Antitrust Litig.*, 2020 WL 7264559, at *21 ("[T]he Court determined that a tripartite leadership structure was the more reasonable approach for this litigation given its size and complexity."); *In re Nat'l Football Leagues Sunday Ticket Antitrust Litig.*, 2016 WL 6693146, at *4 (C.D. Cal. May 23, 2016) (finding appointment of multiple firms to leadership committee appropriate in complex MDL).

[15] *See, e.g.*, *In re Qualcomm Antitrust Litig.*, 2017 WL 2222531, at *1 (establishing three firm Plaintiff's Steering Committee).

[16] *See, e.g.*, Plaintiff Tasha Alexander's Motion to Appoint Interim Lead Counsel, No. 4:25-cv-07558-YGR, ECF No. 59, at 17.

### III. CONCLUSION

For the foregoing reasons, the *Martinez-Conde* Plaintiffs maintain that Mr. Young and JSLF are the Court's best choice for appointment as Interim Class Counsel pursuant to Federal Rule of Civil Procedure 23(g), whether jointly or individually, and doing so will be in the best interests of the Class. The Court should appoint joint Interim Class Counsel, with one firm representing each of the three filed complaints respectively. Alternatively, the Court should appoint Christopher K.L. Young and JSLF as sole Interim Class Counsel.

Dated:  December 5, 2025

Respectfully Submitted,

JOSEPH SAVERI LAW FIRM, LLP

By:     */s/  Christopher K.L. Young*
       Christopher K.L. Young

Christopher K.L. Young (State Bar No. 318371)
Joseph R. Saveri (State Bar No. 130064)
Alexandra Fernandez (State Bar No. 330518)
Holden Benon (State Bar No.325847)
Louis Kessler (State Bar No.243703)
Avery Wolff (*pro hac vice* forthcoming)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940
Email:       cyoung@saverilawfirm.com
             jsaveri@saverilawfirm.com
             afernandez@saverilawfirm.com
             hbenon@saverilawfirm.com
             lkessler@saverilawfirm.com
             awolff@saverilawfirm.com

*Attorneys for Plaintiffs in the Martinez-Conde Action*