**LATHAM & WATKINS LLP**
Andrew M. Gass (Bar No. 259694)
  andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)
  joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
  melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
  nicole.valco@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Elana Nightingale Dawson (*pro hac vice*)
  elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| GRADY HENDRIX ET AL.,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>                                    Defendant. | Case No.  4:25-cv-07558-YGR<br><br>**DEFENDANT APPLE INC.'S ANSWER TO CONSOLIDATED COMPLAINT**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S ANSWER TO THE CONSOLIDATED COMPLAINT**

Defendant Apple Inc. ("Apple"), by and through its undersigned counsel, hereby answers the consolidated class action complaint filed on February 13, 2026 (the "Complaint" or "Compl.") by Plaintiffs Grady Hendrix, Jennifer Roberson, John Hornor Jacobs, and Eboni McKinnon (a/k/a Kianna Alexander) (together "Plaintiffs").

**PRELIMINARY STATEMENT**

The conduct at issue in this lawsuit is fair use, not copyright infringement. Large language models ("LLMs") are trained on datasets containing many billions of words of text, a practice also used for Apple's OpenELM research models and Apple Foundation Models ("AFM"). Applying copyright law's use-specific analysis here, the evidence will show that Apple's use was fair.

If accepted, Plaintiffs' rigid application of copyright law—imposing liability on the use of copyrighted works to advance research and technological innovation—would "stifle the very creativity which that law is designed to foster."[1] The two courts in this District to address the issue both correctly concluded that using copyrighted works to train generative AI tools is "exceedingly transformative."[2] Concluding that such conduct is not fair use would contradict decades of precedent from the U.S. Supreme Court, the Ninth Circuit, and other courts of appeals protecting innovative uses of copyrighted works, as part of "back-end" processes that result in the creation of something new and different.[3] Copyright law simply does not condemn Apple's conduct. Moreover, even if Plaintiffs could somehow overcome that fundamental barrier to their claims, this case could not proceed as a class action, given the highly individualized inquiries required to resolve

---

[1] *Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 18 (2021).

[2] *Bartz v. Anthropic PBC*, 787 F. Supp. 3d 1007, 1019 (N.D. Cal. 2025); *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1044 (N.D. Cal. 2025) ("highly transformative").

[3] *See*, *e.g.*, *Google v. Oracle*, 593 U.S. at 40 (fair use to copy copyrighted software code to create a directly competing product); *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510 (9th Cir. 1992) (fair use to copy computer software to create unauthorized video games in competition with authorized originals); *Sony Comput. Ent., Inc. v. Connectix Corp.*, 203 F.3d 596 (9th Cir. 2000) (fair use to copy operating system to create unauthorized "emulator" in competition with authorized original); *Perfect10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) (fair use to copy "pirated" images in order to enable image-search technology); *Authors Guild v. Google, Inc.*, 804 F.3d 202 (2d Cir. 2015) (fair use to copy entire books to create commercial, full-text searchable index of the assembled corpus); *A.V. ex rel. Vanderhye v. iParadigms, LLC*, 562 F.3d 630 (4th Cir. 2009) (fair use to copy thousands of student papers to create a plagiarism-detection tool).

issues related to market harm, copyright ownership, registration/validity, licensing, and damages. Plaintiffs' attempt to impose sweeping liability on Apple for fair use of copyrighted works fails on every level.

## RESPONSES TO SPECIFIC ALLEGATIONS

Apple denies all allegations in the Complaint that are not expressly admitted and otherwise answers as follows:

## I.    INTRODUCTION[4]

1.    Apple admits that it provides value to the public, including both its shareholders and the users of its products.  Apple admits that it has invested capital and engineering resources into the development of generative artificial intelligence, including Apple Intelligence.  Apple admits that certain allegations in this paragraph appear to be quoting from the article, Ben Cohen, *Tim Cook on Why Apple's Huge Bets Will Pay Off*, Wall Street Journal (Oct. 20, 2024), https://www.wsj.com/style/tim-cook-interview-apple-intelligence-vision-pro-48c59018, which speaks for itself.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the selective quote or its context, Apple denies those allegations.  Apple denies any remaining allegations of this paragraph.

