**KELLER ROHRBACK L.L.P.**
William Dreher (*pro hac vice*)
 wdreher@kellerrohrback.com
Derek W. Loeser (*pro hac vice*)
 dloeser@kellerrohrback.com
Cari C. Laufenberg (*pro hac vice*)
 claufenberg@kellerrohrback.com
Benjamin Gould (Bar No. 250630)
 bgould@kellerrohrback.com
1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3268
Telephone: +1.206.623.1900

**BUTTERICK LAW PC**
Matthew Butterick (Bar No. 250953)
 mb@buttoricklaw.com
1920 Hillhurst Avenue #406
Los Angeles, CA 90027
Telephone: +1.323.968.2632

**SUSMAN GODFREY L.L.P.**
Rohit D. Nath (Bar No. 316062)
 rnath@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: +1.310.789.3100

Justin A. Nelson (*pro hac vice*)
 jnelson@susmangodfrey.com
Alejandra C. Salinas (*pro hac vice*)
 asalinas@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: +1.713-653-7802

*Attorneys for Plaintiffs*
*Additional Counsel on Signature Page*

**LATHAM & WATKINS LLP**
Andrew M. Gass (Bar No. 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)
 joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
 nicole.valco@lw.com
505 Montgomery St., Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Elana Nightingale Dawson (*pro hac vice*)
 elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| GRADY HENDRIX ET AL.,<br><br>　Individual and Representative Plaintiffs,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　　　　　　Defendant. | Case No.  4:25-cv-07558-YGR<br><br>**JOINT STATEMENT REGARDING PROPOSED CASE SCHEDULE**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

Pursuant to the Parties' Stipulation to Consolidate Cases and Set Briefing Schedule, as Ordered and Amended by the Court, Dkt. 42, Plaintiffs Grady Hendrix, Jennifer Roberson, John Hornor Jacobs, and Eboni McKinnon (a/k/a Kianna Alexander) (together, "Plaintiffs"), and Defendant Apple Inc. ("Apple" and, together with Plaintiffs, the "Parties") submit this proposed case scheduling order.  The Parties met and conferred concerning the proposed case schedule, and while the Parties were able to resolve disagreements and identify common ground on most issues, certain disagreements remain.  The parties have also discussed reaching agreement on certain interim discovery deadlines, including a deadline for substantial completion of document production, and will address those issues in the forthcoming Joint Case Management Statement due on May 4, 2026. The Parties briefly describe their respective positions below.

## I.    JOINTLY PROPOSED CASE SCHEDULE[1]

| Event / Deadline | Joint Proposal |
| --- | --- |
| Rule 26(a)(1) Initial Disclosures | May 1, 2026 |
| **Case Management Statement & Rule 26(f) Report** | **May 4, 2026** |
| **Case Management Conference** | **May 11, 2026 at 2pm PT** |
| Deadline to Amend Pleadings / Add New Parties | November 1, 2026 |
| Close of Fact Discovery | June 4, 2027 |
| Deadline for First Expert Reports/Disclosures  *[Specific expert disclosure deadlines during expert discovery period to be determined]* | July 14, 2027 |
| Close of Expert Discovery | October 27, 2027 |
| Deadline for motion for summary judgment and *Daubert* motions | December 3, 2027 |
| Deadline for oppositions to summary judgment and *Daubert* motions | January 14, 2028 |
| Deadline for replies in support of summary judgment and *Daubert* motions | February 11, 2028 |

---

[1] Bold dates have been set by the Court.  *See* Dkt. 84.

JOINT STATEMENT RE: CASE SCHEDULE
CASE NO. 4:25-cv-07558-YGR

After the Court resolves the Parties' dispute regarding timing and staging of motions for summary judgment and class certification, the Parties intend to confer again to discuss timing and number of specific expert disclosure deadlines.

## II.      THE PARTIES' POSITIONS ON DISPUTED DEADLINES

### A.      The Parties' Disputed Deadlines

| Event / Deadline | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Deadline for Plaintiffs' motion for class certification | March 30, 2028 | To be addressed, as necessary, following a decision on any motions for summary judgment |
| Deadline for Defendant's opposition to motion for class certification | April 27, 2028 | To be addressed, as necessary, following a decision on any motions for summary judgment |
| Deadline for Plaintiffs' reply in support of motion for class certification | May 18, 2028 | To be addressed, as necessary, following a decision on any motions for summary judgment |

### B.      Plaintiffs' Position

To protect the absent class members, Plaintiffs' position is that the Court should enter a schedule that stages summary judgment briefing ahead of class certification only if Apple fully and completely waives any right to raise the defense of one-way intervention. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974).  Provided that Apple waives a one-way intervention defense, Plaintiffs do not oppose staging summary judgment briefing ahead of class certification. However, the parties can brief class certification pending resolution of summary judgment, and setting the schedule for class certification briefing would ensure the case progresses toward trial in a timely fashion. Plaintiffs therefore propose that the Court set a schedule for class certification briefing now.

