**KELLER ROHRBACK L.L.P.**
William Dreher (*pro hac vice*)
 wdreher@kellerrohrback.com
Derek W. Loeser (*pro hac vice*)
 dloeser@kellerrohrback.com
Cari C. Laufenberg (*pro hac vice*)
 claufenberg@kellerrohrback.com
Benjamin Gould (Bar No. 250630)
 bgould@kellerrohrback.com
1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3268
Telephone: +1.206.623.1900

**BUTTERICK LAW PC**
Matthew Butterick (Bar No. 250953)
 mb@butericklaw.com
1920 Hillhurst Avenue #406
Los Angeles, CA 90027
Telephone: +1.323.968.2632

**SUSMAN GODFREY L.L.P.**
Rohit D. Nath (Bar No. 316062)
 rnath@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: +1.310.789.3100

Justin A. Nelson (*pro hac vice*)
 jnelson@susmangodfrey.com
Alejandra C. Salinas (*pro hac vice*)
 asalinas@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: +1.713-653-7802

*Attorneys for Plaintiffs*
*Additional Counsel on Signature Page*

**LATHAM & WATKINS LLP**
Andrew M. Gass (Bar No. 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)
 joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
 nicole.valco@lw.com
505 Montgomery St., Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Elana Nightingale Dawson (*pro hac vice*)
 elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| GRADY HENDRIX ET AL.,<br><br>    Individual and Representative Plaintiffs,<br><br>        v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No.  4:25-cv-07558-YGR<br><br>**JOINT STATEMENT REGARDING UPDATED PROPOSED CASE SCHEDULE**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

Pursuant to the Court's June 3, 2026 Order Re: Timing and Staging of Motions for Summary Judgment and Class Certification (Dkt. 102), Plaintiffs Grady Hendrix, Jennifer Roberson, John Hornor Jacobs, and Eboni McKinnon (a/k/a Kianna Alexander) (together, "Plaintiffs"), and Defendant Apple Inc. ("Apple" and, together with Plaintiffs, the "Parties") submit this statement regarding an updated proposed case schedule.

The Parties met and conferred concerning the schedule in accordance with the Court's June 3 Order, including whether earlier summary judgment motions on the core issue of fair use are possible, as directed by the Court. The Parties' respective positions and schedule proposals are reflected below:

## I. PROPOSED CASE SCHEDULES

| Plaintiffs' Proposal | |
| --- | --- |
| **Event / Deadline** | **Date** |
| Substantial production of documents and data in response to discovery requests served by May 29, 2026 | October 15, 2026 |
| Deadline to Amend Pleadings / Add New Parties | November 2, 2026 |
| Close of Fact Discovery | June 4, 2027 |
| Deadline for motions for summary judgment as well as service of Expert Reports/Disclosures on issues on which a party bears the burden of proof, except for Expert Reports on damages and class certification | July 14, 2027 |
| Deadline for briefs in opposition to any motions for summary judgment as well as service of Opposition Expert Reports/Disclosures | September 17, 2027 |
| Close of Expert Discovery (except for Expert Reports on damages and class certification) | October 1, 2027 |
| Deadline for replies in support of summary judgment | October 8, 2027 |
| Hearing on summary judgment | October 27, 2027 |

| Apple's Proposal | |
| --- | --- |
| **Event/Deadline** | **Date** |
| | |

JOINT STATEMENT RE:
UPDATED CASE SCHEDULE
CASE NO. 4:25-cv-07558-YGR

| Deadline to Amend Pleadings / Add New Parties | Monday, November 2, 2026 |
|---|---|
| Close of Merits Fact Discovery (Individual Plaintiffs' Claims, Apple's Defenses, Damages) | Friday, March 26, 2027 |
| Deadline for First Expert Reports / Disclosures (Claims & Defenses) | Tuesday, April 27, 2027 |
| Deadline for Second Expert Reports / Disclosures (Claims & Defenses) | Thursday, May 27, 2027 |
| Deadline for Third Expert Reports / Disclosures | TBD |
| Close of Expert Discovery (Claims & Defenses) | Monday, June 28, 2027 |
| Deadline for motion for summary judgment and *Daubert* motions | Wednesday, July 28, 2027 |
| Deadline for oppositions to summary judgment and *Daubert* motions | Friday, August 27, 2027 |
| Deadline for replies in support of summary judgment and *Daubert* motions | Friday, September 24, 2027 |
| Hearing on summary judgment and *Daubert* motions related to fair use regarding named Plaintiffs | Tuesday, October 26, 2027 |

