**KELLER ROHRBACK L.L.P.**
William Dreher (*pro hac vice*)
wdreher@kellerrohrback.com
Benjamin Gould (Bar No. 250630)
bgould@kellerrohrback.com
Derek W. Loeser (*pro hac vice*)
dloeser@kellerrohrback.com
Cari C. Laufenberg (*pro hac vice*)
claufenberg@kellerrohrback.com
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
Telephone: +1.206.623.1900

**BUTTERICK LAW PC**
Matthew Butterick (Bar No. 250953)
mb@buttericklaw.com
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: +1.323.968.2632

**SUSMAN GODFREY L.L.P.**
Rohit D. Nath (Bar No. 316062)
rnath@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: +1.310.789.3100

Justin A. Nelson (*pro hac vice*)
jnelson@susmangodfrey.com
Alejandra C. Salinas (*pro hac vice*)
asalinas@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: +1.713-653-7802

*Attorneys for Plaintiffs*
*Additional Counsel on Signature Page*

**LATHAM & WATKINS LLP**
Andrew M. Gass (Bar No. 259694)
andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)
joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
nicole.valco@lw.com
505 Montgomery St., Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
555 Eleventh St., NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

GRADY HENDRIX ET AL.,

Individual and Representative Plaintiffs,

v.

APPLE INC.,

Defendant.

Case No. 4:25-cv-07558-YGR (ASK)

**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING TRAINING DATA INSPECTION PROTOCOL**

Magistrate Judge: Hon. Ajay S. Krishnan

Upon the stipulation of the Parties, the following protocol (the "Inspection Protocol") will apply to the inspection, review, and/or disclosure of Training Data. Plaintiffs Grady Hendrix, Jennifer Roberson, John Hornor Jacobs, and Eboni McKinnon ("Plaintiffs") and Defendant Apple Inc. (together the "Parties") enter this Inspection Protocol without waiver of any argument that any data inspection would be warranted or appropriate in this case.

1. For the purposes of this Inspection Protocol, "Training Data" shall be defined as data obtained to or used to train, develop, or test the relevant generative AI models, that either the Parties have agreed or the Court has ordered are within the scope of discovery, or that the Producing Party has otherwise agreed to produce. The Producing Party reserves the right to update the Training Data made available for inspection should it find additional responsive data, and Plaintiffs reserve the right to request additional Training Data that has been disclosed or discovered and is not made available for inspection. The Parties may, upon mutual agreement, use this Inspection Protocol for other data as well.

2. For the purposes of this Inspection Protocol, "Inspecting Party" shall be defined as a Party that receives Training Data for inspection in this Action.

3. For the purposes of this Inspection Protocol, "Producing Party" shall be defined as a Party that produces Training Data for inspection in this Action.

4. Notwithstanding any other provisions of this Training Data Inspection Protocol, in addition to making Training Data available for in-person inspection pursuant to this Inspection Protocol, the Parties may also agree to produce Training Data for off-site inspection on a case-by-case basis.

5. Any Training Data that is made available for inspection shall be made available in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or at another secure location determined by the Producing Party, although the Parties will consider, and be reasonable in accommodating, reasonable requests to conduct inspections at other times. With prior notice from the Inspecting Party, the Producing Party shall make a reasonable effort to ensure that the

Training Data is programmatically accessible on a continuous, twenty-four-hour basis across multiple days as needed solely to permit the Inspecting Party to run reasonable searches or other automated programs without human monitors. Should such access not be technologically or programmatically feasible, the Parties shall confer regarding the Inspecting Party's request to identify reasonable alternatives. For the avoidance of doubt, this provision does not require the Producing Party to provide continuous, twenty-four-hour access for human review of the Training Data.

6. The Producing Party shall notify counsel for the Inspecting Party when the Producing Party makes any new production of Training Data and makes such Training Data available to the Inspecting Party for inspection. After receipt of such notice, the Inspecting Party shall provide counsel for the Producing Party at least two (2) business days' written notice of its intent to inspect the Training Data, which notice shall include the names of all individuals who will review the Training Data. The Parties agree to work together in good faith to timely notice, and reasonably accommodate, an inspection if a shorter notice period is reasonably necessary due to holidays or impending case deadlines (such as an expert report deadline or trial), but in no case with less than one (1) day's notice. The Producing Party may reasonably extend such periods due to technical issues related to the inspection computer or review platform, upon notice to the Inspecting Party and subject to conferral regarding any such necessary extension.

7. By virtue of entering this Inspection Protocol, the Producing Party does not waive, and expressly reserves, its rights to object as to relevance, materiality, propriety, proportionality, and admissibility of Training Data under Federal Rule of Civil Procedure 26.

