**LATHAM & WATKINS LLP**
Andrew M. Gass (Bar No. 259694)
andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)
joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
nicole.valco@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

GRADY HENDRIX ET AL.,

Individual and Representative Plaintiffs,

v.

APPLE INC.,

Defendant.

Case No. 4:25-cv-07558-YGR

**DEFENDANT APPLE INC.'S STATEMENT IN RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER APPLE'S MATERIAL SHOULD BE SEALED (FIRST AMENDED CONSOLIDATED COMPLAINT)**

Judge: Hon. Yvonne Gonzalez Rogers

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(f)(3), Defendant Apple Inc. ("Apple") submits this statement in support of Plaintiffs' Administrative Motion to Consider Whether Apple's Material Should Be Sealed (ECF No. 132). Apple requests that the Court maintain under seal the limited portions of Plaintiffs' First Amended Consolidated Complaint ("FAC") identified below, for the reasons described here and in the accompanying Declaration of Benoit Dupin ("Dupin Decl."). Apple has limited its request to five discrete terms in three paragraphs of the FAC. Apple does not seek to seal any other portion of the FAC.

| ECF No. | Document | Portion(s) to Seal | Reasons for Sealing |
|---|---|---|---|
| 132-2 | FAC | Yellow-highlighted number in ¶ 88 | This figure reflects the non-public number of a specific type of data (books) that Apple had available to scan for the purpose of developing large language models. Disclosure would reveal the specifics of Apple's internal data-acquisition planning, timelines, and efforts, and give competitors and counterparties insight into Apple's product-development strategy, data-sourcing needs, and investments. (Dupin Decl. ¶¶ 4-5.) |
| 132-2 | FAC | Two yellow-highlighted numbers in ¶ 90 | These two figures reflect, respectively, Apple's non-public operational throughput (books scanned per day) and internal forward-looking target for scanned books. Competitors could use them to benchmark Apple's data-acquisition capacity and timeline, and vendors and licensors could use them to gain leverage in negotiations with Apple. (Dupin Decl. ¶¶ 4-5.) |
| 132-2 | FAC | Two yellow-highlighted words in ¶ 94 | These are internal names of internal Apple data-storage and data-registry systems. This information is confidential and not publicly known. Disclosing the internal names, in context, would provide insight into Apple's proprietary internal infrastructure and engineering tools, and could aid bad actors seeking to identify, locate, or target Apple systems that store sensitive data and related confidential materials. (Dupin Decl. ¶¶ 6-7.) |

## II. LEGAL STANDARD

Although there is a strong presumption in favor of access to court records, that right "is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A party seeking to seal portions of a complaint must show "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Compelling reasons exist where court files might become "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotation marks and citation omitted). Any request must also be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

## III. DISCUSSION

### A. Compelling Reasons Support Sealing The Identified Figures And Terms

Compelling reasons exist to seal the highlighted figures in paragraphs 88 and 90 of the FAC because they disclose specific, non-public information concerning the volume and pace of Apple's data acquisitions and Apple's data-acquisition goals, which Apple treats as confidential and protects as trade secrets. (Dupin Decl. ¶ 3.) Apple does not publicly disclose these figures because they reflect Apple's internal planning for acquiring data for the development of large language models, which is competitively sensitive given the centrality of such efforts to Apple's development of generative AI technology. *Id.* ¶¶ 3-4. If made public, these figures would allow competitors developing rival AI products to benchmark Apple's data-acquisition capacity and timeline, and would give vendors and potential licensors insight into Apple's needs that they could use to Apple's disadvantage in negotiations. *Id.* ¶ 5. This Court and others in this District routinely seal comparable non-public operational figures. *See, e.g., Prado v. FunPlus Int'l AG*, No. 4:22-cv-05023-YGR, Dkt. No. 133 at 2–3 (N.D. Cal. Mar. 13, 2026) (applying "compelling reasons" standard and sealing specific revenue figures in amended complaints and user counts in motion to dismiss briefing); *Davis v. HP, Inc.*, No. 4:23-cv-02114-YGR, Dkt. No. 86 at 2 (N.D. Cal. Oct. 22, 2025) (applying "compelling reasons" standard and sealing "highly sensitive business information that relates to HP's ongoing business practices"); *see also Arista Networks, Inc. v. Cisco Sys., Inc.*, No. 16-cv-