2.    The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Apple admits that it has developed large language models ("LLMs") and that LLMs are integrated into products Apple sells.  Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding LLMs not developed by Apple and on that basis denies them.  Apple admits that it used a subset of the RedPajama dataset called "Books," to train OpenELM, which is a non-commercial research model that is not part of Apple Intelligence.  Apple admits that the datasets used to train certain AFM models contained books or portions thereof.  Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding specifically named datasets.

---

[4] The various headings and subheadings of the Complaint are not allegations and thus do not require a response.  Apple reproduces them in this Answer solely for convenience and ease of reading. To the extent a response is required, Apple denies any allegations contained in the headings and subheadings of the Complaint.

Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding the inclusion of published works of Plaintiffs and the Class in any particular dataset and on that basis denies them. Apple denies the remaining allegations of this paragraph.

3. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple admits that Applebot is the web crawler for Apple. Apple admits that Applebot crawls webpages and respects the right of web publishers to opt out of having their content crawled by Applebot using standard robots.txt directives. Apple admits that the data crawled by Applebot may be used to train Apple generative AI models but is also used to make content discoverable through Spotlight, Siri, as well as other system-wide features on Apple devices. Apple admits that Applebot data was used to train foundation models. Apple admits that Apple began using Applebot to crawl webpages in or around 2015. Apple admits that starting in or around June 2024, web publishers have had the choice to opt-out from having their content used to train generative foundation models, as explained at https://support.apple.com/en-us/119829. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding "scrapers like Applebot," "shadow libraries," "Apple's competitors in the AI race," or "notorious pirate libraries," and on those bases denies them. Apple denies any remaining allegations of this paragraph.

4. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple admits that the contents of training data for generative AI models can be a factor in the models' function. Apple admits that it entered into a licensing agreement with Shutterstock for use of certain technology and content in, with, or in connection with Apple Products and Services, including machine learning models. While Apple has licensed data from publishers, Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding licensing agreements with "Plaintiffs or the Class," and on that basis denies them. Apple denies any remaining allegations of this paragraph.

5. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple lacks knowledge or

information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

6. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding whether a licensing market is "robust and growing," consent from or compensation for "Class Members," and other companies, and on those bases denies them. Apple denies the remaining allegations of this paragraph.

7. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple denies the allegations of this paragraph.

## II.    JURISDICTION AND VENUE

8. For purposes of this action, Apple does not contest subject-matter jurisdiction. The paragraph otherwise contains legal conclusions to which no response is required.

9. For purposes of this action, Apple does not contest jurisdiction or venue. Apple admits that it is headquartered in this district. The paragraph otherwise contains legal conclusions to which no response is required.

## III.    DIVISIONAL ASSIGNMENT

10. For purposes of this action, Apple does not contest the divisional assignment. The paragraph otherwise contains legal conclusions to which no response is required.

## IV.    PARTIES

### A.    Plaintiffs

11. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding Plaintiff Grady Hendrix, and on that basis denies them.

12. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Apple lacks knowledge or information sufficient to

admit or deny the allegations of this paragraph regarding Plaintiff Jennifer Roberson, and on that basis denies them.

13. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding John Hornor Jacobs, and on that basis denies them.

14. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding Eboni McKinnon, and on that basis denies them.

15. The allegations in this paragraph contain legal conclusions and internal definitions to which no response is required. To the extent a response is required, Apple denies the allegations of this paragraph.

**B.      Defendant**

16. Admitted.

**C.      Agents and co-conspirators**

17. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple denies the allegations of this paragraph.

18. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple denies the allegations of this paragraph.

**V.      FACTUAL ALLEGATIONS**

19. Apple admits that its market capitalization on any particular day is publicly available information. Apple admits that it is a company that designs, manufactures, and markets smartphones, personal computers, tablets, wearables, and accessories, and sells a variety of related services. Apple admits that it operates the App Store, which allows customers to discover and download applications and digital content, such as books, music, video, games and podcasts.

Apple admits that the App Store includes mobile applications that run on Apple's mobile operating system, iOS, and that Apple earns revenue from App Store services. Apple denies any remaining allegations of this paragraph.