### C.      Apple's Position

Apple proposes that the Court set a briefing schedule for motions for summary judgment and forgo setting a briefing schedule for a motion for class certification until any motions for summary judgment are decided.  A motion for summary judgment on Apple's fair use defense is likely to be dispositive or, at a minimum, narrow the issues in this case and shape the arguments

JOINT STATEMENT RE: CASE SCHEDULE
CASE NO. 4:25-cv-07558-YGR

the parties may raise concerning class certification. *See, e.g.*, *Authors Guild, Inc. v. Google Inc.*, 721 F.3d 132, 134 (2d Cir. 2013) (resolution of summary judgment motion on fair use "in the first instance will necessarily inform and perhaps moot [] analysis of many class certification issues"). Apple expressly waives whatever protection it would otherwise be entitled to under the "one-way intervention" rule should the Court enter a schedule pursuant to which motions for summary judgment will be briefed and decided prior to the filing of a motion for class certification. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547 (1974); *see also Schwarzschild v. Tse*, 69 F.3d 293 (9th Cir. 1995). With such waiver, absent class members receive exactly the protection Plaintiffs seek.[2]

Multiple courts within and outside this District considering claims similar to Plaintiffs' claims have followed the approach Apple proposes. *See, e.g.*, *In re Mosaic LLM Litigation*, No. 3:24-cv-01451-CRB, Dkt. 53 at 22 (N.D. Cal. Mar. 8, 2024) (setting summary judgment motions first and deferring scheduling of proceedings on class certification until after summary judgment ruling); *Kadrey v. Meta*, No. 3:23-cv-03417-VC, Dkt. 87 (N.D. Cal. Jan. 23, 2024) (same); *In re OpenAI, Inc. Copyright Infringement Litig.*, No. 25-md-3143, Case Management Order #2, Dkt. 60 at 2 (S.D.N.Y. May 22, 2025) (same). Plaintiffs, in contrast, urge the Court to require the parties to brief class certification regardless of whether the Court has ruled on any pending motions for summary judgment. That approach defeats the very purpose of briefing summary judgment first—the conservation of party and judicial resources through motion practice that could be dispositive.

There is also a distinct possibility that individual plaintiffs will file related claims against Apple that Apple will seek to coordinate with this case. To date, seven individual plaintiffs have filed suit against Apple and several other defendants, each bringing a single direct copyright

---

[2] Plaintiffs do not explain why Apple should have to waive any objection it may have under the one-way intervention rule should the Court adopts the briefing schedule Plaintiffs propose, and Apple is aware of none. *Cf. Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417-VC, 2026 WL 824096, at *2 (N.D. Cal. Mar. 25, 2026) ("Meta agreed to structure the litigation so that cross-motions for summary judgment as to the named plaintiffs would be adjudicated before class certification" and "agreed to waive any objections relating to the one-way intervention problem"). Apple is happy to address this issue further in supplemental briefing, should the Court desire such briefing.

infringement claim against Apple that overlaps heavily with the allegations against Apple in this case regarding Apple's training of its OpenELM and AFM models.  *See Cambronne Inc., et al. v. Anthropic PBC et al.*, No. 5:25-cv-10897-PCP; *Chicken Soup for the Soul, LLC v. Anthropic PBC et al.*, No. 3:26-cv-02333-VC.[3]  The cases against Apple by these plaintiffs would "concern substantially the same parties, property, transaction, or event" as this case, and it would "appear[] likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  *See* N.D. Cal. Civ. L.R. 3-12(a), (b). Staging summary judgment of these additional individual claims before class certification is litigated would further conserve party and judicial resources.

Apple respectfully submits that the most efficient way to proceed at this time is to set a case schedule through summary judgment, and then hold a status conference to consider proceedings on class certification and trial on any issues that may survive summary judgment. However, Apple defers to the Court on the best and most appropriate way to proceed in this matter and preserve Court resources.

Dated: April 17, 2026

Respectfully submitted,

By */s/ Rohit D. Nath*
**KELLER ROHRBACK L.L.P.**
William K. Dreher (*pro hac vice*)
 wdreher@kellerrohrback.com
Benjamin Gould (Bar No. 250630)
 bgould@kellerrohrback.com
Derek W. Loeser (*pro hac vice*)
 dloeser@kellerrohrback.com
Cari C. Laufenberg (*pro hac vice*)
 claufenberg@kellerrohrback.com
Chris N. Ryder (*pro hac vice*)
 cryder@kellerrohrback.com
Elizabeth W. Tarbell (*pro hac vice*)
 etarbell@kellerrohrback.com
Samuel Rubenstein (*pro hac vice*)

---

[3]  These plaintiffs improperly joined their claims against Apple and other defendants. Judge Chhabria has already severed the *Chicken Soup* claim against Apple, No. 3:26-cv-02333-VC, Dkt. 32, and Apple has a pending motion to sever in *Cambronne* that is set for hearing on May 12, 2026, No. 5:25-cv-10897-PCP, Dkt. 161.  Should those individual plaintiffs refile the same claim against Apple, Apple will file an Administrative Motion to Consider Whether Cases Should be Related under Local Rule 3-12(b).

srubinstein@kellerrohrback.com
1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3268
Telephone: +1.206.623.1900

**BUTTERICK LAW PC**
Matthew Butterick (Bar No. 250953)
 mb@buttericklaw.com
1920 Hillhurst Avenue, #406
Los Angeles, California 90027
Telephone: +1.323.968.2632

**SUSMAN GODFREY L.L.P.**
Rohit D. Nath (Bar No. 316062)
 rnath@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: +1.310.789.3100

Justin A. Nelson (*pro hac vice*)
 jnelson@susmangodfrey.com
Alejandra C. Salinas (*pro hac vice*)
 asalinas@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: +1.713-653-7802

*Attorneys for Plaintiffs*

Dated: April 17, 2026          **LATHAM & WATKINS LLP**

By */s/ Nicole C. Valco*
Andrew M. Gass (Bar No. 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)
 joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
 nicole.valco@lw.com
505 Montgomery St., Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Elana Nightingale Dawson (*pro hac vice*)
 elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant Apple Inc.*

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 17, 2026                    /s/ Rohit D. Nath