## II.   PLAINTIFFS' PROPOSED SCHEDULE

Plaintiffs propose a schedule that both accelerates summary judgment briefing on fair use by pairing it with expert discovery and provides the time that, two months ago, the parties agreed was required for fact discovery. By contrast, Apple proposed—for the first time just days ago—a novel and vague bifurcation of discovery between: (1) "merits" discovery on the individual plaintiffs' claims, and (2) "class certification" discovery. Yet Apple itself told the Court at the CMC that the *Databricks* case schedule, containing neither stage, was its preferred template. Apple's proposal is unworkable.

*First*, a robust fact discovery period is warranted because this is a highly technical case where Apple possesses most—if not all—the relevant factual discovery. Given how Apple has approached discovery to date, Apple's shortened fact discovery period is untenable. Even though Plaintiffs served RFPs on April 29, Apple has thus far produced zero documents. Yet Apple's

March 26, 2027, fact-discovery deadline[1]—proposed for the first time today—would require depositions starting this fall, with document production substantially complete about three months from now. But Apple has refused to agree to an interim substantial-completion deadline. Fair use may well turn on fine-grained factual distinctions, and Plaintiffs are entitled to full discovery. *See, e.g., Bartz v. Anthropic*, 787 F. Supp. 3d 1007, 1025 (N.D. Cal. 2025) (rejecting fair use defense based on evidence that Anthropic maintained "central library" of books). If Apple wants summary judgment briefed and heard by October 2027, Plaintiffs' schedule accomplishes that.

*Second*, Apple's proposal to bifurcate class and merits discovery will only "caus[e] additional litigation regarding the distinction between the two." *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018). Nearly all of the discovery Plaintiffs will seek related to their individual claims will also be relevant to class certification. This will include discovery about the source of books Apple used to train its models, the licensing market for AI training material, Apple's willfulness, and source code. This highly technical, complicated discovery warrants at least a fact discovery period of ordinary length, as the parties previously negotiated. Fact discovery will *not* be driven by damages or the scope of the proposed class (this case is largely focused on book and literary works), so deferring those issues will not expedite it.

The Court should deny Apple's bifurcation request because it will multiply discovery disputes and will not meaningfully reduce the amount of fact discovery before summary judgment. Plaintiffs' proposal, by contrast, allows Apple, if it wishes, to move quickly toward summary judgment.

## III.   APPLE'S PROPOSED SCHEDULE

Apple proposes a schedule that will allow the core issue of fair use to be considered expeditiously while also allowing the parties and the Court to forgo expending resources on matters that are not necessary to a decision on that issue. *See generally* Dkt. 102 at 1. During the

---

[1] Apple's March 26 deadline is not a "compromise"; what Apple terms "Plaintiffs' proposal"—the June 4 fact discovery deadline—is instead the deadline Apple negotiated and agreed to weeks ago.

JOINT STATEMENT RE:
UPDATED CASE SCHEDULE
CASE NO. 4:25-cv-07558-YGR

parties' conferrals the week of June 15, Apple proposed sequencing discovery to allow for early motion(s) for summary judgment on fair use, consistent with the Court's guidance. Plaintiffs were not willing to propose a schedule that would allow for such motions, and instead said that they expected the parties to simply propose the same schedule the parties previously proposed. The parties then exchanged proposed schedules on Sunday, and conferred further today. Less than two hours before this joint statement was due, Plaintiffs proposed for the first time that the parties brief motions for summary judgment on fair use concurrently with expert discovery, such that expert discovery on the issues relevant to fair use would not be complete until *after* the motion for summary judgment and opposition is filed. But a fully developed record on the merits of the individual plaintiffs' claims and Apple's defenses, including the opinions of any experts, is necessary to know what factual issues are "undisputed" before considering the core issue of fair use. It makes no sense for Apple to file its motion for summary judgment without seeing Plaintiffs' experts' opinions.

Apple proposes that the parties first engage in fact and expert discovery on Apple's liability with respect to the individual plaintiffs' claims and Apple's defenses to the individual plaintiffs' claims ("Merits Discovery"). This would include discovery on the core issue of fair use, the individual plaintiffs' asserted works, and Apple's alleged infringement of those specific works. With respect to damages, Apple proposes that fact discovery proceed with Merits Discovery, but that expert discovery not occur until after the Court rules on any early summary judgment motions. Once Merits Discovery is complete, the parties would file any motions(s) for summary judgment on fair use and any corresponding *Daubert* motions.