8. Training Data designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order entered in this Action (Dkt. 116) may, at the Producing Party's election, be made available for inspection pursuant to this Inspection Protocol. All parties maintain the right to challenge the confidentiality designation (or oppose a challenge to the confidentiality designation) of Training Data. Any challenge to the confidentiality designation of Training Data or portions thereof shall be governed by procedures under the Protective Order. The

Inspecting Party must limit the disclosure of Training Data designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to only those authorized to view such information under the Protective Order in this Action.

9. Nothing in this Inspection Protocol shall alter or change in any way the requirements of the Protective Order entered in this Action. In the event of any conflict, however, this Inspection Protocol shall control inspection of any Training Data designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10. Training Data designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may, at the Producing Party's election, be produced for inspection and review subject to the following provisions:

a. Training Data shall be made available to the Inspecting Party's outside counsel and/or experts in a secure room on a secured computer ("Training Data Computer"), without Internet access or network access to other unauthorized computers or devices.[1] The Training Data Computer will contain a file that provides a directory of the Training Data and brief descriptions of layout, format, and searching. This file should allow the Inspecting Party to identify the sources of the underlying Training Data and should explain the methods provided by the Producing Party for reviewing the Training Data as produced for inspection.

b. The Producing Party shall install tools that are sufficient for viewing and searching the Training Data made available for inspection. Any data made available for inspection will be in its native format, as it is used during the normal course of business, when practicable. To the extent the Producing Party cannot feasibly produce Training Data in the native format that the data is in when it is used during the ordinary course of business, the Producing Party must (a) provide notice that the data provided for inspection differs from the native format used by Apple during the ordinary course of business, and (b) explain what formatting changes have been made to the data. Plaintiffs reserve the right to seek the initial natives. The Inspecting Party may request

[1] At the Producing Party's election, the Producing Party may configure the Training Data Computer in the Producing Party's Training Data review room as a remote review platform by connecting the Training Data Computer to the internet through secure means.

additional licensed software tools and/or files reasonably necessary for review. Following the Producing Party's review of such tools and/or files, and the provision by the Inspecting Party of any necessary licenses to the Producing Party, the Producing Party's approval shall not be unreasonably withheld. The Producing Party shall install approved tools before inspection. Should such installation not be reasonably feasible prior to a noticed inspection under Paragraph 6, the Parties shall confer regarding any such necessary extension. The Parties will reasonably cooperate with each other to address any technical concerns associated with the review. The Parties shall meet and confer in a good faith effort to resolve the dispute, and if no resolution can be reached, the Inspecting Party may seek any additional relief from the Court.

c. The Producing Party shall provide the Inspecting Party with information sufficient to explain how to start, log on to, and operate the Training Data Computer in order to access the Training Data on the Training Data Computer. An individual will be available onsite to assist with technical support issues, and the Parties' outside counsel agree to remain available electronically and make reasonable efforts to attempt to resolve issues that may arise during the course of inspection.

d. No recordable media or recordable devices, including without limitation, sound recorders, computers, smart watches, smart glasses, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the secured inspection room, except the Producing Party may provide a limited-use note-taking computer at Inspecting Party's request, solely for note-taking purposes. At the end of each day of inspection, the Inspecting Party shall be able to print notes from the notetaking computer or save them to a USB drive, under the supervision of the Producing Party.

e. The Inspecting Party's counsel and/or experts may take handwritten notes or electronic notes on the provided note-taking computer, but may not copy any Training Data itself into any notes. For the avoidance of doubt, this provision shall not prevent the Inspecting Party's counsel and/or experts from recording in their notes particular items, files, or categories of items or files contained in the Training Data. The Inspecting Party will not waive any applicable

work-product protection over their electronic notes by saving them to the note-taking computer temporarily and should not be reviewed by counsel of the Producing Party. Any notes related to the Training Data will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

f. The Producing Party may visually monitor the activities of the Inspecting Party's representatives during any inspection, but only to ensure that there is no unauthorized recording, copying, or transmission of the Training Data. Any monitoring must be conducted from outside the room where the inspection is taking place. The Producing Party will make an unmonitored breakout room with Internet access reasonably convenient to and near the secured inspection room available for use by the Inspecting Party.