00923-BLF, 2018 WL 2010622, at *2–3, *8 (N.D. Cal. Apr. 30, 2018) (applying "compelling reasons" standard and sealing "internal development strategies"). The same is true in generative AI cases, where courts have sealed "business strategy," "generative AI model training, dataset composition" and "data . . . tracking." *In re Google Generative AI Copyright Litig.*, No. 23-cv-03440-EKL, 2026 WL 686314, at *2 (N.D. Cal. Mar. 11, 2026). Indeed, at least one court sealed the very type of information at issue here—the "volume[s]," "specific numbers of books acquired and used in specific datasets," and "numeral" of "books scanned"—because such figures have "some competitive import." *Bartz v. Anthropic PBC*, No. C 24-05417 AMO, 2026 WL 112098, at *4 (N.D. Cal. Jan. 15, 2026) (applying "compelling reasons" standard).

Compelling reasons likewise exist to seal the identified terms in paragraph 94, which are internal names of internal Apple data-storage and data-registry systems. (Dupin Decl. ¶¶ 6-7.) This information is confidential and not publicly known; Apple does not publicize these internal names. *Id.* If made public, these names in context would provide insight into Apple's proprietary internal infrastructure, allowing competitors to bypass the substantial investment Apple has made in developing these systems, and could assist third parties seeking to identify, locate, access, or target Apple systems that house sensitive data and related confidential materials. *Id.* Courts seal internal names and similar identifiers that reveal confidential information about a company's operations and technology infrastructure. *See, e.g., Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (finding compelling reasons to seal information concerning a party's "network infrastructure and security systems," which could increase the risk of cyberattack); *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC-TSH, Dkt. No. 393 (N.D. Cal. Jan. 14, 2025) (docket text order (Dkt. No. 393) granting motion to seal (Dkt. No. 391) proprietary information in exhibits to motion to amend complaint whose public disclosure increases cybersecurity concerns under "compelling reasons" and "good cause" standards); *TransPerfect Global, Inc. v. MotionPoint Corp.*, No. 10-cv-2590, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) (applying "compelling reasons" standard and sealing "proprietary information concerning [movant's] technology and internal business operations"); *cf. Apple Inc. v. Chen Shi*, No. 25-CV-07105-EKL (VKD), 2026 WL 1395939, at *1 n.1 (N.D. Cal. May 18, 2026) (sealing

documents that "refer to Apple's . . . internal projects and code names" under "good cause" standard); *BofI Fed. Bank v. Erhart*, No. 15-cv-02353-BAS, 2016 WL 4595536, at *2-3 (S.D. Cal. June 22, 2016) (applying "good cause" standard and sealing file names that revealed confidential information regarding business operations and technology infrastructure).

### B. Apple's Request Is Narrowly Tailored

Apple's request is narrowly tailored and seeks to seal only five figures and terms. Apple does not seek to seal the substance of Plaintiffs' allegations: the public version of the FAC alleges that Apple had a book-scanning program, the program's name, its general timing, and the existence and general nature of Apple's data repositories. *See, e.g.*, FAC ¶¶ 4, 88-95. Redacting only the specific figures and system names leaves the public fully able to understand Plaintiffs' claims and the Court's eventual rulings, while protecting Apple from the competitive and security harms described above. No less restrictive alternative would suffice, because disclosing the figures or names themselves is the harm Apple seeks to avoid. (Dupin Decl. ¶ 8.)

## IV. CONCLUSION

For these reasons, Apple respectfully requests that the Court order that the above-identified portions of the FAC remain under seal.

Dated: November 9, 2026

**LATHAM & WATKINS LLP**

By <u>*/s/ Nicole C. Valco*</u>

Andrew M. Gass (Bar No. 259694)
andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)
joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
nicole.valco@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendant Apple Inc.*