20. Apple admits that, in or around April 2024, Apple released OpenELM, a non-commercial research model that is not part of Apple Intelligence. Apple admits that, in or around June 2024, Apple announced Apple Intelligence, a personal intelligence system for iPhone, iPad, and Mac. Apple admits that Apple Intelligence is comprised of multiple generative AI models. Apple admits that the quoted language from "one reporter" appears in the article, Ben Cohen, *Tim Cook on Why Apple's Huge Bets Will Pay Off*, Wall Street Journal (Oct. 20, 2024), https://www.wsj.com/style/tim-cook-interview-apple-intelligence-vision-pro-48c59018, which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the article or the context of the selective quote, Apple denies those allegations. Apple denies any remaining allegations of this paragraph.

21. Apple admits that the quoted language appears in Apple's January 30, 2025 press release, https://www.apple.com/newsroom/2025/01/apple-reports-first-quarter-results/, which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the press release or the context of the selective quotes, Apple denies those allegations. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding unspecified analyst contentions, and on that basis denies them. Apple denies any remaining allegations of this paragraph.

22. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple admits that it obtained data to train generative AI models that are part of Apple Intelligence. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding Plaintiffs, and on that basis denies them. Apple denies the remaining allegations of this paragraph.

23. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple denies the allegations of this paragraph.

### A.    How large language models work.

24.    The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding "artificial intelligence" not created by Apple and on that basis denies them.  Apple denies any remaining allegations of this paragraph.

25.    The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding LLMs not created by Apple, including regarding the strategic investments of unnamed model developers or how "most software programs" are created, and on those bases denies them.  Apple denies any remaining allegations of this paragraph.

26.    Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding the meaning of a "final training dataset" or models or LLMs not created by Apple, and on that basis denies them.  Apple denies any remaining allegations of this paragraph.

27.    The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding the generalized and ambiguous descriptions of LLM training, as well as the allegations of this paragraph regarding LLMs not created by Apple, and on those bases denies them.  Apple denies any remaining allegations of this paragraph.

28.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding LLMs not created by Apple, and on that basis denies them.  Apple denies any remaining allegations of this paragraph.

29.    The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding Plaintiffs' and

Class Members' "works" and on that basis denies them. Apple denies any remaining allegations of this paragraph.

**B.    The OpenELM language models were trained on copyrighted works.**

30.    Apple admits that, in April 2024, it first announced the availability of OpenELM, a non-commercial research model that is not part of Apple Intelligence, on its website and that the quoted language appears at https://machinelearning.apple.com/research/openelm. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the website or the context of the selective quotes, Apple denies those allegations. Apple denies any remaining allegations of this paragraph.

31.    The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple admits that the OpenELM models included variants called OpenELM-270M, OpenELM-450M, OpenELM-1.1B, and OpenELM-3B. Apple admits that the foregoing variants each have a different number of parameters. Apple denies any remaining allegations of this paragraph.

32.    Apple admits that OpenELM models can be found on HuggingFace, which has model cards that include information regarding each OpenELM model. Apple admits that the quoted language appears on HuggingFace, which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with those publicly available webpages or the context of the selective quotes, Apple denies those allegations. Apple denies any remaining allegations of this paragraph.

33.    Apple admits that the quoted language appears on a GitHub repository page, https://github.com/apple/corenet/blob/main/projects/openelm/README-pretraining.md, which speaks for itself. To the extent the allegations in this paragraph purport to characterize or are inconsistent with the GitHub repository page, Apple denies those allegations. Apple denies any remaining allegations of this paragraph.

34.    Apple admits that it published a research paper about OpenELM, which is a non-commercial research model that is not part of Apple Intelligence. Apple admits that the paper contains the quoted language "Dataset used for pre-training OpenELM." To the extent the

allegations in this paragraph purport to summarize or characterize or are inconsistent with the paper or the context of the selective quote, Apple denies those allegations. Apple denies any remaining allegations of this paragraph.

35. Apple admits that information about the RedPajama dataset may be available elsewhere and that portions of the RedPajama dataset have been hosted on HuggingFace. Apple lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and on that basis denies them.

36. Apple admits that the allegations in this paragraph appear to be referring to and quoting from a paper titled "RedPajama: an Open Dataset for Training Large Language Models," https://arxiv.org/html/2411.12372v1, which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the paper, Apple denies those allegations. Apple denies any remaining allegations of this paragraph.