Merits Discovery would not include discovery regarding the Complaint's class allegations, which are materially broader than the individual plaintiffs' allegations. For example, the individual plaintiffs allege infringement of specific books that they claim to own. *See* Dkt. 81 ¶ 15. The class allegations, however, purport to cover a putative class of "[a]ll beneficial or legal owners of a registered United States copyright in any work"—not just books, but also paintings, photographs, songs, and myriad other types of works—that Apple allegedly infringed. *See id.*

¶ 84(A)–(G). Because the putative class is so diverse, it implicates facts and issues beyond those implicated by the individual plaintiffs' claims—class discovery here will not merely be more of the same but rather will involve meaningfully different data and topics. And here, unlike in many cases, the clear distinction between the individual plaintiffs' claims, which are focused on alleged infringement of their books, and the putative class's claims, which implicate entirely different kinds of works, makes the sequencing of discovery manageable.

Apple does not dispute that "[n]early all of the discovery Plaintiffs will seek related to their individual claims will also be relevant to class certification." Apple's proposal contemplates that such discovery will be provided during Merits Discovery. What Apple proposes carving out is all of the *additional* discovery Plaintiffs may seek based on the class allegations that reach far beyond their individual claims—because, while the discovery on Plaintiffs' individual claims may be relevant to class certification, discovery regarding *the rest of the putative class* will not be relevant to whether the fair use defense bars Plaintiffs' individual claims. Expert discovery, on the other hand, will be highly relevant to that question. As Plaintiffs themselves repeatedly note, "this is a highly technical case," making expert discovery critical to the anticipated motion for summary judgment on the core issue of fair use.

Finally, for the reasons Apple previously explained, Apple does not believe that a substantial completion deadline is necessary. *See* Dkt. 88 at 18. Should the Court wish to impose such a deadline, however, Apple respectfully requests that the deadline be set in a separate order rather than in this case's scheduling order so that the parties can negotiate any necessary adjustments to it without burdening the Court. *See id.* at 18 n.13. Should the Court adopt Apple's proposal, Apple anticipates substantially completing the production of documents by December 10, 2027.

Dated: June 22, 2026

Respectfully submitted,

By */s/ William K. Dreher*
**KELLER ROHRBACK L.L.P.**
William K. Dreher (*pro hac vice*)
 wdreher@kellerrohrback.com
Benjamin Gould (Bar No. 250630)
 bgould@kellerrohrback.com
Derek W. Loeser (*pro hac vice*)
 dloeser@kellerrohrback.com
Cari C. Laufenberg (*pro hac vice*)
 claufenberg@kellerrohrback.com
Chris N. Ryder (*pro hac vice*)
 cryder@kellerrohrback.com
Elizabeth W. Tarbell (*pro hac vice*)
 etarbell@kellerrohrback.com
Samuel Rubenstein (*pro hac vice*)
 srubinstein@kellerrohrback.com
1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3268
Telephone: +1.206.623.1900

**BUTTERICK LAW PC**
Matthew Butterick (Bar No. 250953)
 mb@butuericklaw.com
1920 Hillhurst Avenue, #406
Los Angeles, California 90027
Telephone: +1.323.968.2632

**SUSMAN GODFREY L.L.P.**
Rohit D. Nath (Bar No. 316062)
 rnath@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: +1.310.789.3100

Justin A. Nelson (*pro hac vice*)
 jnelson@susmangodfrey.com
Alejandra C. Salinas (*pro hac vice*)
 asalinas@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: +1.713-653-7802

*Attorneys for Plaintiffs*

Dated: June 22, 2026

**LATHAM & WATKINS LLP**

By */s/ Elana Nightingale Dawson*
Andrew M. Gass (Bar No. 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)

joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
nicole.valco@lw.com
505 Montgomery St., Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant Apple Inc.*

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing **Joint Statement Regarding Updated Proposed Case Schedule**.  Pursuant to L.R. 5-1(i)(3) regarding signatures, I, Elana Nightingale Dawson, attest that each of the other Signatories have concurred in the filing of the document.

Dated: June 22, 2026                              /s/ *Elana Nightingale Dawson*
                                                  Elana Nightingale Dawson

JOINT STATEMENT RE:
UPDATED CASE SCHEDULE
CASE NO. 4:25-cv-07558-YGR