g. No copies of any portion of the Training Data, or other written or electronic record of the Training Data, may leave the secured room in which the Training Data is inspected except as provided herein. Further, no other written or electronic record of the Training Data is permitted except as otherwise provided herein or as permitted under the Protective Order. The Inspecting Party may request print outs of reasonable and targeted portions of the Training Data and electronic notes taken on the note-taking computer to prepare court filings or pleadings or other papers (including a testifying expert's report) by following the procedures provided herein. For purposes of this Inspection Protocol, references to "print," "printing," or "print outs" are understood to refer to a Bates-stamped electronic production (as described in this Paragraph). To make a request, the Inspecting Party shall create a directory entitled "Print Request" and save the desired limited portions of the Training Data or notes in that directory. The beginning of each portion of Training Data the Inspecting Party wishes to print must include the filename, file path, and line numbers where the material was found in the Training Data or other information that allows for specific identification of the material. The Inspecting Party shall alert the Producing Party when it has saved the desired limited portions of the Training Data or notes in the "Print Request" directory that it requests to be printed. Upon receiving a request, the Producing Party shall Bates number, and label 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" all

requested pages. Within 5 business days from the date of request, the Producing Party shall either (i) produce electronic versions to the Inspecting Party's counsel, or (ii) inform the Inspecting Party that the Producing Party objects that the requested portions are excessive, not for a permitted purpose, and/or not justified (*see, e.g.*, Fed. R. 26(b)). In the event that the Producing Party objects, the parties shall meet and confer within 3 business days of the Producing Party's notice of its objection. If, after meeting and conferring, the Producing Party and the Inspecting Party cannot resolve the objection, the Inspecting Party shall be entitled to seek a Court resolution of whether the requested Training Data should be produced. To the extent the Inspecting Party has a right to seek production, separate and apart from any inspection, of portions of the Producing Party's Training Data, nothing in this protocol should be read to prejudice that right. The Inspecting Party shall utilize the printing option in good faith and not attempt to use it as a workaround of the Inspection Protocol.

h. All persons who will review the Producing Party's Training Data on behalf of an Inspecting Party must qualify under the Protective Order entered in this Action as an individual to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, and must sign the Non-Disclosure Agreement attached as Exhibit A to the Protective Order.

i. The Inspecting Party shall maintain all print outs of any Training Data consistent with Protective Order Paragraph 7.3.

j. Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Inspection Protocol, the Inspecting Party's counsel and/or experts shall remove all notes, documents, and all other materials from the secured inspection room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Inspecting Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

k. Other than as provided above, the Inspecting Party will not copy, remove, or otherwise transfer any Training Data from the Training Data Computer including, without limitation, copying, removing, or transferring the Training Data onto any recordable media or recordable device except in the limited ways contemplated by the procedures in paragraph 9(g) above. The Inspecting Party will not transmit any Training Data in any way from the Producing Party's facilities or the offices of the Producing Party's outside counsel of record.

11. Notwithstanding any provisions of this Inspection Protocol or the Protective Order, the Parties reserve the right to amend this Inspection Protocol either by written agreement or Order of the Court upon showing of good cause.

Dated: September 2, 2026

Respectfully submitted,

**SUSMAN GODFREY L.L.P.**

By */s/ Rohit D. Nath*

Rohit D. Nath (Bar No. 316062)
rnath@susmangodfrey.com
Eliza Finley (Bar No. 301318)
efinley@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: +1.310.789.3100

Justin A. Nelson (*pro hac vice*)
jnelson@susmangodfrey.com
Alejandra C. Salinas (*pro hac vice*)
asalinas@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: +1.713-653-7802

**KELLER ROHRBACK L.L.P.**
William K. Dreher (*pro hac vice*)
wdreher@kellerrohrback.com
Benjamin Gould (Bar No. 250630)
bgould@kellerrohrback.com
Derek W. Loeser (*pro hac vice*)
dloeser@kellerrohrback.com
Cari C. Laufenberg (pro hac vice)
claufenberg@kellerrohrback.com
Chris N. Ryder (*pro hac vice*)
cryder@kellerrohrback.com
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
Telephone: +1.206.623.1900

**BUTTERICK LAW PC**
Matthew Butterick (Bar No. 250953)
mb@buttericklaw.com
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: +1.323.968.2632

*Attorneys for Plaintiffs*

Dated: September 2, 2026

**LATHAM & WATKINS LLP**

By */s/ Nicole C. Valco*

Andrew M. Gass (Bar No. 259694)
andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)

joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
nicole.valco@lw.com
505 Montgomery St., Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
555 Eleventh St., NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendant Apple Inc.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Rohit D. Nath, attest that each of the other Signatories have concurred in the filing of this document.

By: *<u>/s/ Rohit D. Nath</u>*
Rohit D. Nath

**[PROPOSED] ORDER GRANTING STIPULATION**

**IT IS SO ORDERED.**

Dated: ______________________________

______________________________________
Hon. Ajay S. Krishnan
United States Magistrate Judge