37. Apple admits that the quoted and referenced language appears in the cited paper, which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the paper or the context of the selective quote, including in the portions with ellipses, Apple denies those allegations. Apple lacks knowledge or information sufficient to admit or deny the allegations regarding EleutherAI, The Pile, or the availability of "a description of the contents of the Books3 datasets," and on that basis denies them. Apple denies any remaining allegations of this paragraph.

38. Apple admits that the allegations in this paragraph appear to be quoting a Twitter/X post from Shawn Presser, https://web.archive.org/web/20230427114058/https://twitter.com/theshawwn/status/1320282149329784833, which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the post or the context of the selective quote, Apple denies those allegations. Apple lacks knowledge or information sufficient to admit or deny the allegations regarding Mr. Presser and the compilation of "the Book3 dataset," and on that basis denies them. Apple denies any remaining allegations of this paragraph.

39. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple lacks knowledge or

information sufficient to admit or deny the allegations of this paragraph, including the allegations regarding the interests of the "AI-training community," and on that basis denies them. Apple denies any remaining allegations of this paragraph.

40.    Apple admits that a .txt file is a plain text document that is sometimes referred to as a "text" file. Apple admits that a .txt file is a file format that can store text data without any formatting, fonts, or images. Apple lacks knowledge or information sufficient to admit or deny the allegations regarding the "books in the Books3 dataset" or "the underlying 196,640 books," and on that basis denies them. Apple denies any remaining allegations of this paragraph.

41.    Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

42.    The allegations in this paragraph contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required. To the extent a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations about whether Plaintiffs' works are in "the Books3 dataset," and on that basis denies them. Apple denies any remaining allegations of this paragraph.

43.    Apple admits that a dataset that purported to contain "Books3" was previously available on HuggingFace. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the specified dates and timeline, and on that basis denies them. Apple denies any remaining allegations of this paragraph.

44.    Apple admits that the allegations in this paragraph appear to be quoting from the article "The Battle Over Books3 Could Change AI Forever," WIRED, available at https://www.wired.com/story/battle-over-books3/. To the extent the allegations in this paragraph purport to characterize or are inconsistent with the article or the context of the selective quote, Apple denies those allegations. Apple denies any remaining allegations of this paragraph.

45.    Apple admits that the OpenELM Model card on HuggingFace states that OpenELM's "pre-training dataset contains . . . a subset of RedPajama." Apple admits that it stated in its OpenELM research paper regarding OpenELM, which is a non-commercial research model that is not part of Apple Intelligence, that OpenELM's pre-training dataset contained a "Books"

subset of RedPajama. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding the actions of anyone else who may have used the "Books" subset of the RedPajama dataset, and on that basis denies them. Apple denies any remaining allegations of this paragraph.

46.     The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple admits that it stated in its OpenELM research paper that OpenELM's pre-training dataset contained a "Books" subset of RedPajama. Apple admits that RedPajama included a dataset that is sometimes referred to as "Books3." Apple denies any remaining allegations of this paragraph.

47.     The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple denies these allegations.

**C.     The Apple Intelligence Foundation Language Models were trained on copyrighted works.**

48.     Apple admits that, in June 2024, Apple announced Apple Intelligence, its personal intelligence system for iPhone, iPad, and Mac. Apple admits that Apple Intelligence includes multiple generative models developed by Apple, including foundation models. Apple denies any remaining allegations of this paragraph.

49.     Apple admits that the foundation language models powering Apple Intelligence were among the models described in a paper of the same name released by Apple on July 29, 2024 (the "FLM Paper"), which speaks for itself. To the extent the allegations of this paragraph purport to summarize or characterize or are inconsistent with the FLM Paper, Apple denies those allegations. Apple denies any remaining allegations of this paragraph.

50.     Apple admits that the quoted language appears in the FLM Paper, which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of the paper or the context of the selective quotes, including in the portion with an ellipsis, Apple denies those allegations. Apple lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

51.     Apple admits that the quoted language appears in the FLM Paper, which speaks for itself.  To the extent the allegations of this paragraph purport to summarize or characterize or are inconsistent with that research paper or the context of the selective quotes, Apple denies those allegations.  Apple denies any remaining allegations of this paragraph.

52.     Apple admits that the quoted language, except for the bracketed language, appears in the FLM Paper, which speaks for itself.  To the extent the allegations of this paragraph purport to summarize or characterize or are inconsistent with that research paper or the context of the selective quote, including in the portion with an ellipsis, Apple denies those allegations.  Apple admits that the FLM Paper details how two of those models, AFM-on-device and AFM-server, were built and adapted to perform specialized tasks.  Apple admits that the AFM-server model is available with Private Cloud Compute.  Apple admits that Apple Intelligence has been built and adapted to protect users' privacy with on-device processing, infrastructure such as Apple's encrypted Private Cloud Compute, and by not using users' private personal data or user interactions when training Apple's foundation models.  Apple admits that, with respect to a given AFM version, the AFM-on-device model is trained from scratch using the same recipe as the AFM-server model of that AFM version.  Apple denies any remaining allegations of this paragraph.

53.     Apple admits that the quoted language appears in the FLM Paper, which speaks for itself.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with that research paper or the context of the selective quote, Apple denies those allegations.  Apple denies any remaining allegations of this paragraph.

54.     Apple admits that the quoted language, except for the bracketed language, appears in the FLM Paper, which speaks for itself.  To the extent the allegations of this paragraph purport to summarize or characterize or are inconsistent with that research paper or the context of the selective quotes, Apple denies those allegations.  Apple denies any remaining allegations of this paragraph.

55.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Apple admits that the quoted language appears in the FLM Paper, which speaks for itself.  To the extent the allegations of this paragraph purport to summarize or characterize or are inconsistent with that research paper or the context of the selective

quotes, Apple denies those allegations. Apple admits that it applies filters to data to remove certain categories of personally identifiable information and exclude profanity and unsafe material. Apple denies any remaining allegations of this paragraph.

56.    The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding "the parlance of AI training datasets" or what phrases companies use to "describe[e] AI training datasets," and on that basis denies them. Apple denies any remaining allegations of this paragraph.

57.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Apple admits that the selectively quoted language appears in the OpenELM Paper, which speaks for itself. To the extent the allegations of this paragraph purport to summarize or characterize or are inconsistent with that research paper or the context of the selective quotes, Apple denies those allegations. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding "Meta Platforms," and on that basis denies them. Apple denies any remaining allegations of this paragraph.

58.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Apple admits that the selectively quoted language appears to be referring to the FLM Paper, which speaks for itself. To the extent the allegations of this paragraph purport to summarize or characterize or are inconsistent with that research paper or the context of the selective quotes, Apple denies those allegations. Apple denies any remaining allegations of this paragraph.

59.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding EleutherAI, and on that basis denies them. Apple admits that certain allegations in this paragraph appear to be referring to and quoting from the webpage, https://pile.eleuther.ai/, which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the website, Apple denies those allegations. Apple denies any remaining allegations of this paragraph.

60. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple admits that it used a subset of the RedPajama dataset called "Books" to train OpenELM, which is a non-commercial research model that is not part of Apple Intelligence. Apple admits that the datasets used to train certain AFM models contained books or portions thereof. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding "people in the AI industry," and on that basis denies them. Apple denies the remaining allegations of this paragraph.

61. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding whether Plaintiffs' asserted works are part of "Books3," and on that basis denies them. Apple denies any remaining allegations of this paragraph.

62. Apple admits that the quoted language appears in the FLM Paper, which speaks for itself. To the extent the allegations of this paragraph purport to summarize or characterize or are inconsistent with that paper or the context of the selective quotes, including in the portion with ellipsis, Apple denies those allegations. Apple admits that the data crawled by Applebot may be used to train Apple generative AI models but is also used to make content discoverable through Spotlight, Siri, as well as other system-wide features on Apple devices. Apple admits that Apple began using Applebot to crawl webpages in or around 2015. Apple admits that Applebot data was used to train foundation models. Apple admits that starting in or around June 2024, web publishers have had the choice to opt-out from having their content used to train generative foundation models, as explained at https://support.apple.com/en-us/119829. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding the reasons web publishers choose to opt out, and on that basis denies them. Apple denies any remaining allegations of this paragraph.

63. The allegations in this paragraph contain characterizations to which no response is required. To the extent a response is required, Apple admits that its foundation models powering Apple Intelligence, described in the FLM Paper, were trained prior to the release of the FLM paper.

Apple admits that Applebot data was used to train foundation models. Apple denies the remaining allegations of this paragraph.

64. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Apple admits that the quoted language appears in the paper, George Wukoson & Joey Fortuna, *The Predominant Use of High-Authority Commercial Web Publisher Content to Train Leading LLMs* (Nov. 2024). To the extent the allegations of this paragraph purport to summarize or characterize or are inconsistent with that paper or the context of the selective quotes, Apple denies those allegations. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding parts of unspecified "training datasets" and on that basis denies them. Apple denies any remaining allegations of this paragraph.

65. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding "shadow libraries" or "a web scraper like Applebot," and on that basis denies them. Apple denies the remaining allegations of this paragraph.

**D.    Apple's models for data classification were trained on copyrighted works.**

66. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple admits that the quoted language appears in the FLM Paper, which speaks for itself. To the extent the allegations of this paragraph purport to summarize or characterize or are inconsistent with the FLM Paper or the context of the selective quotes, including in the portion with an ellipsis, Apple denies those allegations. Apple admits that the term "model-based classifiers" refers to separate machine learning and small language models that have been trained on textual data to assess data quality, classify data, and filter data. Apple denies any remaining allegations of this paragraph.

**E.    All of Apple's LLMs and model-based classifiers likely used multiple shadow libraries.**

67. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple admits that certain

allegations in this paragraph appear to be quoting a blog post from Anna's Archive, https://web.archive.org/web/20250306131629/https://annas-archive.org/blog/ai-copyright.html, which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the blog post, including in the portions with ellipses, Apple denies those allegations. To the extent the allegations of this paragraph purport to quote from, reference, or summarize documents on publicly available litigation dockets, the full text of the referenced documents speak for themselves. To the extent the allegations of this paragraph purport to summarize or characterize or are inconsistent with those documents, Apple denies those allegations. Apple denies any remaining allegations of this paragraph.

68. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple admits that both it and other companies have developed LLMs. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding the behavior of other companies, unspecified "publicly available information," and "the customary fee for books," and on those bases denies them. Apple denies any remaining allegations of this paragraph.

**F.    Apple integrates the Foundation Language Models, via Apple Intelligence, into Apple's commercial products.**

69. Apple admits that Apple Intelligence includes multiple generative models developed by Apple, including foundation models. Apple admits that Apple Intelligence is compatible with Apple products, including certain versions of iPhone 15, 16, and 17; the iPad, iPad mini, and iPad Pro; the MacBook Air, MacBook Pro, iMac, Mac mini, and Mac Studio; and Apple Vision Pro. Apple denies any remaining allegations of this paragraph.

70. Apple admits that the quoted language, except for the bracketed language, appears on Apple's website, at https://www.apple.com/newsroom/2025/09/apples-foundation-models-framework-unlocks-new-intelligent-app-experiences/; https://developer.apple.com/documentation/FoundationModels; and https://developer.apple.com/documentation/foundationmodels/generating-content-and-performing-tasks-with-foundation-models, which speak for themselves. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the

webpages, Apple denies those allegations. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding the meaning of "apps" generally, and on that basis denies them. Apple admits that it has released code and a complete framework for training and evaluation of OpenELM to strengthen the open research community. Apple denies any remaining allegations of this paragraph.

71. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Apple admits that the quoted language, except for the bracketed language, regarding "Lil Artist" appears on Apple's website, https://www.apple.com/newsroom/2025/09/apples-foundation-models-framework-unlocks-new-intelligent-app-experiences/, which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the webpage, Apple denies those allegations. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding the features of an app called "Locally," and on that basis denies them. Apple admits that, in certain circumstances, it retains a commission from sales of applications or sales of digital services or goods initiated within applications sold through the App Store, but for the vast majority of applications, developers keep all of the revenue they generate on the App Store. Apple denies any remaining allegations of this paragraph.

72. Apple admits that it regularly evaluates its product offerings, including those offered related to Apple Intelligence. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding "a paid tier for users of its Apple Intelligence products" or unspecified reports, and on that basis denies them. Apple denies any remaining allegations of this paragraph.

**G.    Apple's conduct impairs the market for Plaintiffs' and Class Members' works.**

73. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple denies the allegations of this paragraph.

74. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple lacks knowledge or

information sufficient to admit or deny the allegations of this paragraph regarding previous licensing of Plaintiffs' works, and on that basis denies them. Apple denies any remaining allegations of this paragraph.

75. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding the referenced "AI licensing deals" or the unspecified estimates of the value of an "AI training license market," and on those bases denies them. Apple denies any remaining allegations of this paragraph.

76. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple admits that it has entered into an agreement with Shutterstock. Apple admits that, as part of its business, it has communicated with organizations such as Condé Nast, NBC News, and IAC regarding news article archives. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding Plaintiffs' and Class Members' "works," and on that basis denies them. Apple denies any remaining allegations of this paragraph.

77. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding "nascent licensing regimes," and on that basis denies them. Apple denies any remaining allegations of this paragraph.

78. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple admits that it provides value to the public, including both its shareholders and the users of its products. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding the behavior of "smaller potential licensees," and on that basis denies them. Apple denies the remaining allegations of this paragraph.

79. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding books "created

by other LLMs" or "companion books," and on those bases denies them. Apple denies the remaining allegations of this paragraph.

80. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple denies the allegations of this paragraph.

81. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Apple admits that certain allegations in this paragraph appear to be referring to and quoting from, Alexandra Alter, *The New Fabio is Claude*, New York Times (Feb. 8, 2026), https://www.nytimes.com/2026/02/08/business/ai-claude-romance-books.html, which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the article, Apple denies those allegations. Apple lacks knowledge or information sufficient to admit or deny the allegations of this paragraph regarding unspecified research, and on that basis denies them. Apple denies any remaining allegations of this paragraph.

82. Apple admits that certain allegations in this paragraph appear to be referring to and quoting from the working paper, Samuel G. Goldberg & H. Tai Lam, *Generative AI in Equilibrium: Evidence from a Creative Goods Marketplace* (May 2025), https://www.gsb.stanford.edu/faculty-research/working-papers/generative-ai-equilibrium-evidence-creative-goods-marketplace, which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the working paper, Apple denies those allegations. Apple denies any remaining allegations of this paragraph.

## VI.    CLASS ACTION ALLEGATIONS

83. This paragraph sets forth Plaintiffs' proposed "Class Period" to which no response is required. Apple denies that this action can be properly maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

84. The allegations in this paragraph contain legal conclusions and purport to define terms for use in Plaintiffs' proposed class definition to which no response is required. To the extent

a response is required, Apple denies the allegations of this paragraph and that this action can be properly maintained as a class action.

85.     This paragraph sets forth Plaintiffs' proposed class definition to which no response is required.  Apple denies that this action can be properly maintained as a class action.

86.     This paragraph sets forth exclusions from Plaintiffs' proposed class definition to which no response is required.  Apple denies that this action can be properly maintained as a class action.

87.     The allegations in this paragraph contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  Apple denies that this action can be properly maintained as a class action.  To the extent a response is required, Apple denies the allegations of this paragraph.

88.     The allegations in this paragraph contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  Apple denies that this action can be properly maintained as a class action.  To the extent a response is required, Apple denies the allegations of this paragraph.

89.     The allegations in this paragraph contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  Apple denies that this action can be properly maintained as a class action.  To the extent a response is required, Apple denies the allegations of this paragraph.

90.     The allegations in this paragraph contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  Apple denies that this action can be properly maintained as a class action.  To the extent a response is required, Apple denies the allegations of this paragraph.

91.     The allegations in this paragraph contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  Apple denies that this action can be properly maintained as a class action.  To the extent a response is required, Apple denies the allegations of this paragraph.

92.    The allegations in this paragraph contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  Apple denies that this action can be properly maintained as a class action.  To the extent a response is required, Apple denies the allegations of this paragraph.

93.    The allegations in this paragraph contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  Apple denies that this action can be properly maintained as a class action.  To the extent a response is required, Apple denies the allegations of this paragraph.

94.    The allegations in this paragraph contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  Apple denies that this action can be properly maintained as a class action.  To the extent a response is required, Apple denies the allegations of this paragraph.

95.    The allegations in this paragraph contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  Apple denies that this action can be properly maintained as a class action.  To the extent a response is required, Apple denies the allegations of this paragraph.

## VII.    CLAIM

### DIRECT COPYRIGHT INFRINGEMENT — 17 U.S.C. § 501

96.    Apple incorporates by reference its responses to all allegations set forth in the preceding paragraphs 1 through 95 as if fully set forth herein.

97.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Apple denies the allegations of this paragraph.

98.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Apple denies the allegations of this paragraph.

99.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Apple denies the allegations of this paragraph.

100.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Apple denies the allegations of this paragraph.

## VIII.    PRAYER FOR RELIEF

101.    In response to the Prayer for Relief, Apple denies that Plaintiffs are entitled to each of the requested forms of relief, or to any relief whatsoever.

## IX.    DEMAND FOR JURY TRIAL

With respect to the jury demand contained in the Complaint, Apple states that no response is required.  To the extent a response is required, Apple demands a jury trial.

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Plaintiffs in the Complaint, Apple asserts the following affirmative defenses.  Apple does not concede that it has the burden of proof on the defenses listed below.  The following affirmative defenses are based on Apple's knowledge, information, and belief at this time, and Apple specifically reserves the right to modify, amend, or supplement any affirmative defense contained in this Answer.

## FIRST DEFENSE

To the extent there is any copying of copyrightable expression, such copying reflects the utilization of intermediate copies in a technological process to generate a transformative product and constitutes fair use pursuant to 17 U.S.C. § 107.

## SECOND DEFENSE

Plaintiffs' claims fail in whole or in part because the complained-of use of any copyrightable expression asserted by Plaintiffs was validly licensed by express or implied license.

## THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, abandonment, acquiescence, and/or forfeiture to the extent Plaintiffs have intentionally relinquished rights to some or all of the material in which they claim copyright.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches to the extent that Plaintiffs have unreasonably delayed efforts to enforce their rights, if any, to some or all of the material in which they claim copyright, despite full awareness of the actions alleged.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel to the extent that it was reasonable to infer that Plaintiffs did not intend to enforce their rights, if any, to some or all of the material in which they claim copyright and Apple relied on their conduct to its detriment.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent the material in which Plaintiffs claim copyright is in, or has been dedicated to, the public domain.

**SEVENTH DEFENSE**

To the extent Plaintiffs' claims were asserted three years or more after such claims accrued, Plaintiffs' remedies are barred at least in part by the applicable statute of limitations. 17 U.S.C. § 507(b).

**EIGHTH DEFENSE**

Plaintiffs' claims of copyright infringement are barred or limited by the doctrine of merger because some or all of the material in which Plaintiffs claim copyright reflect ideas that can only be expressed in few ways.

**NINTH DEFENSE**

Plaintiffs' claims of copyright infringement are barred or limited by the doctrine of "scenes a faire" because some or all of the material in which Plaintiffs claim copyright necessarily flows from commonplace, customary, standard, or obligatory elements common to the genre or subject matter.

**TENTH DEFENSE**

To the extent there is copying of expression protected by copyright, that copying is *de minimis* because the average audience for the accused models would not recognize the appropriation of any Plaintiff expression.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the copyright registrations purporting to cover some or all of the works in dispute are invalid because they do not satisfy the requirements of 17 U.S.C. §§ 411–412.

**ADDITIONAL DEFENSES**

Apple has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter.  Apple reserves the right to amend this Answer and/or its affirmative defenses.

**REQUEST FOR RELIEF**

WHEREFORE, Apple requests that the Court:

    1.    Enter judgment in Apple's favor and against Plaintiffs;

    2.    Dismiss all claims by Plaintiffs with prejudice;

    3.    Award Apple its attorneys' fees and costs to the extent permitted by law; and

    4.    Grant Apple such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Apple demands a trial by jury on all issues so triable.

Dated: March 30, 2026

**LATHAM & WATKINS LLP**

By */s/ Andrew M. Gass*
Andrew M. Gass (Bar No. 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)
 joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
 nicole.valco@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Elana Nightingale Dawson (*pro hac vice*)
 elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendant Apple Inc.*